ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
JESSICA A. WOOD - State Bar No. 269562
jwood@glaserweil.com
GLASER WEIL FINK JACOBS
  HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for Plaintiffs
*John T. Fodor, Gus T. Dalis and*
*Susan C. Giarratano Russell*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JOHN T. FODOR, an individual; GUS T. DALIS, an individual; and SUSAN C. GIARRATANO RUSSELL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>LORI VOLLANDT, an individual; TIMOTHY KORDIC, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: CV12-08090 DMG (CWx)<br><br>Hon. Dolly M. Gee<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>DATE:    February 28, 2014<br>TIME:    3:00 p.m.<br>ROOM:    7<br><br>TRIAL DATE: May 6, 2014 |

# TABLE OF CONTENTS

Page

Page

I. INTRODUCTION ................................................................................................1

II. STATEMENT OF UNDISPUTED MATERIAL FACTS ...............................3

III. ARGUMENT ......................................................................................................5

    A. Defendants Should be Held Liable for Copyright Infringement Because They Distributed Identical or Substantially Similar Copies of the Books to Over 400 People Without Authorization. ........5

        1. Plaintiffs Own the Copyrights to the Books. .............................6

        2. Defendants Infringed Plaintiffs' Copyrights in the Books. .........7

            a. Defendants Had Access to Plaintiffs' Books. ..................7

            b. Defendants Distributed Identical or Substantially Similar Copies of Plaintiffs' Books. ...............................8

    B. Defendants Should be Held Liable for Contributory Copyright Infringement Because They Materially Contributed to the Infringing Conduct of Others. ............................................................12

    C. Plaintiffs are Entitled to Statutory Damages. ......................................13

    D. Defendants' Infringement was Willful. ...............................................14

IV. CONCLUSION ................................................................................................15

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*A&M Records, Inc. v. Napster, Inc.*,
  239 F.3d 1004 (9th Cir. 2001) .................................................................................. 12

*Benay v. Warner Bros. Entm't, Inc.*,
  607 F.3d 620 (9th Cir. 2010) ..................................................................................... 8

*Cavalier v. Random House, Inc.*,
  297 F.3d 815 (9th Cir. 2002) ..................................................................................... 8

*Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*,
  106 F.3d 284 (9th Cir. 1997) ................................................................................... 14

*Feltner v. Columbia Pictures Television, Inc.*,
  523 U.S. 340 (1998) .................................................................................................. 14

*Fonovisa, Inc. v. Cherry Auction, Inc.*,
  76 F.3d 259 (9th Cir.1996) ...................................................................................... 12

*Funky Films, Inc. v. Time Warner Entm't Co.*,
  462 F.3d 1072 (9th Cir. 2006) ................................................................................... 6

*Kouf v. Walt Disney Pictures & Television*,
  16 F.3d 1042 (9th Cir. 1994) ..................................................................................... 8

*L.A. Printex Indus., Inc. v. Aeropostale, Inc.*,
  676 F.3d 841 (9th Cir. 2012) ..................................................................................... 8

*Marcus v. Rowley*,
  695 F.2d 1171 (9th Cir. 1983) ................................................................................. 12

*Matthew Bender & Co. v. West Publ'g Co.*,
  158 F.3d 693 (2d Cir. 1998)..................................................................................... 12

*Peer Int'l Corp. v. Pausa Records, Inc.*,
  909 F.2d 1332 (9th Cir. 1990) ................................................................................. 14

*Phillips v. Beck*,
  2008 U.S. Dist. LEXIS 29039 (D. Haw. Apr. 9, 2008)............................................. 7

*Range Rd. Music, Inc. v. E. Coast Foods, Inc.*,
  668 F.3d 1148 (9th Cir. 2012) ............................................................................. 5, 7

*Seiler v. Lucasfilm, Ltd.*,
  808 F.2d 1316 (9th Cir. 1987) ................................................................................... 6

*Three Boys Music Corp. v. Bolton*,
    212 F.3d 477 (9th Cir. 2000) .................................................................................... 7

*Warren v. Fox Family Worldwide, Inc.*,
    328 F.3d 1136 (9th Cir. 2003) .................................................................................. 6

### **FEDERAL STATUTES**

17 U.S.C. § 101 .................................................................................................................. 8

17 U.S.C. § 106 .................................................................................................................. 6

17 U.S.C. § 410(c) ............................................................................................................. 6

17 U.S.C. § 412 ................................................................................................................ 13

17 U.S.C. § 501 ........................................................................................................... 1, 15

17 U.S.C. § 501(b) ............................................................................................................. 6

17 U.S.C. § 504 .................................................................................................................. 1

17 U.S.C. § 504(c)(1) ...................................................................................................... 13

17 U.S.C. § 504(c)(2) ...................................................................................................... 14

Fed. R. Civ. P. 56(a) .......................................................................................................... 5

### **OTHER AUTHORITIES**

5 Nimmer on Copyright § 14.04[B][3][a] (2013) ......................................................... 14

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs John T. Fodor ("Fodor"), Gus T. Dalis ("Dalis") and Susan C. Giarratano Russell ("Russell") (collectively, "Plaintiffs") move for partial summary judgment as to Defendants Lori Vollandt ("Vollandt") and Timothy Kordic's ("Kordic") (collectively, "Defendants") liability for Copyright Infringement and Contributory Copyright Infringement under 17 U.S.C. § 501 *et seq*.

Plaintiffs also move for partial summary judgment that they are entitled to statutory damages under 17 U.S.C. § 504, should they so elect, and that Defendants' infringement was willful.

## I.      INTRODUCTION

This is a straightforward case of willful copyright infringement by Defendants Vollandt and Kordic.  Plaintiffs are the authors and owners of copyrights in a series of innovative and informative publications related to health instruction, including *Health Instruction in Schools, Planning, Implementing and Evaluating* (the "Current Edition"), *Health Instruction: Theory and Application for Community, School, Health Care and Workplace Settings, Sixth Edition* (the "Sixth Edition"), *Health Instruction: Theory and Application, Fourth Edition* (the "Fourth Edition") and *Health Instruction: Theory and Application, Third Edition* (the "Third Edition") (the Sixth Edition, Fourth Edition, and Third Edition will be referred to as the "Previous Editions" and the Previous Editions and the Current Edition will be collectively referred to as the "Books").[1]  The Books are a critical resource for students and educators engaged in planning, implementing, and evaluating relevant and systematic health education and instruction at the elementary, middle, and high school levels.

Defendant Vollandt is the coordinator and Defendant Kordic is the project advisor for the Los Angeles Unified School District ("LAUSD") Health Education

---

[1] Plaintiffs Fodor and Dalis are also authors and owners of the First Edition and Second Edition, and Plaintiffs Fodor, Dalis and Russell are the authors and owners of the Fifth Edition, which are not at issue here.

Programs.  As veteran employees of a sophisticated educational organization, Defendants are certainly aware of the protections afforded to books and other educational material under the Copyright Act.  Indeed, Defendant Vollandt is even a registered copyright owner herself.  Despite their substantial experience in this industry, on June 12, 2012, Defendants Vollandt and Kordic ignored the copyright notice printed on the Current Edition and intentionally reproduced and distributed unauthorized copies of the Current Edition via email to a LAUSD Listserv list of over 400 recipients.  Notably, Defendants admit that they copied and distributed the Current Edition without Plaintiffs' authorization.

As if that were not enough, even after one of the recipients of Defendants' email informed them in writing that the authors had not given any permission to them to distribute the Current Edition, Defendants still emailed it to someone else just a few days later.

Defendants distributed an exact copy, page for page, of the Current Edition. And the Current Edition is a quintessential derivative work of the Previous Editions. Each Edition contains the same basic structure and general content, with some material merely being added, deleted, or revised as new research and information regarding health education evolved over time.

Accordingly, as there is no question that Defendants' intentional and unauthorized reproduction and distribution of the Current Edition infringes Plaintiffs' copyrights in the Books, Defendants should be held liable for willful copyright and contributory copyright infringement.  In addition, because each of the Previous Editions was registered with the U.S. Copyright Office prior to Defendants' infringement, this Court should hold that Plaintiffs are entitled to recover statutory damages for each work, should they so elect.  Lastly, because Defendants knowingly and intentionally distributed the Current Edition without authorization, Defendants' infringement should be deemed willful as a matter of law.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiffs Fodor, Dalis, and Russell are the authors and registered owners of the copyrights to the Current Edition, which was registered with the U.S. Copyright Office on June 26, 2012.  Separate Statement of Undisputed Facts ("UF") 1.  The Current Edition is sold on Booklocker.com in hardcopy for $49.95 and in electronic form for $22.95.  UF 2.  It is also sold on Barnes & Noble.com, Amazon.com, and Textbooks.com.  UF 2.  The Current Edition is clearly marked, "Copyright © 2010" and states, "No part of this publication may be reproduced . . . or transmitted in any form or by any means, electronic . . . or otherwise, without the prior written permission of the author."  UF 3.

Plaintiffs Fodor, Dalis, and Russell are also the authors and owners of the Sixth Edition.  UF 4.  On June 21, 2002 Kendall/Hunt Publishing Company registered the Sixth Edition with the U.S. Copyright Office.  UF 5.  It then assigned the copyrights to Plaintiffs on October 2, 2007.  UF 6.  The Sixth Edition is sold on at least Amazon.com and Barnes&Noble.com, and it is clearly marked, "Copyright © 2002." UF 7.

Plaintiffs Fodor and Dalis are also the authors and owners of the Fourth Edition and the Third Edition.  UF 8.  Lea & Febiger publishing company registered the Fourth Edition and the Third Edition with the U.S Copyright Office on July 3, 1989 and March 10, 1981, respectively.  UF 9.  Lea & Febiger later became Williams & Wilkins, which then assigned all copyrights to Fodor and Dalis on December 20, 1999.  UF 10.  The Fourth Edition and the Third Edition are sold on Amazon.com, Barnes & Noble.com, and Textbooks.com, and they are clearly marked "Copyright © 1989" and "Copyright © 1981" respectively.  UF11.

Plaintiffs Fodor and Dalis are also authors and owners of the First Edition and Second Edition, and Plaintiffs Fodor, Dalis and Russell are the authors and owners of the Fifth Edition, which are not at issue here.  UF 25.

Each of the Previous Editions contains the same basic structure and general

content as the Current Edition, with material being added, deleted, or revised as new research and information regarding health education evolved over time.  UF 12.

Defendant Vollandt is the coordinator of the LAUSD Health Education Programs.  UF 13.  Defendant Kordic is a Project Advisor for the LAUSD Health Education Programs, HIV/AIDS Prevention Unit.  UF 14.  LAUSD has issued numerous guidelines on copyright law and expressly prohibits the unauthorized copying or distribution of copyrighted materials.  UF 15.  LAUSD has also published an Acceptable Use Policy ("AUP") for District Computer and Network Systems, which mandates, *inter alia*, "[v]iolating any state or federal law or municipal ordinance, such as: [a]ccessing or transmitting . . . copyrighted materials" is an unacceptable use of the computer network or internet.  UF 16.  LAUSD's website conspicuously states, "All uses of the [LAUSD] computer and network systems by students, employees, contractors, and others are subject to the LAUSD's [AUP]."  UF 17.  Defendant Vollandt is also a registered copyright owner.  UF 26.

As Defendant Vollandt admits, on June 12, 2012 she emailed a copy of the Current Edition to Defendant Kordic and instructed him to distribute the Current Edition to the LAUSD Listserv mailing list.  UF 18.  That same day, Kordic distributed the Current Edition to the LAUSD Listserv mailing list, which included over 400 email addresses of health instructors and other people related to the health education industry.  UF 19. In his email, Kordic stated:

> Hi, Health Teachers –
> Hope you are doing well this week.
> I wanted to provide this resource that I think is very crucial to how health instruction is planned in schools.  It has some great background information, but it also explains some key strategies and how to use them most effectively.

UF 20.

When Kordic was asked by one of the recipients of his email whether he had purchased the rights to the Current Edition, Kordic responded:

> It was provided to me by my supervisor Lori Vollandt, who emailed it to me to send out. I had nothing to do with it. When your boss tells you to do something, you do it. Regardless, it is a good resource. Not sure how she got it, but I am assuming it is legit.

UF 21.

In response, the recipient informed Kordic via email that "the authors have given no copyright release for LAUSD or anyone else to circulate the book in this manner." UF 22. Nevertheless, the very next day after Kordic attempted to avoid liability by claiming he had "nothing to do with it," he emailed another copy of the Current Edition, on his own volition, to someone else.[2] UF 23. As Defendants admit, neither of them ever received any permission to copy or distribute the Current Edition. UF 24.

## III. ARGUMENT

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P., Rule 56(a). As will be demonstrated below, Defendants knowingly and intentionally distributed an exact copy of the Current Edition and a substantially similar copy of the Previous Editions to over 400 people without authorization. Defendants should therefore be held liable for direct and contributory copyright infringement. In addition, this Court should hold that that Plaintiffs are entitled to statutory damages, and that Defendants' infringing conduct was willful.

### A. Defendants Should be Held Liable for Copyright Infringement Because They Distributed Identical or Substantially Similar Copies of the Books to Over 400 People Without Authorization.

To establish copyright infringement, a plaintiff "must demonstrate '(1)

---

[2] This "someone else" was actually Plaintiff Russell, who upon learning of Defendants' unauthorized distribution of the Current Edition, requested a copy under the guise of a substitute teacher looking for health education material.

ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1153-54 (9th Cir. 2012) (quoting *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006). "The word 'copying' is shorthand for the infringing of any of the copyright owner's six exclusive rights, [such as the right (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; or (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending.]" *Id.*; *see also* 17 U.S.C. § 106.

### 1.   **Plaintiffs Own the Copyrights to the Books.**

"Section 410(c) makes the copyright certificate prima facie evidence of 'the validity of the copyright and of the facts stated in the certificate.'" *Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316, 1321 (9th Cir. 1987) (quoting 17 U.S.C. § 401(c)). Plaintiffs Fodor, Dalis, and Russell are the authors and registered owners of the copyrights to the Current Edition, which was registered with the U.S. Copyright Office on June 26, 2012. UF 1. Accordingly, Plaintiffs' ownership and the validity of the copyrights to the Current Edition are presumed.

Plaintiffs Fodor, Dalis, and Russell are also the authors and owners of the Sixth Edition. UF 4. On June 21, 2002 Kendall/Hunt Publishing Company registered the Sixth Edition with the U.S. Copyright Office. UF 5. It then assigned the copyrights to Plaintiffs on October 2, 2007. UF 6. Accordingly, Plaintiffs' ownership and the validity of the copyrights to the Sixth Edition are presumed.

Plaintiffs Fodor and Dalis are also the authors and owners or beneficial owners of the Fourth Edition and the Third Edition. UF 8. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1144 (9th Cir. 2003) ("[a] 'beneficial owner' for this purpose would include, for example, an author who had parted with legal title to the copyright in exchange for percentage royalties based on sales or license fees."); *see also* 17 U.S.C. § 501(b). Lea & Febiger publishing company registered the Fourth

6

Edition and the Third Edition with the U.S Copyright Office on July 3, 1989 and March 10, 1981, respectively. UF 9. Lea & Febiger later became Williams & Wilkins, which then assigned all copyrights to Fodor and Dalis on December 20, 1999. UF 10. Accordingly, Plaintiffs' ownership and the validity of the copyrights to the Fourth Edition and the Third Edition are presumed.

### 2. **Defendants Infringed Plaintiffs' Copyrights in the Books.**

"[P]roof of infringement involves fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'" *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000); *see also Range Rd. Music*, 668 F.3d at 1153-54.

#### a. **Defendants Had Access to Plaintiffs' Books.**

Proof of access requires a "reasonable opportunity" or "reasonable possibility" of viewing or copying the plaintiff's work. *Three Boys,* 212 F.3d at 482. Reasonable access can be proven by establishing the plaintiff's work has been widely disseminated. *Id.*; *see also Phillips v. Beck*, 2008 U.S. Dist. LEXIS 29039, at *5 (D. Haw. Apr. 9, 2008) (defendant had a reasonable opportunity to view plaintiff's book because it was placed on the internet before defendant published the allegedly infringing work).

Here, Defendants admit that they had access and distributed the Current Edition via email to the LAUSD Listserv mailing list. UF 18-19. In addition, there is a reasonable possibility that Defendants viewed the Previous Editions because Defendants are the coordinator and the project advisor for LAUSD's Health Education Programs, and the Previous Editions are a crucial resource on how health instruction is planned in schools. UF 13-14, 20. Defendants also had a reasonable opportunity to view the Previous Editions because each Edition has been widely disseminated through major online retailers including Amazon.com, Barnes&Noble.com, and Textbooks.com. UF 7, 11. Accordingly, Defendants' have had access to the Books.

7

### b. Defendants Distributed Identical or Substantially Similar Copies of Plaintiffs' Books.

To determine substantial similarity, courts in this circuit apply a two-part test. *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 848 (9th Cir. 2012). "The 'extrinsic test' is an 'objective comparison of specific expressive elements'; it focuses on the 'articulable similarities' between the two works." *Id.* (quoting *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002)). "The 'intrinsic test' is a subjective comparison that focuses on 'whether the ordinary, reasonable audience' would find the works substantially similar in the total concept and feel of the works." *Id.* (quoting *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994)). "Under the 'inverse ratio' rule, if a defendant had access to a copyrighted work, the plaintiff may show infringement based on a lesser degree of similarity between the copyrighted work and the allegedly infringing work." *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 625 (9th Cir. 2010).

As Defendant Vollandt admits, on June 12, 2012, she emailed a copy of the Current Edition to Defendant Kordic and instructed him to distribute it to the LAUSD Listserv mailing list. UF 18. That same day, Kordic distributed the Current Edition to the LAUSD Listserv mailing list, which included over 400 email addresses of health instructors and other people related to the health education industry. UF 19.

A copy of Current Edition distributed by Defendants is attached to the Van Loon Declaration as Exhibit 12. Copies of the effective copyright registration deposits for the Current Edition, Sixth Edition, Fourth Edition, and Third Edition are attached to the Fodor Declaration as Exhibits 1, 2, 3, and 4, respectively. As can be seen, the Current Edition distributed by Defendants and the Current Edition's copyright registration deposit are not merely substantially similar – *they are identical*.

In addition, each of the Previous Editions contains the same basic structure and content substance as the Current Edition, with some material merely being added, deleted, or revised as new research and information regarding health education

evolved over time. UF 12. As a result, the Current Edition is a quintessential derivative work of each of the Previous Editions. *See* 17 U.S.C. § 101 ("A work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship, is a 'derivative work'.").

The "Preface" of each Edition provides an accurate representation of the substantial similarities between each Edition. For example, the Preface of the Third Edition states in relevant part:

> The book is based on the premise that a means for making rational decisions about the development of health instruction is necessary, and that a rationale based on inquiry into the curriculum development process can serve as a means for making these decisions. Such a rationale should not be considered a recipe or prescription but should serve as a point of departure for productive and creative efforts to upgrade health instruction and give direction to those responsible for its development and implementation (administrators, supervisors, coordinators, teachers, and resource personnel). When logical considerations are given to each phase of instruction and curriculum development, the result will be a closely integrated and viable health instruction program.
> The following questions are offered as a rationale for developing and implementing health instruction and serve as the basis for this text.
> - How do current points of view concerning health education and the school health program affect health instruction (Chap. 1)?
> - How should the content of health instruction be selected (Chap. 2)?
> - How should health knowledge be structured for health instruction (Chap. 3)?
> - How should the goals and objectives of health instruction be formulated (Chap. 4)?
> - What learning opportunities should be developed and utilized to attain the objectives of health instructions (Chap. 5)?
> - How should health instruction be organized (Chap. 6)?
> - What should be considered in evaluating health instructions (Chap. 7)?
> - What should be the competencies of those teaching in health education (Chap. 8)?

UF 8 (*See* Fodor Decl., ¶ 4, Ex. 4 at FODOR000994-995).

Similarly, the Preface of the Fourth Edition states in relevant part:

> Beginning with the first edition, the text has been based on the premise that a process for making effective decisions about the development of health instruction is necessary, and that a rationale based on inquiry into curriculum development can serve as the process for making these decisions.  Such a rationale should not be considered a recipe or prescription but should serve as a point of departure for productive and creative efforts to upgrade health instruction and give direction to those responsible for its development and implementation.
> The following questions are offered as a rationale for making effective decisions about the development and implementation of health instruction and serve as the basis for this text.
> - How do points of view concerning health and education influence health instruction (see Chapter 1)?
> - How should the content of health instruction be determined (see Chapter 2)?
> - How should the knowledge for health instruction be structured (see Chapter 3)?
> - How should the goals and objective of health instruction be formulated (see Chapter 4)?
> - What teaching strategies should be utilized to attain the objectives of health instruction (see Chapter 5)?
> - How should health instruction be organized (see Chapter 6)?
> - What should be considered in evaluating health instruction (see Chapter 7)?
> - What should be the competencies of those teaching health (see Chapter 8)?

UF 8 (*See* Fodor Decl., ¶ 3, Ex. 3 at FODOR000900).

Likewise, the Preface of the Sixth Edition states in relevant part:

> This text has been based on the premise that a process for making effective decisions about the development and implementation of health instruction is necessary, and that a rationale is based on inquiry into curriculum development can serve as the process for making these decisions.  Such a rationale should not be considered a recipe or prescription but should serve as a point of departure for productive and creative efforts to enhance health instruction and give direction to those responsible for its development and implementation.  The following

questions are offered as the rationale for making effective decisions about the development and implementation of health instruction and serve as a basis for this text.
1. How do points of view influence the planning and implementation of health instruction? (Chapter 1)
2. How should the content of health instruction be determined? (Chapter 2)
3. How should the vast amount of knowledge for health instruction be synthesized? (Chapter 3)
4. How should the goals/standards and objectives of health instruction be formulated? (Chapter 4)
5. What instructional strategies and teaching techniques should be utilized to attain health instruction learner objectives? (Chapter 5)
6. How should health instruction curriculum be organized? (Chapter 6)
7. What should be considered in evaluating health instruction? (Chapter 7)
8. What should be the competencies of those responsible for health instruction? (Chapter 8)

UF 4 (*See* Fodor Decl., ¶ 2, Ex. 2 at FOD003650).

Finally, the Preface of the Current Edition states in relevant part:

The book is grounded on the premise that a process for making effective decisions about the development, implementation, and evaluation of school health instruction is necessary. A rationale based on inquiry into curriculum development can serve as the process for making these decisions. Such rationale can serve as a point of departure to enhance and give direction to school health instruction. The following questions are offered as this rationale:
1. How do points of view influence the planning and implementation of school health instruction (Chapter 1)?
2. How should the content of school health instruction be determined (Chapter 2)?
3. How should the vast amount of knowledge for school health instruction be structured (Chapter 3)?
4. How should the goals, standards, and objectives of school health instruction be formulated (Chapter 4)?
5. How should health lessons be developed and implemented (Chapter 5)?
6. What learning opportunities are available for use in health instruction (Chapter 6)?
7. How should school health instruction be organized (Chapter 7)?
8. What should be considered in evaluating both school health education and instruction (Chapter 8)?

UF 1 (*See* Fodor Decl., ¶ 1, Ex. 1 at FOD003097).  A chart of additional examples of the substantial similarities between the Current Edition and each of the Previous Editions is provided as Exhibit 7 to the Fodor Declaration.

As can be seen, the same basic structure and articulated subject matter and rationale is used throughout each Edition.  Furthermore, in light of the high degree of similarity and the derivative nature of each Edition, there is no question that an ordinary, reasonable audience would find the Books substantially similar in their total concept and feel.  *See, e.g., Marcus v. Rowley*, 695 F.2d 1171, 1179 (9th Cir. 1983) (reversing district court's decision, granting summary judgment against defendant school teacher for copyright infringement of educational materials, and remanding case for determination of damages).  Accordingly, Defendants should be held liable for copyright infringement of each of the Books.

### B. Defendants Should be Held Liable for Contributory Copyright Infringement Because They Materially Contributed to the Infringing Conduct of Others.

"One who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer.'" *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019 (9th Cir. 2001) (citing *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir.1996)).  "Put differently, liability exists if the defendant engages in 'personal conduct that encourages or assists the infringement.'" *Id.* (quoting *Matthew Bender & Co. v. West Publ'g Co.*, 158 F.3d 693, 706 (2d Cir. 1998)).

The Current Edition is clearly marked, "Copyright © 2010" and states, "No part of this publication may be reproduced . . . or transmitted in any form or by any means, electronic . . . or otherwise, without the prior written permission of the author."  UF 3.  Despite this fact, Defendant Vollandt emailed a copy of the Current Edition to Defendant Kordic and instructed him to distribute it to the LAUSD Listserv

12

mailing list. UF 18. That same day, Kordic distributed the Current Edition to the LAUSD Listserv mailing list, which included over 400 email addresses of health instructors and other people related to the health education industry. UF 19. In his email, Kordic stated:

> Hi, Health Teachers –
> Hope you are doing well this week.
> I wanted to provide this resource that I think is very crucial to how health instruction is planned in schools. It has some great background information, but it also explains some key strategies and how to use them most effectively.

UF 20.

Vollandt knowingly induced, caused, and materially contributed to Kordic's infringement when she emailed a copy of the Current Edition to him and instructed him to distribute it. In addition, Kordic knowingly induced, caused, and material contributed to further infringement by any of the 400+ recipients of his email by providing it in an easily distributable electronic format and promoting the use of the copyrighted material to "Health Teachers" as "very crucial to how health instruction is planned in schools" with "great background information" and "key strategies." Accordingly, Defendants Vollandt and Kordic should be held liable for contributory copyright infringement.

### C. **Plaintiffs are Entitled to Statutory Damages.**

Section 504(c)(1) of the Copyright Act states:

> [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.

The only relevant limitation on this entitlement to statutory damages is Section

13

412 of the Copyright Act, which states:

> [N]o award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for . . . (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

Based on the evidence revealed to date, the undisputed facts indicate that Defendants' infringement commenced on June 12, 2012, when they distributed the Current Edition to the LAUSD Listserv mailing list. UF 18-19. The Third Edition, Fourth Edition, and Sixth Edition were registered with the U.S. Copyright Office in 1981, 1989, and 2002, respectively. UF 5, 9. Accordingly, because each of the Previous Editions were registered prior to the commencement of Defendants' infringement, this Court should hold that Plaintiffs are entitled to recover statutory damages, should they so elect.

### D. Defendants' Infringement was Willful.

"In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). "Willful" within the meaning of § 504(c)(2) means "with knowledge that the defendant's conduct constitutes copyright infringement." *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 293 (9th Cir. 1997) (rev'd on other grounds sub nom. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998)) (quoting *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335 n.3 (9th Cir. 1990)); *see also* 5 Nimmer on Copyright § 14.04[B][3][a] (2013). "To refute evidence of willful infringement, [the defendant] must not only establish its good faith belief in the innocence of its conduct, it must also show that it was reasonable in holding such a belief." *Id.* (quoting *Peer Int'l Corp.*, 909 F.2d at 1336). When a copyright notice appears on a published work, "no weight shall be given to . . . a defense based on innocent infringement." 17 USC §

14

401(c).

The Current Edition is clearly marked, "Copyright © 2010" and states, "No part of this publication may be reproduced . . . or transmitted in any form or by any means, electronic . . . or otherwise, without the prior written permission of the author." UF 3. In addition, LAUSD has issued numerous guidelines on copyright law and expressly prohibits the unauthorized copying or distribution of copyrighted materials. UF 15. LAUSD has also published an Acceptable Use Policy ("AUP") for District Computer and Network Systems, which mandates, *inter alia*, "[v]iolating any state or federal law or municipal ordinance, such as: [a]ccessing or transmitting . . . copyrighted materials" is an unacceptable use of the computer network or internet. UF 16. LAUSD's website conspicuously states, "All uses of the [LAUSD] computer and network systems by students, employees, contractors, and others are subject to the LAUSD's [AUP]." UF 17. And Defendant Vollandt is even a registered copyright owner herself. UF 26. As a coordinator and a project advisor for the LAUSD Health Education Programs, Defendants were certainly aware of the protections afforded by the Copyright Act and the prohibition of mass distribution of copyrighted educational materials like the Current Edition.

Despite this fact, Defendants distributed the Current Edition to the LAUSD Listserv mailing list, which included over 400 email addresses of health instructors and other people related to the health education industry. UF 18-19. And as if that were not enough, even after one of the recipients of Defendants' email expressly informed them that "the authors have given no copyright release for LAUSD or anyone else to circulate the book in this manner," Defendants still distributed at least one more copy to someone else just a few days later. UF 23. Such reckless disregard for Plaintiffs' rights should not be permitted. Defendants' conduct should be deemed willful as a matter of law.

## IV.  CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully requests that this Court

15

grant partial summary judgment as to Defendants' liability for Copyright Infringement and Contributory Copyright Infringement under 17 U.S.C. § 501, *et seq*. Plaintiffs further request this Court to hold that Plaintiffs are entitled to recover statutory damages, should they so elect, and that Defendants' infringement was willful.

DATED: January 3, 2014          Respectfully submitted,

                                              GLASER WEIL FINK JACOBS
                                                 HOWARD AVCHEN & SHAPIRO LLP

                                             By: */s/ Erica Van Loon*
                                             ERICA J. VAN LOON
                                             JESSICA A. WOOD
                                                Attorneys for Plaintiffs
                                                *John T. Fodor, Gus T. Dalis and*
                                                *Susan C. Giarratano Russell*