1   **BAUTE CROCHETIERE & GILFORD LLP**
    MARK D. BAUTE - **State Bar No. 127329**
2   mbaute@bautelaw.com
    LAURA E. ROBBINS – **State Bar No. 234652**
3   lrobbins@bautelaw.com
    777 South Figueroa Street, Suite 4900
4   Los Angeles, California 90017
    Telephone: (213) 630-5000
5   Facsimile: (2130 683-1225

6

7   Attorneys for Defendants
    TIMOTHY KORDIC and LORI VOLLANDT

8                **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

10

11  JOHN T. FODOR, an individual; GUS        **Case No. CV12-08090 DMG (CWx)**
    T. DALIS, an individual; and SUSAN       [Assigned for the All Purposes to Hon.
12  C. GIARRATANO RUSSELL, an                Dolly M. Gee]
    individual,
13                                           Complaint Filed: September 19, 2012
                Plaintiffs,
14                                           **DEFENDANTS TIMOTHY**
         v.                                  **KORDIC AND LORI**
15                                           **VOLLANDT'S NOTICE OF**
    LOS ANGELES UNIFIED SCHOOL               **MOTION AND MOTION FOR**
16  DISTRICT, a public entity; LORI          **PARTIAL SUMMARY**
    VOLLANDT, an individual;                 **JUDGMENT AND/OR SUMMARY**
17  TIMOTHY KORDIC, an individual;           **ADJUDICATION; AND**
    and DOES 1 through 10, inclusive.        **MEMORANDUM OF POINTS AND**
18                                           **AUTHORITIES IN SUPPORT**
                Defendants.                  **THEREOF**
19

20                                           **Hearing**
21                                           **DATE:**            **February 28, 2014**
                                             **TIME:**            **3:00 p.m.**
22                                           **COURTROOM:**    **7**

23                                           Trial Date:  May 6, 2014
                                             PTC Date:    April 8, 2014
24

25

26

27

28

---

**DEFTS NOTICE OF MOT. AND MOT. FOR PARTIAL SUMMARY JUDGMENT AND OR
SUMMARY ADJUDICATION; AND MEMO OF P&A's IN SUPPORT THEREOF**

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on February 28, 2014 at 3:00 p.m. Courtroom 7, or as soon thereafter as the matter may be heard in the courtroom of Honorable Dolly M. Gee, located at 312 N. Spring Street, Los Angeles, California 90012, Defendants Dr. Lori Vollandt and Timothy Kordic will and hereby do move this Court for an order granting summary judgment and/or summary adjudication in favor of Defendant and against Plaintiffs John Fodor, Gus Dalis, and Susan Giarratano Russell ("Plaintiffs") and for costs of suit incurred herein and such other relief as may be just; or alternatively, if summary judgment cannot be had, for an order granting summary adjudication as to the following issues:

**ISSUE NO. 1:**  Plaintiffs are not entitled to statutory damages (for either willful or non-willful infringement) or attorney's fees for alleged infringement of the Work.

**ISSUE NO. 2:**  Defendants did not willfully infringe Plaintiffs' copyright in the Work as a matter of law.

**ISSUE NO. 3:**  Defendants Kordic and Vollandt did not directly infringe the copyrights in the Third, Fourth, and Sixth Editions.

**ISSUE NO. 4:**  The Third, Fourth, And Sixth Editions have not been infringed because of their incorporation into the Work.

**ISSUE NO. 5:**  Defendants did not willfully infringe Plaintiffs' copyright in Third, Fourth, and Sixth Editions as a matter of law.

**ISSUE NO. 6:**  Defendants Lori Vollandt and Timothy Kordic did not contributorily infringe the copyrights in the Work, or the Third, Fourth, or Sixth Editions.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Separate Statement of Undisputed Material Facts, the Declarations of Laura E. Robbins, Lori Vollandt, and Timothy Kordic, the pleadings and papers on file herein, and on such other and further argument as the

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

1    Court may consider at the hearing on this matter.  This motion is made following

2    the conference of counsel pursuant to Local Rule 7-3 which took place on

3    December 18, 2013, at which the parties discussed both the substance and the

4    timing of this Motion.

5

                                    Respectfully submitted,
6
     DATED:  January 3, 2014         **BAUTE CROCHETIERE & GILFORD LLP**
7

8                                    BY:    /s/ LAURA E. ROBBINS                .
                                           MARK D. BAUTE
9                                          LAURA E. ROBBINS
                                     Attorneys for Defendants TIMOTHY KORDIC
10                                   AND LORI VOLLANDT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

# TABLE OF CONTENTS

**Page(s)**

MEMORANDUM OF POINTS AND AUTHORITIES .......................................1

I.     INTRODUCTION ......................................................................................1

II.    STATEMENT OF FACTS ..........................................................................1

    A.   Plaintiffs Copyright The Work...............................................1

    B.   The Alleged Prior Works .........................................................3

    C.   Alleged Similarities Between The Work And The Prior Works .....4

    D.   Defendants Kordic And Vollandt Distribute What They Think
        Is A Free Publication..............................................................6

    E.   Defendants Kordic And Vollandt Lacked Willful Intent.................9

    F.   Defendants Kordic And Vollandt Had No Access To The
        Prior Works ............................................................................11

III.   ARGUMENT ............................................................................................11

    A.   Legal Standard........................................................................11

    B.   Plaintiffs Cannot Obtain Statutory Damages Or Attorney's Fees
        On The Current Edition Of The Work ..............................................12

    C.   Defendants Kordic And Vollandt Did Not Willfully Infringe The ..
        Copyright In The Work As A Matter Of Law ..............................13

        1.   Defendant Vollandt Was Unaware Of The Infringement....13

        2.   Defendant Kordic Was Unaware Of The Infringement.......14

        3.   Defendants Were Not Willfully Blind To Copyright
            Infringement................................................................15

    D.   Defendants Kordic and Vollandt Did Not Infringe Copyrights In The
        Third, Fourth, Or Sixth Editions As A Matter Of Law..................16

        1.   The Third, Fourth, And Sixth Editions Have Been
            Directly Infringed .......................................................17

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

i

USDC Case No. CV12-08090 DMG (CWx)

**DEFTS NOTICE OF MOT. AND MOT. FOR PARTIAL SUMMARY JUDGMENT AND OR
SUMMARY ADJUDICATION; AND MEMO OF P&A's IN SUPPORT THEREOF**

165935.5

| | | | |
|---|---|---|---|
| 1 | | 2. | The Third, Fourth, And Sixth Editions Have Not Been |
| 2 | | | Infringed Based Upon Their Incorporation Into The Work 19 |
| 3 | E. | | There Is No Willful Conduct As To The Third, Fourth, And Sixth . |
| 4 | | | Editions ....................................................21 |
| 5 | F. | | There Is No Contributory Infringement .......................22 |
| 6 | V. | CONCLUSION | ...............................................23 |

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

USDC Case No. CV12-08090 DMG (CWx)

ii

**DEFTS NOTICE OF MOT. AND MOT. FOR PARTIAL SUMMARY JUDGMENT AND OR
SUMMARY ADJUDICATION; AND MEMO OF P&A's IN SUPPORT THEREOF**

165935.5

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) .................................................................................11

*Berkic v. Crichton*,
761 F.2d 1289 (9th Cir. 1984) ..................................................................17

*Cavalier v. Random House*,
297 F.3d 815 (9th Cir. 2002) ..............................................................17, 19

*Chi-Boy Music v. Charlie Club, Inc.*,
930 F.2d 1224 (7th Cir. 1991) ..................................................................14

*DocMagic, Inc. v. Ellie Mae, Inc.*,
745 F. Supp. 2d 1119 (N.D. Cal. 2010) ....................................................22

*Dolman v. Agee*,
157 F.3d 708 (9th Cir. 1998) ....................................................................13

*Express, LLC v. Forever 21, Inc.*,
2010 U.S. Dist. LEXIS 91705 at *20 (C.D. Cal. Sept. 2, 2010) ...............19

*Fleischer Studios v. A.V.E.L.A., Inc.*,
636 F.3d 1115 (9th Cir. 2011) ..................................................................17

*Folio Impressions, Inc. v. Byer California*,
937 F.2d 759 (2d Cir. 1991) .....................................................................17

*Funky Films, Inc. v. Time Warner Entm''t Co.*, L.P.,
462 F.3d 1072 (9th Cir. 2006) ..................................................................18

*Global-Tech Appliances, Inc. v. SEB S.A.*,
131 S. Ct. 2060 (2011) ..............................................................................15

*House v. Bell*,
547 U.S. 518 (2006) ..................................................................................11

*Island Software & Computer Serv., Inc. v. Microsoft Corp.*,
413 F.3d 257 (2d Cir. 2005) ...............................................................13, 16

*Lamb v. Starks*
1997 U.S. Dist. LEXIS 11369 at *4-*5 (N.D. Cal. July 2, 1997) ..............14

*Liberty Media Holdings, LLC v. Tabora*,
2012 U.S. Dist. LEXIS 1101, *17 (S.D. Cal. Jan. 4, 2012) .....................15

*Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*,
658 F.3d 936 (9th Cir. 2011) ....................................................................13

*Metcalf v. Bochco*,
294 F.3d 1069 (9th Cir. 2002) ..................................................................17

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

**DEFTS NOTICE OF MOT. AND MOT. FOR PARTIAL SUMMARY JUDGMENT AND OR
SUMMARY ADJUDICATION; AND MEMO OF P&A's IN SUPPORT THEREOF**

*Peer Int'l Corp. v. Pausa Records, Inc.,*
   909 F.2d 1332 (9th Cir. 1990) ...................................................................13

*Shaw v. Lindheim,*
   919 F.2d 1353 (9 Cir. 1990) ..............................................................17, 18


**Statutes**

17 U.S.C. § 102(a)(1) ...............................................................................20

17 U.S.C. § 102(b) ...................................................................................20

17 U.S.C. § 201(a) ....................................................................................17

17 U.S.C. § 412(2) ....................................................................................12

17 U.S.C. § 504 .........................................................................................12

17 U.S.C. § 504(c) .....................................................................................12

17 U.S.C. § 504(c)(2) ................................................................................13

17 U.S.C. § 505 .........................................................................................12

37 CFR § 202.1(a) .....................................................................................20

37 CFR § 202.1(b) .....................................................................................20

Fed. R. Civ. P. 56(a) ..................................................................................11

Local Rule 7-3 ...........................................................................................12


**Treatises**

1 Melville B. Nimmer and David Nimmer, Nimmer on Copyright, § 5.01[A] at 5-4.1 (Matthew Bender, Rev. Ed. 2010) ..................................................17

4 Melville B Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.04[B][3][a] at 14-77 (2012)..................................................................13

4 Melville B Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.04[B][3][a] at 14-79 (2012)...........................................................14, 15

Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT, § 14.04[E][1][b].........................................................................................21

Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT, § 7.16[B][5][B]............................................................................................21

Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT, § 7.16[C][1][b] ..........................................................................................12

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone (213) 630-5000   Facsimile (213) 683-1225

iv

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendants Defendant Lori Vollandt and Timothy Kordic are health educators employed by the Los Angeles Unified School District.  Plaintiffs John T. Fodor ("Fodor"), Gus T. Dalis ("Dalis"), and Susan Giarratano Russell ("Russell") (collectively "Plaintiffs") are the authors of Health Instruction in Schools, Planning, Implementing, and Evaluating (the "Work."), which was published in 2010, with a copyright registered in 2012, and which had lower sales than Plaintiffs anticipated.

Defendant Kordic posted materials to an educational listserv, not for profit. The materials, which Defendant Vollandt (Defendant Kordic's supervisor) had received as an attachment to an email, were in PDF format that could be freely forwarded and were not password protected.  Plaintiffs contend, however, that the materials, which are a book, are copyrighted and that Defendants infringed on their copyright.

## II.   STATEMENT OF FACTS

### A.   Plaintiffs Copyright The Work

Plaintiffs are the authors of the work *Health Instruction In Schools, Planning, Implementing, and Evaluating* (the "Work").  Separate Statement of Undisputed Facts ("SUF") No. 1; January 3, 2014 Declaration of Laura E. Robbins ("Robbins Decl.") Exh. A, Fodor000337-472; Exh. B, Russell Depo. at 55:4-12 (authenticated); Exh. C, Dalis Depo. at 27:22-28:3, 28:15-20.  The Work was copyrighted and published in 2010.  SUF No. 2; Robbins Decl. Exh. C, Dalis Depo. at 30:16-31:9.  Plaintiff Fodor filled out the application for the copyright registration for the Work, dated June 26, 2012.  SUF No. 3; Robbins Decl. Exh. C, Dalis Depo. at 35:3-7; Exh. D, Fodor  Depo. at 35:16-17, 39:7-10.  The date of copyright registration is June 26, 2012.  SUF No. 4; Robbins Decl. Exh. E,

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

FOD003486 - 88; Exh. C, Dalis Depo. at 41:25-42:20 (authenticated).  The copyright registration, TXu 1-811-639 does not state that it is derivative, nor does it state that it is a prior edition.  SUF No. 5; Robbins Decl. Exh. E, FOD003486-88.  The copyright claimants are John T. Fodor, Gus T. Dalis, and Susan C. Giarratano Russell.  SUF No. 6; *Id.* at FOD003486-87.

Plaintiffs Dalis, Fodor, and Russell contracted with booklocker.com, "a self-publishing type of arrangement," to sell copies of the Work.  SUF No. 7; Robbins Decl. Exh. C, Dalis Depo. at 31:14-32:4.  They agreed that this was the "best avenue" to release the Work to the public.  SUF No. 8; Robbins Decl. Exh. C, Dalis Depo. at 32:10-17.

Booklocker.com was the only entity that sold electronic copies of the Work in PDF format.  SUF No. 9; Robbins Decl. Exh. B, Russell Depo. at 49:25-50:8, 69:15-17.  The co-authors made the Work available in electronic format, in addition to a traditional format, to get "more, different kinds of opportunities to buy the book."  SUF No. 10; Robbins Decl. Exh. D, Fodor Depo. at 73:14-24.  Plaintiff Fodor was the primary contact with booklocker.com.  SUF No. 11; Robbins Decl. Exh. D, Fodor Depo. at 71:16-23.

Plaintiff Russell purchased an electronic copy of the Work from booklocker.com on June 13, 2012.  SUF No. 12; Robbins Decl. Exh. F, FODOR 001259-61; Exh. B, Russell Depo. at 50:3-51:2 (authenticated), 51:7-9.  There was no password protection on the electronic copy of the Work.  SUF No. 13; Robbins Decl. Exh. B, Russell Depo. at 51:16-22.  Plaintiff Russell did not forward an electronic copy of the work to her co-authors.  SUF No. 14; Robbins Decl. Exh. B, Russell Depo. at 52:12-22.  Plaintiff Fodor, however, somehow also received an electronic copy of the Work.  SUF No. 15; Robbins Decl. Exh. D, Fodor Depo. at 34:4-35:1.

Plaintiff Fodor does not need a password to open the electronic version of the Work in his possession.  SUF No. 16; Robbins Decl. Exh. D, Fodor Depo. at 74:11-

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

15.  Plaintiff Dalis was "just appalled at how easy it was" to send electronic copies of the Work.  SUF No. 17; Robbins Decl. Exh. C, Dalis Depo. at 59:17-22. Plaintiffs did not discontinue the e-book upon learning that it could be freely forwarded, nor did they find a way to prevent distribution of electronic copies of the Work.  SUF No. 18; Robbins Decl. Exh. D, Fodor Depo. at 98:18-99:25.

Sales of the Work failed to meet the author's expectations.  SUF No. 19; Robbins Decl. Exh. C, Dalis Depo. at 43:9-17.  In 2011, Plaintiffs received small amounts of royalties for sales of the book.  SUF No. 20; Robbins Decl. Exh. C, Dalis Depo. at 39:10-13.

**B.    The Alleged Prior Works**

Plaintiffs allege that copyrights were obtained in the works:

- *Health Instruction: Theory and Application, First Edition*, John T. Fodor and Gus T. Dalis (1966) ("First Edition");

- *Health Instruction: Theory and Application, Second Edition*, John T. Fodor and Gus T. Dalis (1974) ("Second Edition");

- *Health Instruction: Theory and Application, Third Edition*, John T. Fodor and Gus T. Dalis (1981) ("Third Edition");

- *Health Instruction: Theory and Application, Fourth Edition*, John T. Fodor and Gus T. Dalis (1989) ("Fourth Edition");

- *Health Instruction: Theory and Application, Fifth Edition*, John T. Fodor, Gus T. Dalis and Susan C. Giarratano (1994) ("Fifth Edition"); and

- *Health Instruction Theory and Application, Sixth Edition*[1], John T. Fodor, Gus T. Dalis, and Susan C. Giarratano Russell (2002) ("Sixth

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

---

[1] The Sixth Edition is not currently in print.  SUF No. 21; Robbins Decl. Exh. D, Fodor Depo. at 50:24-51:3.

Edition"), which they allege are prior editions of the work

(collectively the "Prior Works").  Amended Complaint ¶¶ 14-19.[2]

## C.   Alleged Similarities Between The Work And The Prior Works

The Plaintiffs all characterize the similarities between the Work and the Prior Works as the fact that they all employ the same rationale.  According to the Plaintiffs, the Work is a new book but it is also a "new edition" because it "used the same rationale" as the prior editions.   SUF No. 22; Robbins Decl. Exh. D, Fodor Depo. at 39:11-40:7.  Plaintiff Fodor did not consider whether the Work was a new edition or a new book.  SUF No. 23; Robbins Decl. Exh. D Fodor Depo. at 39:11-40:7.   The title of the Work, which is different than the titles of the Prior Works, does not include the phrase "Seventh Edition," "Revised Edition," or any other reference to any of the Prior Works. SUF No. 24; Robbins Decl. Exh. A, FODOR000337-472.

Plaintiff Dalis, who drafted sections of the Work, stated, "Our strategy for rewriting the book was to review what chapters we wanted to include from previous text, how we would change possibly the titles of those chapters, and then we discussed each of those chapters over a long course of time, and then we assigned the principal responsibility for the rewriting of these chapters, which included researching, developing, and designing the chapter, which was then brought to the group as a whole and you got pummelled, you got evaluated by your coauthors, in a kind way, so that we could improve it.  That's what writing is all about.  Writing doesn't take place until you rewrite.  So there were many rewrites of the individual chapters of the text."  SUF No. 25; Robbins Decl. Exh. C, Dalis Depo. at 29:22-30:10.  Plaintiff Dalis explained that "some portions of the sixth edition are incorporated in the book, as are portions of the previous editions, one two, three, incorporated in the book."  SUF No. 26; Robbins Decl. Exh. C, Dalis Depo. at

[2] Plaintiffs allege infringement of the copyrights to the Third, Fourth, and Sixth Editions.  They do not allege infringement of the copyright to the First, Second, or Fourth Editions.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

46:15-20. He added that "The textbook from the very beginning is based on a rationale, a series of questions, and the book seeks to address those questions, and it is the template, the rationale is the template for the book, the first edition, and has continued, with very little change, as the template for the subsequent editions. The template represents the issues that need to be addressed to make rational decisions about instruction, specifically health instruction. So it is a strategy for designing implementing rational health education programs." SUF No. 27; Robbins Decl. Exh. C, Dalis Depo. at 46:22-47:11. Plaintiff Fodor drafted section of Health Instructions in Schools: Planning, Implementing, and Evaluating. SUF No. 28; Robbins Decl. Exh. D, Fodor Depo. at 23:11-24:1. He explained that the Work "used the same rationale" as the Prior Works. SUF No. 29; *Id.*

The Work was written in 2008-2010. SUF No. 30; Robbins Decl. Exh. B, Russell Depo. at 55:4-23. The Prior Works were used as a "reference" because the "rationale remained the same, the organization of all of the books remained basically the same throughout the editions." SUF No. 31; Robbins Decl. Exh. B, Russell Depo. at 56:25-57:17. The Sixth Edition is incorporated into the Work due to the same "rationale" and organization. Some "content is exact or verbatim." SUF No. 32; Robbins Decl. Exh. B, Russell Depo. at 61:21-62:5. Plaintiff Russell elaborated that "sections and subheadings and organization" may be exact, such as the subheading "organizing health instruction." SUF No. 33; Robbins Decl. Exh. B, Russell Depo. at 62:7-62:25.

The Sixth Edition was an "entirely different" edition because "it created two other sites rather than just schools." SUF No. 34; Robbins Decl. Exh. D, Fodor Depo. at 47:11-24. The Sixth Edition used the same rationale as previous editions. SUF No. 35; Robbins Decl. Exh. D, Fodor Depo. at 48:6-14. The Sixth Edition is incorporated into the Work because it uses the "same rationale," which is "how you plan, how you implement, which was part of the other editions." SUF No. 36; Robbins Decl. Exh. D, Fodor Depo. at 52:10-22.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

1    The Fourth Edition is incorporated into the Work because of "similarities" as

2    they have the same rationale for "how you plan, how you evaluate, learning

3    opportunities that you use, or teaching techniques and things like that."  SUF No.

4    37; Robbins Decl. Exh. D, Fodor Depo. at 60:9-21.  The editions have different

5    wording but "essentially the same rationale."  SUF No. 38; Robbins Decl. Exh. D,

6    Fodor Depo. at 60:9-21.  See e.g., Robbins Decl. Exh. G, FOD003506 to

7    FOD003780 (certified copy of Sixth Edition); Exh. H, FODOR000473-613 (Sixth

8    Edition, authenticated at Robbins Decl. Exh. B, Russell Depo. at  57:24-58:13;

9    Robbins Decl. Exh. I, FODOR000896-988 (Fourth Edition); Robbins Decl. Exh. J,

10   FODOR000989-1073 (Third Edition).

**D.    Defendants Kordic And Vollandt Distribute What They Think Is A Free**
11
**Publication**
12
13   Plaintiffs aver that the allegedly infringing conduct occurred on June 13,

14   2012 and June 14, 2012.  Amended Complaint ¶¶ 31, 34.  Defendant Vollandt

15   received an electronic copy of a PDF by e-mail.  SUF No. 39; January 3, 2014

16   Declaration of Lori Vollandt ("Vollandt Decl.") ¶ 2.  Although she is not certain,

17   she thinks she received the PDF from Ric Loya, a former employee of the Los

18   Angeles Unified School District's Health Education Department.  SUF No. 40;

19   Vollandt Decl. ¶ 2.  Defendant Vollandt was Ric Loya's supervisor at LAUSD.

20   SUF No. 41; Robbins Decl. Exh. K, Loya Depo. at 16:12-24.  They continued to

21   communicate after Defendant Loya's retirement, including sending emails.  SUF

22   No. 42; Robbins Decl. Exh. K, Loya Depo. at 17:8-11, 18:9-12.

23   Loya purchased an electronic copy of the Work on November 25, 2010.  SUF

24   No. 43; Robbins Decl. Exh. L, FODOR 001217-20; Exh. K, Loya Depo. at 26:25-

25   28:1.  He does not recall what he did with it, nor does he recall if he distributed it to

26   anyone.  SUF No. 44; Robbins Decl. Exh. K, Loya Depo. at 28:1-6.  Loya doesn't

27

28

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA  90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

**DEFTS NOTICE OF MOT. AND MOT. FOR PARTIAL SUMMARY JUDGMENT AND OR
SUMMARY ADJUDICATION; AND MEMO OF P&A's IN SUPPORT THEREOF**
165935.5

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

1    recall if he sent a copy of the Work to Lori Vollandt.  SUF No. 45; Robbins Decl.

2    Exh. K, Loya Depo. at 56:24-57:2.[3][4]

3        Defendant Vollandt quickly skimmed the PDF and noticed that Plaintiff Gus

4    Dalis, with whom she was acquainted as a result of his prior employment with the

5    Los Angeles County Office of Education, was an author.  SUF No. 51; Vollandt

6    Decl. ¶ 3.  Dalis had been the director of the Center for Health Education at the Los

7    Angeles County Office of Education.  SUF No. 52; Robbins Decl. Exh. C, Dalis

8    Depo. at 12:25-13:8.

9        Defendant Vollandt believed that the PDF was a freely distributable Los

10   Angeles County health publication because of her knowledge of Gus Dalis's former

11   affiliation with the Los Angeles County Office of Education and because she

12   received the Work as a PDF attachment that could be freely forwarded.  SUF No.

13   53; Vollandt Decl. ¶ 4.  In her experience as an educator, electronic copies of

14   copyrighted textbooks cannot be forwarded and require special codes or passwords

15   to access.  SUF No. 54; Vollandt Decl. ¶ 4.  She did not look closely enough at the

16   PDF to notice whether it contained a copyright notice.  SUF No. 55; Vollandt Decl.

17   ¶ 4.  Defendant Vollandt, the Coordinator of the Los Angeles Unified School

18   District Health Education Programs, used to have a staff of 35 employees.  SUF

19   No. 56; Vollandt Decl. ¶ 5.  Due to budget cuts, her staff has been cut to solely

20   herself and Timothy Kordic, a project advisor for the Los Angeles Unified School

21

22   [3] Russell sent Ric Loya four copies of the Work that he could distribute
     without restrictions.  SUF No. 46; Robbins Decl. Exh. B, Russell Depo. at 79:14-
23   80:16.  These copies were for the use of the CASHE board.  SUF No. 47; Robbins
     Decl. Exh. B, Russell Depo. at 43:22-44:1.  As there were more than four CASHE
24   board members, they had to share the four copies of the Work.  SUF No. 48;
     Robbins Decl. Exh. B, Russell Depo. at 82:15-23.  Loya also purchased a paper
25   copy of the Work on November 23, 2010.  SUF No. 49; Robbins Decl. Exh. M,
     FODOR 001215-16, Exh. K, Loya Depo. at 28:7-29:19 (authenticated).
26
27   [4] Loya and Defendant Kordic did not have a good working relationship and
     Loya has a negative opinion of Kordic.  SUF No. 50; Robbins Decl. Exh. K, Loya
28   Depo. at 20:4-16.

USDC Case No. CV12-08090 DMG (CWx)                    7
**DEFTS NOTICE OF MOT. AND MOT. FOR PARTIAL SUMMARY JUDGMENT AND OR
SUMMARY ADJUDICATION; AND MEMO OF P&A's IN SUPPORT THEREOF**

165935.5

1   District Health Education Programs, HIV/AIDS Prevention Unit. SUF No. 57;

2   Vollandt Decl. ¶ 5. Due to this lack of resources, Defendant Vollandt did not have

3   the time herself nor did she have a supervisee to review the PDF before posting it to

4   the listserv. SUF No. 58; Vollandt Decl. ¶ 5. Defendant Vollandt forwarded the

5   PDF to Timothy Kordic, her direct report, instructing him to post the Work to a

6   listserv he maintained, as she believed was required by California Education Code §

7   51935. SUF No. 59; Vollandt Decl. ¶ 5.

8           Defendant Kordic, who also quickly skimmed the PDF and believed it to be a

9   County health publication, posted the PDF to the listserv in order to comply with

10  California's Education Code § 51935. SUF No. 60; January 2, 2014 Declaration of

11  Timothy Kordic ("Kordic Decl.") ¶ 2 & Exh. A. Timothy Kordic's belief was

12  based on his working relationship with Plaintiff Gus Dalis through their mutual

13  work with the American Cancer Society. SUF No. 61; Kordic Decl. ¶ 2. Plaintiff

14  Dalis confirmed that he knows Timothy Kordic through the American Cancer

15  Society. SUF No. 62; Robbins Decl. Exh. C, Dalis Depo. at 23:16-24:9. In the

16  email through which he distributed the PDF to other health teachers, Defendant

17  Kordic stated that he was providing a resource. SUF No. 63; Kordic Decl. ¶ 2 &

18  Exh. A.

19          Defendant Kordic also sent the PDF to Plaintiff Susan Giarratano Russell,

20  who provided a false name and the false identify of substitute teacher Gail Tonkiss

21  in requesting a copy of the PDF. SUF No. 64; Kordic Decl. ¶ 3. After learning of

22  the infringement, on June 13, 2012, Plaintiff Russell sent an email to Kordic in

23  which she states, "I am sub for the district. One of the classes I teach is health. I

24  heard you had a good resource book for health teachers. Would you please share it

25  with me?" SUF No. 65; Robbins Decl. Exh. N, FOD000322; Exh. B, Russell

26  Depo. at 46:10-47:10 (authenticated). She identified herself as a substitute teacher

27  for Los Angeles Unified School District named Gail Tonkiss because she

28  "supposed he wouldn't send it to [her], send [her] the copy, if [she] used [her] name

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000 Facsimile: (213) 683-1225

**DEFTS NOTICE OF MOT. AND MOT. FOR PARTIAL SUMMARY JUDGMENT AND OR
SUMMARY ADJUDICATION; AND MEMO OF P&A's IN SUPPORT THEREOF**
165935.5

to request it." SUF No. 66; Robbins Decl. Exh. B, Russell Depo. at 47:11-17. Gail Tonkiss had not given Russell permission to use her name. SUF No. 67; Robbins Decl. Exh. B, Russell Depo. at 47:23-25. Plaintiff Kordic who had distributed the PDF without making note of it or paying any attention to it, had to think about what she was requesting. SUF No. 68; Kordic Decl. ¶ 3. He responded to the email on June 15, 2012 with an email that reads "I send so many things out, not sure which one, but assuming this might be it, since I had just sent it out...." SUF No. 69; Kordic Decl. ¶ 3 & Exh. B.

On June 13, 2013, Bridget Brownell, a teacher employed by the Los Angeles Unified School District, emailed Defendant Kordic and confirmed that she had received the PDF. SUF No. 70; Kordic Decl. ¶ 4 & Exh. C. She asked if he had purchased the rights to the PDF. SUF No. 71; *Id.* Defendant Kordic responded, "It was provided to me by my supervisor Lori Vollandt, who e-mailed it to me to send out. I had nothing to do with it. When your boss tells you to do something, you do it. Regardless, it is a good resource. Not sure how she got it, but I am assuming it is legit." SUF No. 72; *Id.* This email reflected Defendant Kordic's lack of knowledge about the PDF – that he was merely transmitting material at the instruction of Lori Vollandt. Kordic Decl. ¶ 4.

**E.    Defendants Kordic And Vollandt Lacked Willful Intent**

Neither Defendant Kordic nor Defendant Vollandt purchased a copy of the PDF, which turned out to be the Work, in either electronic or paper format. SUF No. 73; Vollandt Decl. ¶ 6; Kordic Decl. ¶ 5. In fact, Defendant Kordic and Defendant Vollandt were unaware of the website booklocker.com until the commencement of pre-litigation proceedings in this matter. SUF No. 74; Vollandt Decl. ¶ 6; Kordic Decl. ¶ 5. Defendants Kordic and Vollandt did not know that the Work was a copyrighted book. SUF No. 75; Vollandt Decl. ¶ 6; Kordic Decl. ¶ 5. They thought it was a freely distributable County health publication. SUF No. 76; Vollandt Decl. ¶ 6; Kordic Decl. ¶ 5.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

**DEFTS NOTICE OF MOT. AND MOT. FOR PARTIAL SUMMARY JUDGMENT AND OR
SUMMARY ADJUDICATION; AND MEMO OF P&A's IN SUPPORT THEREOF**

165935.5

1    Plaintiffs did not contact Defendants Kordic or Vollandt after learning of the
2    alleged infringement, nor did they send a cease and desist letter at the time they
3    learned of the infringement. SUF No. 77; Robbins Decl. Exh. C, Dalis Depo. at
4    57:13-58:1; Exh. D, Fodor Depo. at 85:18-86:7, 112:9-19; Exh. B, Russell Depo. at
5    72:24-73:6. After receiving a forwarded copy of the email to which Defendant
6    Kordic attached the Work, Plaintiff Russell did not respond to Defendant Kordic.
7    SUF No. 78; Robbins Decl. Exh. B, Russell Depo. at 96:10-97:22.

8    Three months after Defendant Kordic allegedly distributed the Work, Lori
9    Vollandt called Loya and asked whether CASHE was going to review the Work.
10   SUF No. 79; Robbins Decl. Exh. K, Loya Depo. at 46:24-47:25. On September 21,
11   2012, Defendant Vollandt emailed Ric Loya and asked whether CASHE had
12   reviewed Gus Dalis's new book and whether LAUSD should consider using it.
13   SUF No. 80; Vollandt Decl. ¶ 7 & Exh. A. Loya sent an email confirming that
14   Defendant Vollandt's actions were like those of someone who had never seen the
15   Work or the email. SUF No. 81; Robbins Decl. Exh. K, Loya Depo. Exh. 35; Exh.
16   P, Loya Depo. at 51:3-19 (authenticated), 52:15-53:1.

17   Loya is unaware of Defendant Kordic posting copyrighted materials without
18   permission and he has not heard that Defendant Kordic has a reputation for
19   distributing copyrighted materials without permission. SUF No. 82; Robbins Decl.
20   Exh. K, Loya Depo. at 62:16-23.

21   Defendant Russell learned of the infringement from Ric Loya. SUF No. 83;
22   Robbins Decl. Exh. B, Russell Depo. at 41:5-9; Exh. K, Loya Depo. at 37:7-20.
23   Loya helped Plaintiff Russell obtain a copy of the Work that Defendant Kordic
24   allegedly distributed. SUF No. 84; Robbins Depo. Exh. O, FODOR002827-28,
25   Exh. B, Russell Depo. at 84:13-22 (authenticated). On June 13, 2012, Loya
26   emailed Defendant Russell that a woman he was working with couldn't "stand the
27   guy that sent" the email. SUF No. 85; Robbins Decl. Exh. P, FOD000607; Exh. B,
28   Russell Depo. at 85:8-22 (authenticated).

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

**F.**     **Defendants Kordic And Vollandt Had No Access To The Prior Works**

Neither Defendant Kordic nor Defendant Vollandt had access to the Prior Works.  SUF No. 86; Vollandt Decl. ¶ 8; Kordic Decl. ¶ 6.  Neither Defendant Kordic nor Defendant Vollandt has viewed a copy of any of these Prior Works.  SUF No. 87; Vollandt Decl. ¶ 8; Kordic Decl. ¶ 6.  Neither Kordic nor Vollandt purchased a copy of any of the Prior Works.  SUF No. 88; Vollandt Decl. ¶ 8; Kordic Decl. ¶ 6.  Neither Defendant Kordic nor Defendant Vollandt has previously had possession of one of the Prior Works.  SUF No. 89; Vollandt Decl. ¶ 8; Kordic Decl. ¶ 6.  The Prior Works are not available in the Los Angeles Unified School District libraries.  SUF No. 90; Vollandt Decl. ¶ 8; Kordic Decl. ¶ 6.

In fact, neither Defendant Vollandt nor Defendant Kordic was aware of the existence of any of the Prior Works.  SUF No. 91; Vollandt Decl. ¶ 9; Kordic Decl. ¶ 7.  Defendants Kordic and Vollandt did not distribute the Third Edition, Fourth Edition, or the Sixth Edition.   SUF No. 92; Vollandt Decl. ¶ 9; Kordic Decl. ¶ 7.

### III.     ARGUMENT

**A.**     **Legal Standard**

Summary judgment is proper where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In evaluating a motion for summary judgment, a Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial."  *House v. Bell*, 547 U.S. 518, 559-60 (2006).  "Material" facts are those that "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

**B.**     <u>Plaintiffs Cannot Obtain Statutory Damages Or Attorney's Fees On The</u>
<u>Current Edition Of The Work</u>[5]

Plaintiffs are not entitled to statutory damages (for either willful or non-willful infringement) or attorney's fees for alleged infringement of the Work. In order to recover statutory damages and attorney's fees, a copyright plaintiff must have registered the work with the copyright office prior to the infringement. 17 U.S.C. § 412(2) ("no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for ... (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."). Statutory damages include a sum of between $750 to $30,000 for non-willful infringement and a sum of $200 to $150,000 for willful infringement. 17 U.S.C. § 504(c)). If infringement commences after first publication, however, there is a grace period where registration is made within three months of the first publication of the work. Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT, § 7.16[C][1][b].

Plaintiffs created and copyrighted the Work in 2010. They began distributing the Work in 2011 but it was not registered with the Copyright Office until June 26, 2012, several weeks after the allegedly infringing activity. The allegedly infringing conduct occurred on June 12-15, 2012. As the registration on June 26, 2012 with Registration Number TXu001811639 was more than three months after the first publication of the Work in 2010 but after the alleged infringement, statutory damages (including damages for willful infringement) and attorney's fees are not available to Plaintiffs for the alleged infringement of the Work.

---

[5] Following the Local Rule 7-3 Conference, Plaintiffs indicated that they may not contest portions of this argument. If, after reviewing the argument as developed herein, Plaintiffs still agree that there is no dispute as to some or all of the points made in this Section B, Defendants Kordic and Vollandt will file a stipulation and [proposed] order as to this portion of Plaintiffs' claim.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

**C.**    **Defendants Kordic and Vollandt Did Not Willfully Infringe The**
        **Copyright In The Work As A Matter Of Law**

Assuming *arguendo* that Plaintiffs are eligible for statutory damages on the Work, Defendants did not willfully infringe Plaintiffs' copyright.[6]

In the copyright infringement context, "willful" means acting with knowledge that one's conduct constitutes copyright infringement. 17 U.S.C. § 504(c)(2); *Dolman v. Agee*, 157 F.3d 708, 715 (9th Cir. 1998). "Neither the Copyright Act or its legislative history defines willful. However, it seems clear that as here used willfully means with knowledge that the defendant's conduct constitutes copyright infringement." *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (citation and quotation marks omitted). *See also* 4 Melville B Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.04[B][3][a] at 14-77 (2012) ("'willfully' means with knowledge that the defendant's conduct constitutes copyright infringement").

"To prove willfulness under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 944 (9th Cir. 2011), *citing, Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005).

**1.**    **Defendant Vollandt Was Unaware Of The Infringement**

Defendant Vollandt had no knowledge of Plaintiffs' copyright in the Work prior to the alleged infringement. Plaintiffs did not communicate to Defendant Vollandt that they held a copyright that Defendant Vollandt was allegedly infringing before she transmitted the Work to Defendant Kordic. Plaintiffs did not

---

[6] In order to state a claim for copyright infringement, a plaintiff must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Servs. Co.*, 499 U.S. 340, 361 (1991).

1    send a cease and desist letter, nor did they contact Defendant Vollandt through any

2    other means to inform Defendant Vollandt of their copyright in the Work.

3    "[E]vidence that notice had been accorded to the alleged infringer . . . is perhaps the

4    most persuasive evidence of willfulness." *Chi-Boy Music v. Charlie Club, Inc.*, 930

5    F.2d 1224, 1227 (7th Cir. 1991) (quotation marks omitted).  Willful conduct

6    "classically arises when defendant ignores a warning letter sent by plaintiff's

7    counsel -- provided that the letter is sufficiently specific." 4 Melville B Nimmer &

8    David Nimmer, NIMMER ON COPYRIGHT § 14.04[B][3][a] at 14-79 (2012).  As

9    no cease and desist letter was sent and no other communication went from Plaintiffs

10   to Defendant Vollandt reporting the alleged infringement, Defendant Vollandt did

11   not willfully infringe Plaintiffs' copyright.

12       In *Lamb v. Starks*, where willful infringement was established as the

13   defendant knew that the plaintiff had a copyright, and, in fact, requested permission

14   to use the copyright.  When permission to use the copyright was denied, the

15   defendant nevertheless used the copyright at issue in the litigation.  1997 U.S. Dist.

16   LEXIS 11369 at *4-*5 (N.D. Cal. July 2, 1997).  Here, in contrast, Defendant

17   Vollandt had no actual knowledge of Plaintiffs' copyright in the Work.

18       **2.    Defendant Kordic Was Unaware Of The Infringement.**

19       Defendant Kordic similarly had no knowledge of Plaintiffs' copyright in the

20   Work prior to distributing copies of the Work.  Plaintiffs did not communicate to

21   Defendant Kordic that they held a copyright that Defendant Kordic was allegedly

22   infringing before he disseminated the Work.  Plaintiffs did not send a cease and

23   desist letter, nor did they contact Defendant Kordic through any other means to

24   inform Defendant Kordic of their copyright in the Work.  The communication by

25   Bridget Brownell, who is not an author of the Work, is insufficient to constitute a

26   cease and desist letter or notice to a potential infringer.  She asked whether Kordic

27   had purchased rights but did not name the Work, nor did she state that any

28

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA  90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

1    copyright infringement was occurring.  Furthermore, Brownell did not tell Kordic

2    to cease further infringement of the Work.

3        In addition, there should be no liability for Defendant Kordic's distribution of

4    the Work to Plaintiff Russell.  Plaintiff Russell knowingly used a false identity to

5    induce Defendant Kordic to distribute the Work.  She did so because she thought

6    that revealing her true identity would prevent her from obtaining the work.  This

7    falsehood prevents her from using the email as a basis for liability.  Furthermore,

8    this evidence should be excluded as it was not lawfully obtained due to Plaintiff

9    Russell's misrepresentation of her identity.

10       Defendants Vollandt and Kordic were not aware that their activity constituted

11   copyright infringement.  Plaintiffs did not send a cease and desist letter, nor did

12   they contact Defendant Kordic through any other means to inform Defendant

13   Kordic of their copyright in the Work.  Willful conduct "classically arises when

14   defendant ignores a warning letter sent by plaintiff's counsel -- provided that the

15   letter is sufficiently specific."  4 Melville B Nimmer & David Nimmer, NIMMER

16   ON COPYRIGHT § 14.04[B][3][a] at 14-79 (2012).  As no cease and desist letter

17   was sent and no other communication went from Plaintiffs to Defendant Kordic

18   reporting the alleged infringement, Defendant Kordic did not willfully infringe

19   Plaintiffs' copyright.

20       **3.   Defendants Were Not Willfully Blind To Copyright Infringement.**

21       "The doctrine of willful blindness has two basic requirements: (1) the

22   defendant must subjectively believe there is a high probability that a fact exists and

23   (2) the defendant must take deliberate actions to avoid learning of that fact."

24   *Liberty Media Holdings, LLC v. Tabora*, 2012 U.S. Dist. LEXIS 1101, *17 (S.D.

25   Cal. Jan. 4, 2012), *quoting, Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct.

26   2060, 2070 (2011).  There is no evidence Defendants Kordic and Vollandt had any

27   reason to believe Plaintiffs had a copyright in the Work.  It is undisputed that the

28   version of the Work that was disseminated was an e-book that could be freely

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

1    forwarded as a PDF and that was not password protected.  Even Plaintiffs were

2    surprised how easily it could be forwarded.  Neither Defendant Kordic nor

3    Defendant Vollandt purchased a copy of the Work.  Moreover, given that

4    Defendants were not aware of the existence of the copyrights in the Work, they

5    took no deliberate action to avoid learning of the existence of the copyright.  While

6    the Work contained a copyright notice, neither Defendant Kordic nor Defendant

7    Vollandt did more than skim the work.  In their brief perusal of the work, based in

8    part on the appearance of the Work, neither of them became aware of the copyright

9    notice in the Work.

10        In *Island Software and Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d

11   257 (2d Cir. 2005), the Second Circuit reversed the district court's grant of

12   summary judgment of willful blindness against a defendant and held that, as a

13   matter of law, there was no finding of willful blindness.  *Id.* at 264.  In that case,

14   where the Second Circuit held there was a genuine dispute of material fact, a

15   company sold counterfeit Microsoft software and Microsoft argued that the

16   defendant was willfully blind to the counterfeit nature of the software because the

17   software vendor's prices fluctuated, a customer had previously complained about

18   counterfeit software but failed to follow up with defendant and defendant

19   commenced no independent investigation, and defendant did not take adequate

20   measures to make sure its products were not counterfeit.  *Id.* at 263.  In contrast,

21   here, there is no evidence giving rise to inferences of the existence of Plaintiffs'

22   copyright in the Work.

### D.    Defendants Kordic and Vollandt Did Not Infringe Copyrights In The Third, Fourth, Or Sixth Editions As A Matter Of Law

25        To prove their copyright infringement claims, Plaintiffs must prove (1)

26   plaintiffs' ownership of a valid copyright; (2) defendant's access to plaintiff's work;

27   and (3) substantial similarity, in both idea and expression, between defendant's

28   work and plaintiff's copyrighted work.  *Berkic v. Crichton*, 761 F.2d 1289, 1291-92

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA  90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

**DEFTS NOTICE OF MOT. AND MOT. FOR PARTIAL SUMMARY JUDGMENT AND OR SUMMARY ADJUDICATION; AND MEMO OF P&A's IN SUPPORT THEREOF**

165935.5

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

1    (9th Cir. 1984).  The Court applies a two part test to determine whether two works

2    are substantially similar, an intrinsic test and an extrinsic test.  *Shaw v. Lindheim*,

3    919 F.2d 1353, 1356 (9 Cir. 1990).  The extrinsic test is an "objective comparison

4    of specific expressive elements." *Cavalier v. Random House, Inc.*, 297 F.3d 815,

5    822 (9th Cir. 2002) (citation omitted).  The extrinsic test involves a comparison of

6    "not the basic plot ideas for stories, but the actual concrete elements that make up

7    the total sequence of events and the relationships between the major characters."

8    *Berkic*, 761 F.2d at 1293.  "[P]rotectable expression includes the specific details of

9    an author's rendering of ideas." *Metcalf v. Bochco*, 294 F.3d 1069, 1074 (9th Cir.

10   2002).  The inquiry is whether "the protectable elements, standing alone, are

11   substantially similar." *Cavalier v. Random House*, 297 F.3d 815, 822 (9th Cir.

12   2002).  The intrinsic test is a "subjective test" focusing on "whether the ordinary,

13   reasonable audience would find the works substantially similar in the total concept

14   and feel of the works." *Id.* (citation and quotation marks omitted).

15        In cases involving assignees of interest in the copyright, the plaintiff must

16   also show chain of title from the original copyright owner. *Fleischer Studios v.*

17   *A.V.E.L.A., Inc.*, 636 F.3d 1115, 1119-20 (9th Cir. 2011).  The copyright in a work

18   created after January 1, 1978 "vests initially in the author or authors of the work."

19   17 U.S.C. § 201(a).  "[T]he person claiming copyright must either himself be the

20   author, or he must have succeeded to the rights of the author."  1 Melville B.

21   Nimmer and David Nimmer, Nimmer on Copyright, § 5.01[A] at 5-4.1 (Matthew

22   Bender, Rev. Ed. 2010).  In either case, the work must be original. *Folio*

23   *Impressions, Inc. v. Byer California*, 937 F.2d 759, 763 (2d Cir. 1991).

24        **1.    The Third, Fourth, And Sixth Editions Have Not Been Directly**

25             **Infringed**

26        Defendants Kordic and Vollandt did not have access to the Third Edition,

27   Fourth Edition, or the Sixth Edition.  None of these Prior Works are available in the

28   LAUSD library, nor are they widely disseminated.  The Sixth Edition is out of

USDC Case No. CV12-08090 DMG (CWx)                17
**DEFTS NOTICE OF MOT. AND MOT. FOR PARTIAL SUMMARY JUDGMENT AND OR
SUMMARY ADJUDICATION; AND MEMO OF P&A's IN SUPPORT THEREOF**

165935.5

print.  Furthermore, neither Defendant Kordic nor Defendant Vollandt had ever seen –or was aware of –the Third Edition, Fourth Edition, or Sixth Edition.

The Work is not substantially similar to the Third Edition, Fourth Edition, or the Sixth Edition.[7]  Compare Robbins Decl. Exh. A to Robbins Decl. Exhs. G, H, I, and J.  The Third Edition is facially distinct from the Work because it contains substantially different text and other elements.  Similarly, the Fourth Edition and the Sixth Edition are equally distinct from the Work as they contain different text and other elements.

Under the extrinsic test, the Third, Fourth, and Sixth Editions are different from the Work because they contain different protected elements.  "General plot ideas are not protected by copyright law; they remain forever the common property of artistic mankind." *Funky Films, Inc. v. Time Warner Entm''t Co.*, L.P., 462 F.3d 1072, 1081 (9th Cir. 2006) (citation omitted).  "Copyright law protects an author's expression; facts and ideas within a work are not protected." *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. Cal. 1990)  In evaluating a literary work, the elements analyzed under the extrinsic test include the type of artwork involved, the materials used, the subject matter, and the setting for the subject, plot, themes, dialogue, mood, setting, pace, sequence of events, and characters. *Id.* at 1357. Here, the Amended Complaint fails to list any actual concrete elements common to the Third, Fourth or Sixth Editions that appear in the Work.  At their depositions, Plaintiffs explained that the Third, Fourth, and Sixth Editions and the Work share a common rationale and method of organization.  They failed to identify other protected elements that are subject to copyright protection, such as textual passages. As a result, there is no substantial similarity under the extrinsic test.

---

[7] For purposes of this Motion, Defendants Vollandt and Kordic do not dispute the validity of the copyrights or that the ownership of the copyrights in the Third, Fourth, and Sixth Editions were assigned to Plaintiffs.  Defendants do not plan to make such a concession at trial, and may not make such a concession in response to Plaintiffs' Motion for Partial Summary Judgment.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA  90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

1   Pursuant to the intrinsic test, the Third, Fourth, and Sixth Editions are

2   sufficiently distinct that "the ordinary reasonable audience" would not find them to

3   be "substantially similar in the total concept and feel of the works." *Cavalier*, 297

4   F.3d at 822.  As a result, they are not substantially similar under either the intrinsic

5   test or the extrinsic test.

6   Assuming *arguendo* that the Third, Fourth, and Sixth Editions are

7   substantially similar to the Work, there is no infringement of these Prior Works.

8   Plaintiffs conceded at their depositions that the rationale and organization of the

9   Prior Editions are common throughout all versions of the Work, beginning with the

10  First Edition.  Given that Plaintiffs are unable to establish a chain of title to the

11  ownership of the copyrights in the First, Second, and Fifth Editions (for which they

12  are not alleging copyright infringement), they cannot seek to recover for the use of

13  these elements in other works.  As these elements were created in the First Edition,

14  they are original to the First Edition (not the Third, Fourth, or Sixth Editions).

15  **2.      The Third, Fourth, And Sixth Editions Have Not Been Infringed**

16  **Based Upon Their Incorporation Into The Work**

17  The copyrights in the Third, Fourth, and Sixth Editions (along with the First,

18  Second, and Fifth editions) are not infringed based upon these Prior Works'

19  incorporation into the Work.  Plaintiffs did not register the Work as derivative.

20  Registration creates a rebuttable presumption of the validity of a copyright.  17

21  USC § 410 ("In any judicial proceedings the certificate of a registration made

22  before or within five years after first publication of the work shall constitute prima

23  facie evidence of the validity of the copyright and of the facts stated in the

24  certificate.").   As a result, the registration of the Work as an original work that is

25  independent of the Prior Works is presumed to be valid.  *See Express, LLC v.*

26  *Forever 21, Inc.*, 2010 U.S. Dist. LEXIS 91705 at *20 (C.D. Cal. Sept. 2, 2010)

27  (stating that courts have granted summary judgment against copyright owners on

28  the ground that they failed to state on their copyright registration that the material

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

**DEFTS NOTICE OF MOT. AND MOT. FOR PARTIAL SUMMARY JUDGMENT AND OR
SUMMARY ADJUDICATION; AND MEMO OF P&A's IN SUPPORT THEREOF**

165935.5

1  was derived from other pre-existing works).  Given that the Work is not registered

2  as a derivative copyright, Plaintiffs have the burden to prove which elements of the

3  Prior Works are incorporated into the Work.

4      Plaintiffs Dalis, Fodor, and Russell's explanation of how the Prior Works are

5  incorporated into the Work reveals that the copyrights in the Third, Fourth, and

6  Sixth Editions are not infringed based on any alleged infringement of the Work.

7  Plaintiffs testified at their depositions that the rationale and organization of the

8  Prior Works are incorporated into the Work.  They did not mention elements of the

9  Prior Works that are incorporated into the Work.  The rationale and method of

10 organization are "ideas, plans, methods, systems, or devices, as distinguished from

11 the particular manner in which they are expressed or described in a writing," types

12 of expression that are not subject to copyright.  37 CFR § 202.1(b).  Incorporation

13 of ideas of this nature into a Work is not protected.  *Id.*

14     In addition, Plaintiff Russell testified that a sub-heading was incorporated

15 verbatim into the Work.  This is a word or short phrase that is not subject to

16 copyright protection.  37 CFR § 202.1(a).  Incorporation of headings, as short

17 phrases, are not subject to copyright protection.  *Id.*

18     Copyright expression extends to literary works that are "original works of

19 authorship fixed in any tangible medium of expression, now known or later

20 developed, from which they can be perceived, reproduced, or otherwise

21 communicated."  17 U.S.C. § 102(a)(1).  "In no case does copyright protection for

22 an original work of authorship extend to any idea, procedure, process, system,

23 method of operation, concept, principle, or discovery, regardless of the form in

24 which it is described, explained, illustrated, or embodied in such work."  17 U.S.C.

25 § 102(b).  As a result, the copyrights in the Third, Fourth, and Sixth Editions are not

26 infringed based on how they are incorporated into the Work, because the Work's

27 similarities to the Third, Fourth, and Sixth Editions are limited to "rationale" and

28 "organization," concepts that cannot be protected under the Copyright Act.  See

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

**DEFTS NOTICE OF MOT. AND MOT. FOR PARTIAL SUMMARY JUDGMENT AND OR
SUMMARY ADJUDICATION; AND MEMO OF P&A's IN SUPPORT THEREOF**

165935.5

1   also Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT, §

2   7.16[B][5][B] ("So long as the infringement relates to material common to both the

3   underlying and derivative work, the copyright owner can simply allege violation of

4   the former . . . . But a different dynamic unfolds under particular circumstances.

5   Let us imagine that the materials copied from the derivative work consist only of

6   the newly added components.  Under that circumstance, registration of the

7   underlying work alone cannot suffice to support a complaint against copying of

8   only those separate elements that went into creation of the derivative work."  Here,

9   Plaintiffs do not allege any copying of specific elements in the Third, Fourth, or

10  Sixth Editions, so the prior registration of any of those Prior Works could not

11  support a claim of infringement based on distribution of sales of copies of the

12  Work.

13          Even if there is some sort of infringement of the Third, Fourth, and Sixth

14          Editions for which Plaintiffs can recover statutory damages, they can only

15          recover one award of statutory damages.  Melville B. Nimmer & David

16          Nimmer, NIMMER ON COPYRIGHT, § 14.04[E][1][b] ("That is, in

17          determining whether more than one "work" has been infringed for the

18          purpose of multiple statutory damages awards, 'all the parts of a compilation

19          or derivative work constitute one work.")

20  **E.**     **There Is No Willful Conduct As To The Third, Fourth, And Sixth**

21          **Editions**

22          There is no willful conduct as to the purported Prior Works.  Defendants

23  Kordic and Vollandt were unaware of the existence of the purported Prior Works

24  until Plaintiffs sought leave to file an Amended Complaint.  The notice of copyright

25  in the Work, which Defendants did not see, did not indicate that the copyright in the

26  Work was derivative of other copyrights.  Given that Defendants Kordic and

27  Vollandt lacked notice of the copyrights in the Third, Fourth, and Sixth editions,

28  they lacked willful intent to infringe on the Prior Works.  In addition, given that the

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

1    Work was not registered as derivative, Defendants Kordic and Vollandt were not

2    willfully blind to the copyrights in the Third, Fourth, and Sixth Editions.

3    **F.     There Is No Contributory Infringement**

4         "The three elements required to prove a [party] liable under the theory of

5    contributory copyright infringement are: (1) direct infringement by a primary

6    infringer, (2) knowledge of the infringement, and (3) material contribution to the

7    infringement." *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1148-

8    1149 (N.D. Cal. 2010) (citation and quotation marks omitted).  The Amended

9    Complaint alleges that Defendants Kordic and Vollandt committed contributory

10   infringement by distributing the Work and the Third, Fourth, and Sixth Editions "in

11   electronic format with the intention that recipients of the books would reproduce

12   and distribute" the Work, Third, Fourth, and Sixth Editions.  Amended Compl. ¶¶

13   58, 68.  Plaintiffs have introduced no evidence that anyone – other than persons

14   acting with Plaintiffs' permission with regard to the Work (such as the person who

15   allegedly forwarded the Work to Plaintiff Russell) – reproduced or distributed the

16   Third Edition, Fourth Edition, Sixth Edition, or the Work.  As a result, there is no

17   primary infringer and Plaintiffs' Third and Fourth Claims for contributory

18   infringement fail as a matter of law.  As there is no direct infringement, there is no

19   contributory infringement.

20        The claims for contributory infringement of the Third, Fourth, and Sixth

21   Editions also fail because there is no contributory infringement of these copyrights

22   by Defendants Vollandt and Kordic.

23

24

25   ///

26   ///

27   ///

28

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

**DEFTS NOTICE OF MOT. AND MOT. FOR PARTIAL SUMMARY JUDGMENT AND OR
SUMMARY ADJUDICATION; AND MEMO OF P&A's IN SUPPORT THEREOF**
165935.5

**V.   CONCLUSION**

For the reasons set forth above, Defendants request that the Court grant partial summary judgment.  In the alternative, Defendant requests that the Court grant summary adjudication on a portion of Plaintiffs' claims.

Respectfully submitted,

DATED:  January 3, 2014        **BAUTE CROCHETIERE & GILFORD LLP**

BY:   /s/ LAURA E. ROBBINS                .
             MARK D. BAUTE
             LAURA E. ROBBINS
       Attorneys for Defendants TIMOTHY KORDIC
       AND LORI VOLLANDT

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225