1   **BAUTE CROCHETIERE & GILFORD LLP**
    MARK D. BAUTE - **State Bar No. 127329**
2   mbaute@bautelaw.com
    LAURA E. ROBBINS – **State Bar No. 234652**
3   lrobbins@bautelaw.com
    777 South Figueroa Street, Suite 4900
4   Los Angeles, California 90017
    Telephone: (213) 630-5000
5   Facsimile: (2130 683-1225

6
    Attorneys for Defendants
7   TIMOTHY KORDIC and LORI VOLLANDT

8              **UNITED STATES DISTRICT COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

10

11  JOHN T. FODOR, an individual; GUS     **Case No. CV12-08090 DMG (CWx)**
    T. DALIS, an individual; and SUSAN    [Assigned for the All Purposes to Hon.
12  C. GIARRATANO RUSSELL, an             Dolly M. Gee]
    individual,
13                                         Complaint Filed: September 19, 2012
                    Plaintiffs,
14                                         **DEFENDANTS TIMOTHY**
           v.                              **KORDIC AND LORI**
15                                         **VOLLANDT'S OPPOSITION TO**
    LOS ANGELES UNIFIED SCHOOL            **PLAINTIFFS' MOTION FOR**
16  DISTRICT, a public entity; LORI       **PARTIAL SUMMARY**
    VOLLANDT, an individual;              **JUDGMENT**
17  TIMOTHY KORDIC, an individual;
    and DOES 1 through 10, inclusive.     **Hearing**
18                                         **DATE:              February 28, 2014**
                    Defendants.           **TIME:              3:00 p.m.**
19                                         **COURTROOM:    7**
20
                                           Trial Date:  May 6, 2014
21                                         PTC Date:    April 8, 2014

22

23

24

25

26

27

28

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA  90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

# TABLE OF CONTENTS

Page(s)

I.   INTRODUCTION ................................................................................... 1

II.  STATEMENT OF FACTS ..................................................................... 1

   A.   Plaintiffs Copyright the Work.................................................... 1

   B.   The Alleged Prior Works ........................................................... 3

   C.   Alleged Similarities Between the Work and the Prior Works............. 3

   D.   Defendants Kordic and Vollandt Distribute What They Think
        Is a Free Publication.................................................................. 5

   E.   Defendants Kordic and Vollandt Lacked Willful Intent.................... 9

   F.   Defendants Kordic and Vollandt Had No
        Access to the Prior Works ........................................................ 10

III. ARGUMENT ....................................................................................... 10

   A.   Legal Standard ....................................................................... 10

   B.   Defendants Should Not Be Held Liable for Copyright
        Infringement Because They Did Not Distribute Identical or
        Substantially Similar Copies of the Works ............................... 10

        1.   Plaintiffs Cannot Meet Their Burden of Proof that They
             Own the Copyrights to the Works ...................................... 12

        2.   Plaintiffs Cannot Meet Their Burden of Proof that
             Defendants Infringed Their Copyrights in the Works .............. 14

             a.   Defendants Did Not Have Access to the Third
                  Edition, Fourth Edition, or Sixth Edition ...................... 14

             b.   Defendants Did Not Distribute Idential or
                  Substantially Similar Copies of Plaintifs' Works .......... 14

                  (1)   The Work ........................................................ 15

                  (2)   Plaintiffs Did Not Directly Infringe the
                        Third, Fourt, or Sixth Editions ............................ 15

                  (3)   The Third, Fourth, and Sixth Eidtions Have
                        Not Been Infringed Based Upon Their
                        Incorporation into the Work ............................... 17

   C.   Plaintiffs Cannot Meet Their Burden of Proof that
        Defendants Are Liable for Contributory Infringement.................. 20

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA. 90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

Page(s)

D.    Plaintiffs Are Not Entitled to Statutory Damages .............................21

E.    Defendants Have Not Committed Willful Infringement ...................22

    1.    Defendant Vollandt Was Unaware of the Infringement...........23

    2.    Defendant Kordic Was Unaware of the Infringement..............24

VI.    CONCLUSION ...........................................................................................25

**BAUTE CROCHETIERE & GILFORD LLP**
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

USDC Case No. CV12-08090 DMG (CWx)

**DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT**

166433.1

1

## <u>TABLE OF AUTHORITIES</u>

2

3
Page(s)

4

### Federal Cases

5

6
*Anderson v. Liberty Lobby, Inc.*
        477 U.S. 242 (1986) ................................................................. 11

7
*Berkic v. Crichton,*
        761 F.2d 1289 (9th Cir. 1984)................................................ 11, 14

8

9
*Cavalier v. Random House, Inc.,*
        297 F.3d 815 (9th Cir. 2002)................................................... 14-16

10
*Chi-Boy Music v. Charlie Club, Inc.,*
        930 F.2d 1224 (7th Cir. 1991) ................................................ 23

11

12
*DocMagic, Inc. v. Ellie Mae, Inc.,*
        745 F. Supp. 2d 1119 (N.D. Cal. 2010) ................................. 20

13
*Dolman v. Agee,*
        157 F.3d 708 (9th Cir. 1998) .................................................. 22

14

15
*Express, LLC v. Forever 21, Inc.,*
        2010 U.S. Dist. LEXIS 91705 (C.D. Cal. Sept. 2, 2010).......... 17

16
*Folio Impressions, Inc. v. Byer California,*
        937 F.2d 759 (2d Cir. 1991) ................................................... 11

17

18
*Fleischer Studios v. A.V.E.L.A., Inc.,*
        636 F.3d 1115 (9th Cir. 2011) ............................................... 11

19
*Funky Films, Inc. v. Time Warner Entm't Co., L.P.,*
        462 F.3d 1072 (9th Cir. 2006) ............................................... 15-16

20

21
*House v. Bell,*
        547 U.S. 518 (2006) ........................................................ 11, 14-15

22
*Island Software & Computer Serv., Inc. v. Microsoft Corp.,*
        413 F.3d 257 (2d Cir. 2005)................................................... 22

23

24
*Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.,*
        658 F.3d 936 (9th Cir. 2011) ................................................. 22

25
*Metcalf v. Bochco,*
        294 F.3d 1069 (9th Cir. 2002).............................................. 15

26
*Peer Int'l Corp. v. Pausa Records, Inc.,*
        909 F.2d 1332 (9th Cir. 1990) ............................................... 22

27

28

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

**DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT**

166433.1

Page(s)

*Russ Berrie & Co. v. Jerry Elsner Co.*,
   482 F. Supp. 980 (S.D.N.Y. 1980) ................................................................. 12

*Russell v. Price*,
   612 F.2d 1123 (9th Cir. 1979) ...................................................................... 17

*Shaw v. Lindheim,*
   919 F.2d 1353 (9th Cir. 1990) ................................................................ 14, 16

*Warner Bros. Home Entm't v. Jimenez,*
   2013 U.S. Dist. LEXIS 97139 (C.D. Cal. July 8, 2013) ............................... 15

## Federal Laws & Statutes

Central District of Cal., Local Rule 56-1 ............................................................. 19

37 CFR § 202.1(a) ............................................................................................... 18

37 CFR § 202.1(b) ............................................................................................... 18

Fed. R. Civ. P. 56(a) ........................................................................................... 11

17 U.S.C. § 102(a)(1) .......................................................................................... 18

17 U.S.C. § 102(b) ............................................................................................... 18

17 U.S.C. § 201(a) ............................................................................................... 11

17 U.S.C. § 401(c) ............................................................................................... 23

17 U.S.C. § 409 .................................................................................................... 12

17 U.S.C. § 410 .................................................................................................... 17

17 U.S.C. § 412(2) ............................................................................................... 21

17 U.S.C. § 504 .................................................................................................... 21

17 U.S.C. § 504(c) ............................................................................................... 21

17 U.S.C. § 504(c)(2) ........................................................................................... 22

17 U.S.C. § 505 .................................................................................................... 21

**BAUTE CROCHETIERE & GILFORD LLP**
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

Page(s)

**Other Authorities**

Melville B. Nimmer and David Nimmer, NIMMER ON COPYRIGHT,
§ 5.01[A] (Matthew Bender, Rev. Ed. 2010) ................................................. 11

Melville B. Nimmer and David Nimmer, NIMMER ON COPYRIGHT,
§ 7.16[B][5][B] ................................................................................................. 19

Melville B. Nimmer and David Nimmer, NIMMER ON COPYRIGHT,
§ 7.16[C][1][b] ................................................................................................. 21

Melville B. Nimmer and David Nimmer, NIMMER ON COPYRIGHT,
§ 14.04[B][3][a] (2012) ............................................................................. 22, 24

Melville B. Nimmer and David Nimmer, NIMMER ON COPYRIGHT,
§ 14.04[E][1][b] ............................................................................................... 20

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendants Lori Vollandt and Timothy Kordic are health educators employed by the Los Angeles Unified School District.  Plaintiffs John T. Fodor ("Fodor"), Gus T. Dalis ("Dalis"), and Susan Giarratano Russell ("Russell") (collectively "Plaintiffs") are the authors of *Health Instruction in Schools, Planning, Implementing, and Evaluating* (the "Work."), which was published in 2010, with a copyright registered in 2012, and which had lower sales than Plaintiffs anticipated.

Defendant Kordic posted materials to an educational listserv, not for profit. The materials, which Defendant Vollandt (Defendant Kordic's supervisor) had received as an attachment to an email, were in PDF format that could be freely forwarded and were not password protected.  Plaintiffs contend, however, that the materials, which are a book, are copyrighted and that Defendants infringed on their copyright.

## II.   STATEMENT OF FACTS

### A.   Plaintiffs Copyright The Work

Plaintiffs are the authors of the work *Health Instruction In Schools, Planning, Implementing, and Evaluating* (the "Work").  January 1, 2014 Declaration of John T. Fodor ("Fodor Decl. ¶ 1).  The Work was published in 2010. *Id*. Exh. 1.  The date of copyright registration is June 26, 2012.  *Id*.  The copyright registration, TXu 1-811-639 does not state that it is derivative, nor does it state that it is a prior edition.  *Id*.  The copyright claimants are John T. Fodor, Gus T. Dalis, and Susan C. Giarratano Russell.  *Id*.

Plaintiffs Dalis, Fodor, and Russell contracted with booklocker.com, "a self-publishing type of arrangement," to sell copies of the Work.  January 17, 2014

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

Statement of Genuine Issues ("SGI") No. 27; January 3, 2014 Robbins Decl. ("Robbins Decl."), Exh. C, Dalis Depo. at 31:14-32:4.[1]  They agreed that this was the "best avenue" to release the Work to the public.  SGI No. 28; Robbins Decl. Exh. C, Dalis Depo. at 32:10-17.

Booklocker.com was the only entity that sold electronic copies of the Work in PDF format.  SGI No. 29; Robbins Decl. Exh. B, Russell Depo. at 49:25-50:8, 69:15-17.  The co-authors made the Work available in electronic format, in addition to a traditional format, to get "more, different kinds of opportunities to buy the book."  SGI No. 30; Robbins Decl. Exh. D, Fodor Depo. at 73:14-24.

Plaintiff Russell purchased an electronic copy of the Work from booklocker.com on June 13, 2012.  SGI No. 31; Robbins Decl. Exh. F, FODOR 001259-61; Exh. B, Russell Depo. at 50:3-51:2 (authenticated), 51:7-9.  There was no password protection on the electronic copy of the Work.  SGI No. 32; Robbins Decl. Exh. B, Russell Depo. at 51:16-22.  Plaintiff Russell did not forward an electronic copy of the Work to her co-authors.  SGI No. 33; Robbins Decl. Exh. B, Russell Depo. at 52:12-22.  Plaintiff Fodor, however, somehow also received an electronic copy of the Work.  SGI No. 34; Robbins Decl. Exh. D, Fodor Depo. at 34:4-35:1.

Plaintiff Fodor does not need a password to open the electronic version of the Work in his possession.  SGI No. 35; Robbins Decl. Exh. D, Fodor Depo. at 74:11-15.  Plaintiff Dalis was "just appalled at how easy it was" to send electronic copies of the Work.  SGI No. 36; Robbins Decl. Exh. C, Dalis Depo. at 59:17-22.  Plaintiffs did not discontinue the e-book upon learning that it could be freely forwarded, nor did they find a way to prevent distribution of electronic copies of the Work.  SGI No. 37; Robbins Decl. Exh. D, Fodor Depo. at 98:18-99:25.

---

[1] Given the overlapping issues and evidence in the parties' cross motions for summary judgment, the Declarations of Laura E. Robbins, Timothy Kordic, and Lori Vollandt cited here were filed in support of Defendants' Motion for Partial Summary Judgment.  See Docket Nos. 64-68.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA  90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

Sales of the Work failed to meet the author's expectations.  SGI No. 38; Robbins Decl. Exh. C, Dalis Depo. at 43:9-17.  In 2011, Plaintiffs received small amounts of royalties for sales of the book.  SGI No. 39; Robbins Decl. Exh. C, Dalis Depo. at 39:10-13.

**B.      The Alleged Prior Works**

Plaintiffs allege that copyrights were obtained in six prior works which they allege are prior editions of the work (collectively the "Prior Works"):

- *Health Instruction: Theory and Application, First Edition*, John T. Fodor and Gus T. Dalis (1966) ("First Edition");

- *Health Instruction: Theory and Application, Second Edition*, John T. Fodor and Gus T. Dalis (1974) ("Second Edition");

- *Health Instruction: Theory and Application, Third Edition*, John T. Fodor and Gus T. Dalis (1981) ("Third Edition");

- *Health Instruction: Theory and Application, Fourth Edition*, John T. Fodor and Gus T. Dalis (1989) ("Fourth Edition");

- *Health Instruction: Theory and Application, Fifth Edition*, John T. Fodor, Gus T. Dalis and Susan C. Giarratano (1994) ("Fifth Edition"); and

- *Health Instruction Theory and Application, Sixth Edition*[2], John T. Fodor, Gus T. Dalis, and Susan C. Giarratano Russell (2002) ("Sixth Edition").

Amended Complaint ¶¶ 14-19.

**C.      Alleged Similarities Between The Work And The Prior Works**

All of the Plaintiffs characterize the similarities between the Work and the Prior Works as the fact that they all employ the same rationale.  According to the Plaintiffs, the Work is a new book but it is also a "new edition" because it "used the

---

[2] The Sixth Edition is not currently in print.  SGI No. 41; Robbins Decl. Exh. D, Fodor Depo. at 50:24-51:3.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

1  same rationale" as the prior editions.   SGI No. 40; Robbins Decl. Exh. D, Fodor

2  Depo. at 39:11-40:7.  The title of the Work, which differs from the titles of the

3  Prior Works, does not include the phrase "Seventh Edition," "Revised Edition," or

4  any other reference to any of the Prior Works. Fodor Decl. Exh. A.

5          Plaintiff Dalis, who drafted sections of the Work, stated, "Our strategy for

6  rewriting the book was to review what chapters we wanted to include from previous

7  text, how we would change possibly the titles of those chapters, and then we

8  discussed each of those chapters over a long course of time, and then we assigned

9  the principal responsibility for the rewriting of these chapters, which included

10 researching, developing, and designing the chapter, which was then brought to the

11 group as a whole and you got pummeled, you got evaluated by your coauthors, in a

12 kind way, so that we could improve it.  That's what writing is all about.  Writing

13 doesn't take place until you rewrite.  So there were many rewrites of the individual

14 chapters of the text."  SGI No. 42; Robbins Decl. Exh. C, Dalis Depo. at 29:22-

15 30:10.  Plaintiff Dalis explained that "some portions of the sixth edition are

16 incorporated in the book, as are portions of the previous editions, one two, three,

17 incorporated in the book."  SGI No. 43; Robbins Decl. Exh. C, Dalis Depo. at

18 46:15-20.  He added that "The textbook from the very beginning is based on a

19 rationale, a series of questions, and the book seeks to address those questions, and it

20 is the template, the rationale is the template for the book, the first edition, and has

21 continued, with very little change, as the template for the subsequent editions.  The

22 template represents the issues that need to be addressed to make rational decisions

23 about instruction, specifically health instruction.  So it is a strategy for designing

24 implementing rational health education programs." SGI No. 44; Robbins Decl. Exh.

25 C, Dalis Depo. at 46:22-47:11.   Plaintiff Fodor explained that the Work "used the

26 same rationale" as the Prior Works.  SGI No. 45; Robbins Decl. Exh. D, Fodor

27 Depo. at 23:11-24:1.

28

**DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT**

166433.1

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA  90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

The Work was written in 2008-2010. SGI No. 46; Robbins Decl. Exh. B, Russell Depo. at 55:4-23. The Prior Works were used as a "reference" because the "rationale remained the same, the organization of all of the books remained basically the same throughout the editions." SGI No. 47; Robbins Decl. Exh. B, Russell Depo. at 56:25-57:17. The Sixth Edition is incorporated into the Work due to the same "rationale" and organization. Some "content is exact or verbatim." SGI No. 48; Robbins Decl. Exh. B, Russell Depo. at 61:21-62:5. Plaintiff Russell elaborated that "sections and subheadings and organization" may be exact, such as the subheading "organizing health instruction." SGI No. 49; Robbins Decl. Exh. B, Russell Depo. at 62:7-62:25.

The Sixth Edition was an "entirely different" edition because "it created two other sites rather than just schools." SGI No. 50; Robbins Decl. Exh. D, Fodor Depo. at 47:11-24. The Sixth Edition used the same rationale as previous editions. SGI No. 51; Robbins Decl. Exh. D, Fodor Depo. at 48:6-14. The Sixth Edition is incorporated into the Work because it uses the "same rationale," which is "how you plan, how you implement, which was part of the other editions." SGI No. 52; Robbins Decl. Exh. D, Fodor Depo. at 52:10-22.

The Fourth Edition is incorporated into the Work because of "similarities" as they have the same rationale for "how you plan, how you evaluate, learning opportunities that you use, or teaching techniques and things like that." SGI No. 53; Robbins Decl. Exh. D, Fodor Depo. at 60:9-21. The editions have different wording but "essentially the same rationale." SGI No. 54; Robbins Decl. Exh. D, Fodor Depo. at 60:9-21. See e.g., Fodor Decl. Exhs. 2 (Sixth Edition), 3 (Fourth Edition), and 4 (Third Edition).

**D.     Defendants Kordic And Vollandt Distribute What They Think Is A Free Publication**

Plaintiffs aver that the allegedly infringing conduct occurred on June 13, 2012 and June 14, 2012. Amended Complaint ¶¶ 31, 34. Defendant Vollandt

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000    Facsimile: (213) 683-1225

received an electronic copy of a PDF by e-mail.  SGI No. 55; January 3, 2014 Declaration of Lori Vollandt ("Vollandt Decl.") ¶ 2.  Although she is not certain, she thinks she received the PDF from Ric Loya, a former employee of the Los Angeles Unified School District's Health Education Department.  SGI No. 56; Vollandt Decl. ¶ 2.  Defendant Vollandt was Ric Loya's supervisor at LAUSD.  SGI No. 57; Robbins Decl. Exh. K, Loya Depo. at 16:12-24.  They continued to communicate after Mr. Loya's retirement, including sending emails.  SGI No. 58; Robbins Decl. Exh. K, Loya Depo. at 17:8-11, 18:9-12.

Loya purchased an electronic copy of the Work on November 25, 2010.  SGI No. 59; Robbins Decl. Exh. L, FODOR 001217-20; Exh. K, Loya Depo. at 26:25-28:1.  He does not recall what he did with it, nor does he recall if he distributed it to anyone.  SGI No. 60; Robbins Decl. Exh. K, Loya Depo. at 28:1-6.  Loya doesn't recall if he sent a copy of the Work to Lori Vollandt.  SGI No. 61; Robbins Decl. Exh. K, Loya Depo. at 56:24-57:2.[3] [4]

Defendant Vollandt quickly skimmed the PDF and noticed that Plaintiff Gus Dalis, with whom she was acquainted as a result of his prior employment with the Los Angeles County Office of Education, was an author.  SGI No. 67; Vollandt Decl. ¶ 3.  Dalis had been the director of the Center for Health Education at the Los Angeles County Office of Education.  SGI No. 68; Robbins Decl. Exh. C, Dalis Depo. at 12:25-13:8.

---

[3] Russell sent Ric Loya four copies of the Work that he could distribute without restrictions.  SGI No. 62; Robbins Decl. Exh. B, Russell Depo. at 79:14-80:16.  These copies were for the use of the CASHE board.  SGI No. 63; Robbins Decl. Exh. B, Russell Depo. at 43:22-44:1.  As there were more than four CASHE board members, they had to share the four copies of the Work.  SGI No. 64; Robbins Decl. Exh. B, Russell Depo. at 82:15-23.  Loya also purchased a paper copy of the Work on November 23, 2010.  SGI No. 65; Robbins Decl. Exh. M, FODOR 001215-16, Exh. K, Loya Depo. at 28:7-29:19 (authenticated).

[4] Loya and Defendant Kordic did not have a good working relationship and Loya has a negative opinion of Kordic.  SGI No. 66; Robbins Decl. Exh. K, Loya Depo. at 20:4-16.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA. 90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

Defendant Vollandt believed that the PDF was a freely distributable Los Angeles County health publication because of her knowledge of Gus Dalis's former affiliation with the Los Angeles County Office of Education and because she received the Work as a PDF attachment that could be freely forwarded. SGI No. 69; Vollandt Decl. ¶ 4. In her experience as an educator, electronic copies of copyrighted textbooks cannot be forwarded and require special codes or passwords to access. SGI No. 70; Vollandt Decl. ¶ 4. She did not look closely enough at the PDF to notice whether it contained a copyright notice. SGI No. 71; Vollandt Decl. ¶ 4. Defendant Vollandt, the Coordinator of the Los Angeles Unified School District Health Education Programs, used to have a staff of 35 employees. SGI No. 72; Vollandt Decl. ¶ 5. Due to budget cuts, her staff has been cut to solely herself and Timothy Kordic, a project advisor for the Los Angeles Unified School District Health Education Programs, HIV/AIDS Prevention Unit. SGI No. 73; Vollandt Decl. ¶ 5. Due to this lack of resources, Defendant Vollandt did not have the time herself nor did she have a supervisee to review the PDF before posting it to the listserv. SGI No. 74; Vollandt Decl. ¶ 5. Defendant Vollandt forwarded the PDF to Timothy Kordic, her direct report, instructing him to post the Work to a listserv he maintained, as she believed was required by California Education Code § 51935. SGI No. 75; Vollandt Decl. ¶ 5.

Defendant Kordic, who also quickly skimmed the PDF and believed it to be a County health publication, posted the PDF to the listserv in order to comply with California Education Code § 51935. SGI No. 76; January 2, 2014 Declaration of Timothy Kordic ("Kordic Decl.") ¶ 2 & Exh. A. Timothy Kordic's belief was based on his working relationship with Plaintiff Gus Dalis through their mutual work with the American Cancer Society. SGI No. 77; Kordic Decl. ¶ 2. Plaintiff Dalis confirmed that he knows Timothy Kordic through the American Cancer Society. SGI No. 78; Robbins Decl. Exh. C, Dalis Depo. at 23:16-24:9. In the email through which he distributed the PDF to other health teachers, Defendant

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA. 90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

1    Kordic stated that he was providing a resource.  SGI No. 79; Kordic Decl. ¶ 2 &

2    Exh.  A.

3        Defendant Kordic also sent the PDF to Plaintiff Susan Giarratano Russell,

4    who provided a false name and the false identify of substitute teacher Gail Tonkiss

5    in requesting a copy of the PDF.  SGI No. 80; Kordic Decl. ¶ 3.  After learning of

6    the alleged infringement, on June 13, 2012, Plaintiff Russell sent an email to Kordic

7    in which she states, "I am sub for the district.  One of the classes I teach is health.  I

8    heard you had a good resource book for health teachers.  Would you please share it

9    with me?"  SGI No. 81; Robbins Decl. Exh. N, FOD000322; Exh. B, Russell Depo.

10   at 46:10-47:10 (authenticated).  She identified herself as a substitute teacher for the

11   Los Angeles Unified School District named Gail Tonkiss because she "supposed he

12   wouldn't send it to [her], send [her] the copy, if [she] used [her] name to request it."

13   SGI No. 82; Robbins Decl. Exh. B, Russell Depo. at 47:11-17.  Gail Tonkiss had

14   not given Russell permission to use her name.  SGI No. 83; Robbins Decl. Exh. B,

15   Russell Depo. at 47:23-25.  Plaintiff Kordic who had distributed the PDF without

16   making note of it or paying any attention to it, had to think about what she was

17   requesting.  SGI No. 84; Kordic Decl. ¶ 3.  He responded to the email on June 15,

18   2012 with an email that reads "I send so many things out, not sure which one, but

19   assuming this might be it, since I had just sent it out...."  SGI No. 85; Kordic Decl.

20   ¶ 3 & Exh. B.

21       On June 13, 2013, Bridget Brownell, a teacher employed by the Los Angeles

22   Unified School District, emailed Defendant Kordic and confirmed that she had

23   received the PDF.  SGI No. 86; Kordic Decl. ¶ 4 & Exh. C.  She asked if he had

24   purchased the rights to the PDF.  SGI No. 87; *Id*.  Defendant Kordic responded, "It

25   was provided to me by my supervisor Lori Vollandt, who e-mailed it to me to send

26   out.  I had nothing to do with it.  When your boss tells you to do something, you do

27   it.  Regardless, it is a good resource.  Not sure how she got it, but I am assuming it

28   is legit."  SGI No. 88; *Id*.  This email reflected Defendant Kordic's lack of

**DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT**

1  knowledge about the PDF – that he was merely transmitting material at the

2  instruction of Lori Vollandt.  SGI No. 89; Kordic Decl. ¶ 4.

3  **E.    Defendants Kordic And Vollandt Lacked Willful Intent**

4  Neither Defendant Kordic nor Defendant Vollandt purchased a copy of the

5  PDF, which turned out to be the Work, in either electronic or paper format.  SGI

6  No. 90; Vollandt Decl. ¶ 6; Kordic Decl. ¶ 5.  In fact, Defendant Kordic and

7  Defendant Vollandt were unaware of the website booklocker.com until the

8  commencement of pre-litigation proceedings in this matter.  SGI No. 91; Vollandt

9  Decl. ¶ 6; Kordic Decl. ¶ 5.  Defendants Kordic and Vollandt did not know that the

10  Work was a copyrighted book.  SGI No. 92; Vollandt Decl. ¶ 6; Kordic Decl. ¶ 5.

11  They thought it was a freely distributable County health publication.  SGI No. 93;

12  Vollandt Decl. ¶ 6; Kordic Decl. ¶ 5.

13  Plaintiffs did not contact Defendants Kordic or Vollandt after learning of the

14  alleged infringement, nor did they send a cease and desist letter at the time they

15  learned of the infringement.  SGI No. 94; Robbins Decl. Exh. C, Dalis Depo. at

16  57:13-58:1; Exh. D, Fodor Depo. at 85:18-86:7, 112:9-19; Exh. B, Russell Depo. at

17  72:24-73:6.  After receiving a forwarded copy of the email to which Defendant

18  Kordic attached the Work, Plaintiff Russell did not respond to Defendant Kordic.

19  SGI No. 95; Robbins Decl. Exh. B, Russell Depo. at 96:10-97:22.

20  Three months after Defendant Kordic allegedly distributed the Work, Lori

21  Vollandt called Loya and asked whether CASHE was going to review the Work.

22  SGI No. 96; Robbins Decl. Exh. K, Loya Depo. at 46:24-47:25.  On September 21,

23  2012, Defendant Vollandt emailed Ric Loya and asked whether CASHE had

24  reviewed Gus Dalis's new book and whether LAUSD should consider using it.  SGI

25  No. 97; Vollandt Decl. ¶ 7 & Exh. A.  Loya sent an email confirming that

26  Defendant Vollandt's actions were like those of someone who had never seen the

27  Work or the email.  SGI No. 98; Robbins Decl. Exh. K, Loya Depo. Exh. 35; Exh.

28  P, Loya Depo. at 51:3-19 (authenticated), 52:15-53:1.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA  90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

1   Loya is unaware of Defendant Kordic posting copyrighted materials without

2   permission and he has not heard that Defendant Kordic has a reputation for

3   distributing copyrighted materials without permission.  SGI No. 99; Robbins Decl.

4   Exh. K, Loya Depo. at 62:16-23.

5   Defendant Russell learned of the alleged infringement from Ric Loya.  SGI

6   No. 100; Robbins Decl. Exh. B, Russell Depo. at 41:5-9; Exh. K, Loya Depo. at

7   37:7-20.  Loya helped Plaintiff Russell obtain a copy of the Work that Defendant

8   Kordic allegedly distributed.  SGI No. 101; Robbins Depo. Exh. O,

9   FODOR002827-28, Exh. B, Russell Depo. at 84:13-22 (authenticated).  On June

10   13, 2012, Loya emailed Defendant Russell that a woman he was working with

11   couldn't "stand the guy that sent" the email.  SGI No. 102; Robbins Decl. Exh. P,

12   FOD000607; Exh. B, Russell Depo. at 85:8-22 (authenticated).

13   **F.**   **Defendants Kordic And Vollandt Had No Access To The Prior Works**

14   Neither Defendant Kordic nor Defendant Vollandt had access to the Prior

15   Works.  SGI No. 103; Vollandt Decl. ¶ 8; Kordic Decl. ¶ 6.  Neither Defendant

16   Kordic nor Defendant Vollandt has viewed a copy of any of these Prior Works.

17   SGI No. 104; Vollandt Decl. ¶ 8; Kordic Decl. ¶ 6.  Neither Defendant Kordic nor

18   Defendant Vollandt purchased a copy of any of the Prior Works.  SGI No. 105;

19   Vollandt Decl. ¶ 8; Kordic Decl. ¶ 6.  Neither Defendant Kordic nor Defendant

20   Vollandt has previously had possession of one of the Prior Works.  SGI No. 106;

21   Vollandt Decl. ¶ 8; Kordic Decl. ¶ 6.  The Prior Works are not available in the Los

22   Angeles Unified School District libraries.  SGI No. 107; Vollandt Decl. ¶ 8; Kordic

23   Decl. ¶ 6.

24   In fact, neither Defendant Vollandt nor Defendant Kordic was aware of the

25   existence of any of the Prior Works.  SGI No. 108; Vollandt Decl. ¶ 9; Kordic Decl.

26   ¶ 7.  Defendants Kordic and Vollandt did not distribute the Third Edition, Fourth

27   Edition, or the Sixth Edition.   SGI No. 109; Vollandt Decl. ¶ 9; Kordic Decl. ¶ 7.

28

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA  90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

# III.   ARGUMENT

## A.   Legal Standard

Summary judgment is proper where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In evaluating a motion for summary judgment, a Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559-60 (2006).  "Material" facts are those that "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## B.   Defendants Should Not Be Held Liable For Copyright Infringement Because They Did Not Distribute Identical Or Substantially Similar Copies of The Works

To prove their copyright infringement claims, Plaintiffs must prove (1) plaintiffs' ownership of a valid copyright; (2) defendant's access to plaintiff's work; and (3) substantial similarity, in both idea and expression, between defendant's work and plaintiff's copyrighted work. *Berkic v. Crichton*, 761 F.2d 1289, 1291-92 (9th Cir. 1984).  In cases involving assignees of interest in the copyright, the plaintiff must also show chain of title from the original copyright owner. *Fleischer Studios v. A.V.E.L.A., Inc.*, 636 F.3d 1115, 1119-20 (9th Cir. 2011).  The copyright in a work created after January 1, 1978 "vests initially in the author or authors of the work." 17 U.S.C. § 201(a).  "[T]he person claiming copyright must either himself be the author, or he must have succeeded to the rights of the author." 1 Melville B. Nimmer and David Nimmer, NIMMER ON COPYRIGHT, § 5.01[A] at 5-4.1 (Matthew Bender, Rev. Ed. 2010).  In either case, the work must be original. *Folio Impressions, Inc. v. Byer California*, 937 F.2d 759, 763 (2d Cir. 1991).

**BAUTE CROCHETIERE & GILFORD LLP**
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

1    **1.      Plaintiffs Cannot Meet Their Burden Of Proof That They Own**

2            **The Copyrights To The Works**

3        Plaintiffs assert that they own the copyright to the Work and that its validity

4    is presumed.  Mot. at 6.  Plaintiffs, however, failed to register the Work as

5    derivative.  An application for copyright registration must contain "in the case of a

6    compilation or derivative work, an identification of any preexisting work or works

7    that it is based on or incorporates, and a brief, general statement of the additional

8    material covered by the copyright claim being registered."  17 U.S.C. § 409.

9    Plaintiffs assert that the Work is derivative of the Prior Works.  "The knowing

10   failure to advise the Copyright Office of facts which might have occasioned a

11   rejection of the application constitute reason for holding the registration invalid and

12   thus incapable of supporting an infringement action, 1 § 94, or denying

13   enforcement on the ground of unclean hands."  *Russ Berrie & Co. v. Jerry Elsner*

14   *Co.*, 482 F. Supp. 980, 988 (S.D.N.Y. 1980).  Here, Plaintiffs failed to register the

15   Work as derivative of the Prior Works, nor did they call it a Seventh Edition.  Thus,

16   the copyright registration to the Work is not presumed to be valid.

17       Plaintiffs further assert that they are the "authors and owners of the Sixth

18   Edition."  Mot. at 6.  Defendants do not dispute that Plaintiffs are the authors of the

19   Sixth Edition.  To the extent Plaintiffs contend they are the owners of the copyright

20   to the Sixth Edition, the purported assignment is limited and Kendall/Hunt

21   Publishing Company retained rights under it.  As a result, interpreting the evidence

22   in the light most favorable to Defendants, the non-moving party, Plaintiffs have

23   failed to meet their burden that they are the owners of the copyright to the Sixth

24   Edition.  Plaintiffs have further failed to meet their burden of proof that they are the

25   owners of the copyright to the Sixth Edition because the copyright registration

26   states that Kendall/Hunt Publishing Company became the owner of the copyright to

27   the Sixth Edition by "written agreement," which has not been produced in this

28

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA. 90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

**DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT**
166433.1

action, thus creating some ambiguity as to ownership and registration of the copyright.

Plaintiffs contend that they are the authors and owners or beneficial owners of the Fourth Edition and the Third Edition.  Mot. at 6.  To the extent Plaintiffs contend they are the owners of the copyright to the Fourth Edition and the copyright to the Third Edition, Plaintiffs have failed to offer evidence to meet their burden of proof.  Plaintiffs did not apply for the copyright in either the Third or the Fourth Edition.  As a result, they lack personal knowledge of what was deposited with the U.S. Copyright Office along with the application for registration.  They did not provide either a declaration from the person who deposited the items or a certified copy of what was deposited.  Interpreting all of the evidence in the light most favorable to Defendants, Plaintiffs have not proven that the Third Edition and the Fourth Edition are the materials that were submitted along with the copyright registrations Plaintiffs rely upon.

Plaintiffs have further failed to meet their burden of proof as to the chain of title by which they purportedly came to possess ownership of the copyrights to the Third Edition and the Fourth Edition.  Lippincott Williams & Wilkins (not Williams & Wilkins) purported to transfer a copyright in *Fodor: Health Instruction: Theory and Application* to an unnamed owner.  The document clearly refers to a copyright in the singular, rather than multiple copyrights.  It refers to a text named *Health Instruction: Theory and Application*.  As a result, it is unclear which edition, if any, the document is referring to.  Interpreting the evidence in the light most favorable to Defendants, Plaintiffs have not proven ownership or beneficial ownership of a copyright to either the Third Edition or the Fourth Edition.

**BAUTE CROCHETIERE & GILFORD LLP**
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

2.    **Plaintiffs Cannot Meet Their Burden Of Proof That Defendants Infringed Their Copyrights In The Works**

a.    **Defendants Did Not Have Access To The Third Edition, Fourth Edition, or Sixth Edition**

Plaintiffs argue that Defendants had access to the Work and distributed the Work "via email to the LAUSD Listerv mailing list." Mot. at 7. Defendant Vollandt does not admit that she distributed the Work to the LAUSD Listserv mailing list.

Plaintiffs have no proof that Defendants Vollandt and Kordic had access to the Third, Fourth, and Sixth Editions. Defendants Vollandt and Kordic deny having access to -- or knowledge of -- the Third, Fourth, and Sixth Editions. None of these Prior Works are available in the LAUSD library, nor are they widely disseminated. The Sixth Edition is out of print. Furthermore, the evidence offered by Plaintiffs that used editions of the Prior Editions were available on internet websites more than a year after the alleged infringement, in addition to being inadmissible on evidentiary grounds, fails to prove that Defendants had access to the Third, Fourth, and Sixth Editions at the time of, or prior to, the alleged infringement in early June, 2012.

b.    **Defendants Did Not Distribute Identical or Substantially Similar Copies of Plaintiffs' Works**

The Court applies a two part test to determine whether two works are substantially similar, an intrinsic test and an extrinsic test. *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9 Cir. 1990). The extrinsic test is an "objective comparison of specific expressive elements." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) (citation omitted). The extrinsic test involves a comparison of "not the basic plot ideas for stories, but the actual concrete elements that make up the total sequence of events and the relationships between the major characters." *Berkic*, 761 F.2d at 1293. "[P]rotectable expression includes the specific details of

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA. 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

1  an author's rendering of ideas." *Metcalf v. Bochco*, 294 F.3d 1069, 1074 (9th Cir.

2  2002). The inquiry is whether "the protectable elements, standing alone, are

3  substantially similar." *Cavalier v. Random House*, 297 F.3d 815, 822 (9th Cir.

4  2002).  The intrinsic test is a "subjective test" focusing on "whether the ordinary,

5  reasonable audience would find the works substantially similar in the total concept

6  and feel of the works." *Id.* (citation and quotation marks omitted).  "[T]he intrinsic

7  test, which examines an ordinary person's subjective impressions of the similarities

8  between two works, is exclusively the province of the jury." *Funky Films, Inc. v.*

9  *Time Warner Entm't* Co., L.P., 462 F.3d 1072, 1077 (9th Cir. 2006).

10              **(1)    The Work**

11      Plaintiffs argue that the copy of the Work distributed by Defendants is

12  identical to the copy of the Work copyrighted by Plaintiffs.  Mot. at 8.  Plaintiffs,

13  however, have failed to explain how the two Works are identical.  Furthermore,

14  Plaintiffs have introduced no evidence that Defendant Vollandt distributed a copy

15  of the Work that is identical to the Work.

16              **(2)    Plaintiffs Did Not Directly Infringe The Third, Fourth,**

17              **or Sixth Editions**

18      "Where there is no proof of access, the copyright holder may prove copying

19  by showing that the [plaintiff's] and [defendant's] works are strikingly similar."

20  *Warner Bros. Home Entm't v. Jimenez*, 2013 U.S. Dist. LEXIS 97139, at *11 (C.D.

21  Cal. July 8, 2013) (holding that striking similarity was present in identical

22  products).  As Plaintiffs are unable to show access to the Third, Fourth, or Sixth

23  Editions, they must prove striking similarity in order to establish direct

24  infringement of these Prior Works.  The Work is not strikingly similar to the Third

25  Edition, Fourth Edition, or the Sixth Edition.  The Third Edition is facially distinct

26  from the Work because it contains substantially different text and other elements.

27  Similarly, the Fourth Edition and the Sixth Edition are equally distinct from the

28  Work as they contain different text and other elements.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

Even assuming that Defendants somehow had access to the Third, Fourth, and Sixth Editions, they are not substantially similar to the Work.  Under the extrinsic test, the Third, Fourth, and Sixth Editions are different from the Work because they contain different protected elements.  "General plot ideas are not protected by copyright law; they remain forever the common property of artistic mankind." *Funky Films, Inc. v. Time Warner Entm''t Co.*, L.P., 462 F.3d 1072, 1081 (9th Cir. 2006) (citation omitted).  "Copyright law protects an author's expression; facts and ideas within a work are not protected." *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. Cal. 1990)  In evaluating a literary work, the elements analyzed under the extrinsic test include the type of artwork involved, the materials used, the subject matter, and the setting for the subject, plot, themes, dialogue, mood, setting, pace, sequence of events, and characters.  *Id*. at 1357.  Here, the Amended Complaint fails to list any actual concrete elements common to the Third, Fourth or Sixth Editions that appear in the Work.  At their depositions, Plaintiffs explained that the Third, Fourth, and Sixth Editions and the Work share a common rationale and method of organization that was developed for the First Edition.  They failed to identify other protected elements that are subject to copyright protection, such as textual passages.  The textual passages cited by Plaintiffs in Exhibit 7 to Mr. Fodor's Declaration, which are not material facts as they are not cited in the Statement of Undisputed Facts, interpreting the evidence in the light most favorable to Defendants, are not sufficient to satisfy the extrinsic test.  At most, they create factual disputes for trial.

The intrinsic test should only be applied by a jury.  Pursuant to the intrinsic test, however, the Third, Fourth, and Sixth Editions are sufficiently distinct that "the ordinary reasonable audience" would not find them to be "substantially similar in the total concept and feel of the works."  *Cavalier*, 297 F.3d at 822.  As a result, they are not substantially similar under either the intrinsic test or the extrinsic test.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA  90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

**DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT**
166433.1

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA  90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

1   Assuming *arguendo* that the Third, Fourth, and Sixth Editions are

2   substantially similar to the Work, there is no infringement of these Prior Works.

3   Plaintiffs conceded at their depositions that the rationale and organization of the

4   Prior Editions are common throughout all versions of the Work, beginning with the

5   First Edition.  Given that the First, Second, and Fifth Editions are not at issue in this

6   action, Plaintiffs cannot seek to recover for the use of elements created and

7   copyrighted in connection with these works.  As the structural and organizational

8   elements are copyrighted in the First Edition, in which they first appear, they are

9   original to the First Edition (not the Third, Fourth, or Sixth Editions).  It is only the

10  new elements introduced in the Third, Fourth, and Sixth Editions that are protected

11  under their derivative copyrights.  *Russell v. Price*, 612 F.2d 1123, 1128 (9th Cir.

12  1979) (stating that "a derivative copyright protects only the new material contained

13  in the derivative work, not the matter derived from the underlying work.")

14  **(3)     The Third, Fourth, And Sixth Editions Have Not Been**

15  **Infringed Based Upon Their Incorporation Into The**

16  **Work**

17  The copyrights in the Third, Fourth, and Sixth Editions (along with the First,

18  Second, and Fifth editions) are not infringed based upon these Prior Works'

19  incorporation into the Work.  Plaintiffs did not register the Work as derivative.

20  Registration creates a rebuttable presumption of the validity of a copyright.  17

21  USC § 410 ("In any judicial proceedings the certificate of a registration made

22  before or within five years after first publication of the work shall constitute prima

23  facie evidence of the validity of the copyright and of the facts stated in the

24  certificate.").   As a result, the registration of the Work as an original work that is

25  independent of the Prior Works is presumed to be valid.  *See Express, LLC v.*

26  *Forever 21, Inc.*, 2010 U.S. Dist. LEXIS 91705 at *20 (C.D. Cal. Sept. 2, 2010)

27  (stating that courts have granted summary judgment against copyright owners on

28  the ground that they failed to state on their copyright registration that the material

**DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT**

1    was derived from other pre-existing works).  Given that the Work is not registered

2    as a derivative copyright, Plaintiffs have the burden to prove which elements of the

3    Prior Works are incorporated into the Work.

4         Plaintiffs Dalis, Fodor, and Russell's explanation of how the Prior Works are

5    incorporated into the Work reveals that the copyrights in the Third, Fourth, and

6    Sixth Editions are not infringed based on any alleged infringement of the Work.

7    Plaintiffs testified at their depositions that the rationale and organization of the

8    Prior Works are incorporated into the Work.  They did not testify that any elements

9    of the Prior Works are incorporated into the Work.  The rationale and method of

10   organization are "ideas, plans, methods, systems, or devices, as distinguished from

11   the particular manner in which they are expressed or described in a writing," types

12   of expression that are not subject to copyright.   37 CFR § 202.1(b).  Incorporation

13   of ideas of this nature into a Work is not protected.  *Id.*

14        In addition, Plaintiff Russell testified that a sub-heading was incorporated

15   verbatim into the Work.  This is a word or short phrase that is not subject to

16   copyright protection.  37 CFR § 202.1(a).  Incorporation of headings, as short

17   phrases, are not subject to copyright protection.  *Id.*

18        Copyright expression extends to literary works that are "original works of

19   authorship fixed in any tangible medium of expression, now known or later

20   developed, from which they can be perceived, reproduced, or otherwise

21   communicated."  17 U.S.C. § 102(a)(1).  "In no case does copyright protection for

22   an original work of authorship extend to any idea, procedure, process, system,

23   method of operation, concept, principle, or discovery, regardless of the form in

24   which it is described, explained, illustrated, or embodied in such work." 17 U.S.C.

25   § 102(b).  As a result, the copyrights in the Third, Fourth, and Sixth Editions are not

26   infringed based on how they are incorporated into the Work, because the Work's

27   similarities to the Third, Fourth, and Sixth Editions are limited to "rationale" and

28

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA  90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

**DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT**
166433.1

1   "organization," concepts that cannot be protected under the Copyright Act.  See

2   also Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT,

3   § 7.16[B][5][B] ("So long as the infringement relates to material common to both

4   the underlying and derivative work, the copyright owner can simply allege violation

5   of the former . . . . But a different dynamic unfolds under particular circumstances.

6   Let us imagine that the materials copied from the derivative work consist only of

7   the newly added components.  Under that circumstance, registration of the

8   underlying work alone cannot suffice to support a complaint against copying of

9   only those separate elements that went into creation of the derivative work.")  Here,

10  Plaintiffs do not allege any copying of specific elements in the Third, Fourth, or

11  Sixth Editions, so the prior registration of any of those Prior Works could not

12  support a claim of infringement based on distribution or sales of copies of the

13  Work.

14        The comparison chart offered as Exhibit 7 to John Fodor's declaration

15  contains alleged comparisons between the Work and the Third, Fourth, and Sixth

16  Editions.  The passages, however, are not cited in the Separate Statement.  As a

17  result, they are not material facts that should be considered in support of the

18  Motion.  See Central District of California Local Rule 56-1 (stating that the

19  Statement of Uncontroverted Facts and Conclusions of Law "shall set forth the

20  material facts as to which the moving party contends there is no genuine dispute.")

21  Furthermore, these alleged comparisons were not made by Plaintiffs at their

22  depositions.  In addition, these alleged comparison passages are, when viewed in

23  the light most favorable to Defendants, insufficient to create substantial similarity.

24  For instance, Plaintiffs assert that an excerpt from the Preface of the Third Edition,

25  Fourth Edition, Sixth Edition, and the Work "provides an accurate representation of

26  the substantial similarities between each Edition."  Mot. at 9.  Any elements, such

27  as structure or organization, that originated with the First Edition are not infringed.

28  *Russell*, 612 F.2d at 1128.  Interpreting the evidence in the light most favorable to

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

**DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT**
166433.1

1   Defendants, one could reasonably conclude that there is similarity of ideas but no

2   similarity of expression nor of other protected elements or that elements original to

3   the Third, Fourth, and Sixth Editions are not infringed.  As a result, the Third,

4   Fourth, and Sixth Editions have not been infringed as a matter of law based upon

5   their incorporation into the Work.

6        Even if there is some sort of infringement of the Third, Fourth, and Sixth

7   Editions for which Plaintiffs can recover statutory damages, they can only recover

8   one award of statutory damages.  Melville B. Nimmer & David Nimmer, NIMMER

9   ON COPYRIGHT, § 14.04[E][1][b] ("That is, in determining whether more than one

10  "work" has been infringed for the purpose of multiple statutory damages awards,

11  'all the parts of a compilation or derivative work constitute one work.")

12  **C.    Plaintiffs Cannot Meet Their Burden of Proof That Defendants Are**

13       **Liable For Contributory Infringement**

14       "The three elements required to prove a [party] liable under the theory of

15  contributory copyright infringement are: (1) direct infringement by a primary

16  infringer, (2) knowledge of the infringement, and (3) material contribution to the

17  infringement." *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1148-

18  1149 (N.D. Cal. 2010) (citation and quotation marks omitted).  Plaintiffs assert that

19  Defendant Vollandt materially contributed to Defendant Kordic's infringement by

20  emailing a copy of the Work to him and instructing him to distribute it.  Mot. at 13.

21  Plaintiffs, however, lack proof that the copy of the Work that Vollandt sent to

22  Kordic was substantially similar to their copyrighted Work.

23       Plaintiffs further contend that Defendant Kordic committed contributory

24  copyright infringement, with direct infringement by the recipients of his email.  *Id.*

25  Plaintiffs have introduced no evidence that anyone – other than persons acting with

26  Plaintiffs' permission with regard to the Work (such as the person who allegedly

27  forwarded the Work to Plaintiff Russell) – reproduced or distributed the Work after

28  receiving it from Kordic.  As a result, there is no direct infringer and Plaintiffs'

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA  90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

1    Third and Fourth Claims for contributory infringement fail as a matter of law.[5]  As

2    there is no direct infringement, there is no contributory infringement.

3    **D.**    **Plaintiffs Are Not Entitled To Statutory Damages**

4       Plaintiffs assert that they are entitled to statutory damages because the Third

5    Edition, Fourth Edition, and Sixth Edition were registered prior to the alleged

6    infringement.  Mot. at 13-14.  Plaintiffs are not entitled to statutory damages (for

7    either willful or non-willful infringement) or attorney's fees for alleged

8    infringement of the Work.  In order to recover statutory damages and attorney's

9    fees, a copyright plaintiff must have registered the work with the copyright office

10    prior to the infringement.  17 U.S.C. § 412(2) ("no award of statutory damages or

11    of attorney's fees, as provided by sections 504 and 505, shall be made for ... (2) any

12    infringement of copyright commenced after first publication of the work and before

13    the effective date of its registration, unless such registration is made within three

14    months after the first publication of the work.").  Statutory damages include a sum

15    of between $750 to $30,000 for non-willful infringement and a sum of not more

16    than $150,000 for willful infringement.  17 U.S.C. § 504(c)); *see also* NIMMER ON

17    COPYRIGHT, § 7.16[C][1][b].

18       Plaintiffs created and copyrighted the Work in 2010.  They began distributing

19    the Work in 2011 but it was not registered with the Copyright Office until June 26,

20    2012, several weeks after the allegedly infringing activity.  The allegedly infringing

21    conduct occurred on June 12-15, 2012.  As the registration on June 26, 2012 with

22    Registration Number TXu001811639 was more than three months after the first

23    publication of the Work in 2010 and after the alleged infringement, statutory

24    damages (including damages for willful infringement) and attorney's fees are not

25    available to Plaintiffs for the alleged infringement of the Work.

26       [5] Plaintiffs bring two claims for contributory infringement -- their Third and

27    Fourth Claims -- that aver contributory infringement of the Third Edition, Fourth

     Edition, Sixth Edition, and the Work.  In their Motion, however, it appears that

28    Plaintiffs solely focus on contributory infringement of the Work.  Mot. at 12-13.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

21

1    Similarly, Plaintiffs are not entitled to statutory damages for the infringement

2    of the Prior Works.  While the Third Edition, Fourth Edition, and Sixth Edition may

3    have been copyrighted prior to the alleged infringement of the Work, as explained

4    above, Plaintiffs have not proven ownership of these Prior Works, nor have they

5    proven that these Prior Works are incorporated into the Work.

6    **E.    Defendants Have Not Committed Willful Infringement**

7    In the copyright infringement context, "willful" means acting with

8    knowledge that one's conduct constitutes copyright infringement.  17 U.S.C.

9    § 504(c)(2); *Dolman v. Agee*, 157 F.3d 708, 715 (9th Cir. 1998).  "Neither the

10   Copyright Act or its legislative history defines "willful". However, it seems clear

11   that as here used willfully means with knowledge that the defendant's conduct

12   constitutes copyright infringement."  *Peer Int'l Corp. v. Pausa Records, Inc.*, 909

13   F.2d 1332, 1336 n.3 (9th Cir. 1990) (citation and quotation marks omitted).  *See*

14   *also* NIMMER ON COPYRIGHT § 14.04[B][3][a] at 14-77 (2012) ("'willfully' means

15   with knowledge that the defendant's conduct constitutes copyright infringement").

16   "To prove willfulness under the Copyright Act, the plaintiff must show

17   (1) that the defendant was actually aware of the infringing activity, or (2) that the

18   defendant's actions were the result of 'reckless disregard' for, or 'willful blindness'

19   to, the copyright holder's rights."  *Louis Vuitton Malletier, S.A. v. Akanoc*

20   *Solutions, Inc.*, 658 F.3d 936, 944 (9th Cir. 2011), *citing, Island Software &*

21   *Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005).

22   Plaintiffs contend that Defendants willfully infringed their copyright based

23   on the distribution of the Work.  Mot. at 15.  As explained above, Plaintiffs are not

24   entitled to statutory damages for any alleged infringement of the Work because the

25   alleged infringement occurred prior to the registration of the copyright.  Thus,

26   willful infringement, if any, must derive from the alleged infringement of the Third,

27   Fourth, or Sixth Editions.

28

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

1    There is no willful conduct as to the purported Prior Works.  Defendants

2    Kordic and Vollandt were unaware of the existence of the purported Prior Works

3    until Plaintiffs sought leave to file an Amended Complaint.  The notice of copyright

4    in the Work, which Defendants did not see, did not indicate that the copyright in the

5    Work was derivative of other copyrights, nor did it state that the Third, Fourth, and

6    Sixth Editions were copyrighted.  The notice simply afforded notice of the 2010

7    copyright, which was registered in 2012, for which statutory damages are not

8    available as a matter of law.  As a result, 17 U.S.C. § 401(c)'s prohibition of a

9    defense of innocent infringement does not apply.

10    Given that Defendants Kordic and Vollandt lacked notice of the copyrights in

11    the Third, Fourth, and Sixth editions, they lacked willful intent to infringe on the

12    Prior Works.  In addition, given that the Work was not registered as derivative,

13    Defendants Kordic and Vollandt were not willfully blind to the copyrights in the

14    Third, Fourth, and Sixth Editions.  Assuming, arguendo, that Plaintiffs can recover

15    statutory damages based upon the incorporation of the Third, Fourth, and Sixth

16    Editions into the Work, there is no willful conduct.

17    ### 1.    Defendant Vollandt Was Unaware Of The Infringement

18    Defendant Vollandt had no knowledge of Plaintiffs' copyright in the Work

19    prior to the alleged infringement.  Plaintiffs did not communicate to Defendant

20    Vollandt that they held a copyright that Defendant Vollandt was allegedly

21    infringing before she transmitted the Work to Defendant Kordic.  Plaintiffs did not

22    send a cease and desist letter, nor did they contact Defendant Vollandt through any

23    other means to inform Defendant Vollandt of their copyright in the Work.

24    "[E]vidence that notice had been accorded to the alleged infringer . . . is perhaps the

25    most persuasive evidence of willfulness."  *Chi-Boy Music v. Charlie Club, Inc.*, 930

26    F.2d 1224, 1227 (7th Cir. 1991) (quotation marks omitted).  Willful conduct

27    "classically arises when defendant ignores a warning letter sent by plaintiff's

28    counsel -- provided that the letter is sufficiently specific."  NIMMER ON COPYRIGHT

**DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT**

§ 14.04[B][3][a] at 14-79 (2012).  As no cease and desist letter was sent and no other communication went from Plaintiffs to Defendant Vollandt reporting the alleged infringement, Defendant Vollandt did not willfully infringe Plaintiffs' copyright.

### 2.    Defendant Kordic Was Unaware Of The Infringement

Defendant Kordic similarly had no knowledge of Plaintiffs' copyright in the Work prior to distributing copies of the Work.  Plaintiffs did not communicate to Defendant Kordic that they held a copyright that Defendant Kordic was allegedly infringing before he disseminated the Work.  Plaintiffs did not send a cease and desist letter, nor did they contact Defendant Kordic through any other means to inform Defendant Kordic of their copyright in the Work.  The communication by Bridget Brownell, who is not an author or copyright owner of the Work, is insufficient to constitute a cease and desist letter or notice to a potential infringer.

In addition, there should be no liability for Defendant Kordic's distribution of the Work to Plaintiff Russell.  Plaintiff Russell knowingly used a false identity to induce Defendant Kordic to distribute the Work.  She did so because she thought that revealing her true identity would prevent her from obtaining the work.  This falsehood prevents her from using the email as a basis for liability.  Furthermore, this evidence should be excluded as it was not lawfully obtained due to Plaintiff Russell's misrepresentation of her identity.  See, e.g., California Penal Code § 528.5 Impersonation through Internet Web site or by other electronic means proscribed.

Defendants Vollandt and Kordic were not aware that their activity constituted copyright infringement.  Plaintiffs did not send a cease and desist letter, nor did they contact Defendant Kordic through any other means to inform Defendant Kordic of their copyright in the Work.  Willful conduct "classically arises when defendant ignores a warning letter sent by plaintiff's counsel -- provided that the letter is sufficiently specific."  NIMMER ON COPYRIGHT § 14.04[B][3][a] at 14-79

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA  90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

1  (2012).  As no cease and desist letter was sent and no other communication went

2  from Plaintiffs to Defendant Kordic reporting the alleged infringement, Defendant

3  Kordic did not willfully infringe Plaintiffs' copyright.

4

5  **V.**   **CONCLUSION**

6       For the reasons set forth above, Defendants request that the Court deny

7  Plaintiffs' motion for partial summary judgment.

8

9

10                                          Respectfully submitted,

11  DATED:  January 17, 2014          **BAUTE CROCHETIERE & GILFORD LLP**

12                                     BY:   */s/ LAURA E. ROBBINS*          .___

13                                          MARK D. BAUTE
                                            LAURA E. ROBBINS

14                                     Attorneys for Defendants TIMOTHY KORDIC
                                       AND LORI VOLLANDT

**BAUTE CROCHETIERE & GILFORD LLP**
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225