1  **BAUTE CROCHETIERE & GILFORD LLP**
   MARK D. BAUTE - **State Bar No. 127329**
2  mbaute@bautelaw.com
   LAURA E. ROBBINS – **State Bar No. 234652**
3  lrobbins@bautelaw.com
   777 South Figueroa Street, Suite 4900
4  Los Angeles, California 90017
   Telephone: (213) 630-5000
5  Facsimile: (2130 683-1225

6
   Attorneys for Defendants
7  TIMOTHY KORDIC and LORI VOLLANDT

8              **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

10

11 JOHN T. FODOR, an individual; GUS | **Case No. CV12-08090 DMG (CWx)**
   T. DALIS, an individual; and SUSAN | [Assigned for the All Purposes to Hon.
12 C. GIARRATANO RUSSELL, an | Dolly M. Gee]
   individual,
13 | Complaint Filed:  September 19, 2012
                    Plaintiffs,
14 | **DEFENDANTS TIMOTHY**
       v. | **KORDIC'S AND LORI**
15 | **VOLLANDT'S REPLY IN**
   LOS ANGELES UNIFIED SCHOOL | **SUPPORT OF MOTION FOR**
16 DISTRICT, a public entity; LORI | **PARTIAL SUMMARY**
   VOLLANDT, an individual; | **JUDGMENT AND/OR SUMMARY**
17 TIMOTHY KORDIC, an individual; | **ADJUDICATION**
   and DOES 1 through 10, inclusive.
18 |
                    Defendants.
19 | **Hearing**
20 | **DATE:          February 28, 2014**
     | **TIME:                3:00 p.m.**
21 | **COURTROOM:    7**
22 | Trial Date:  May 6, 2014
     | PTC Date:    April 8, 2014
23

24

25

26

27

28

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

# TABLE OF CONTENTS

**Page(s)**

I.     INTRODUCTION .......................................................................1

II.    ARGUMENT      .......................................................2

    A.    Plaintiffs Did Not Directly Infringe The Work Or The Third, Fourth Or Sixth Editions ...................................................2

    B.    The Third, Fourth, And Sixth Editions Have Not Been Infringed Based Upon Their Incorporation Into The Work...........................4

    C.    Plaintiffs Cannot Meet Their Burden Of Proof That Defendants Are Liable For Contributory Infringement .....................................7

    D.    Plaintiffs Are Not Entitled To Statutory Damages .........................8

    E.    Defendants Have Not Committed Willful Infringement ................9

        1.    Defendant Vollandt Was Unaware Of The Infringement ...10

        2.    Defendant Kordic Was Unaware Of The Infringement ......11

III.    CONCLUSION      .......................................................12

**BAUTE CROCHETIERE & GILFORD LLP**
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000 Facsimile: (213) 683-1225

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Cavalier v. Random House, Inc.,* ,
   297 F.3d 815 (9th Cir. 2002)...................................................................3

*Chi-Boy Music v. Charlie Club, Inc.,*
   930 F.2d 1224 (7th Cir. 1991)...............................................................10

*DocMagic, Inc. v. Ellie Mae, Inc.,*
   745 F. Supp. 2d 1119 (N.D. Cal. 2010) ..................................................7

*Dolman v. Agee,*
   157 F.3d 708 (9th Cir. 1998)...................................................................9

*Express, LLC v. Forever 21, Inc.,*
   2010 U.S. Dist. LEXIS 91705 at *20 (C.D. Cal. Sept. 2, 2010)..............4

*Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.,*
   499 U.S. 340 (1991) .................................................................................7

*Funky Films, Inc. v. Time Warner Entm''t Co., L.P.,*
   462 F.3d 1072 (9th Cir. 2006)..................................................................3

*Island Software & Computer Serv., Inc. v. Microsoft Corp.,*
   413 F.3d 257 (2d Cir. 2005).....................................................................9

*Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.,*
   658 F.3d 936 (9th Cir. 2011)....................................................................9

*Peer Int'l Corp. v. Pausa Records, Inc.,*
   909 F.2d 1332 n.3 (9th Cir. 1990)............................................................9

*Russell v. Price,*
   612 F.2d 1123 (9th Cir. 1979)...............................................................4, 6

*Shaw v. Lindheim,*
   919 F.2d 1353 (9th Cir. Cal. 1990) .........................................................3

## Statutes

17 U.S.C. § 102(a)(1) ....................................................................................5

17 U.S.C. § 102(b) .........................................................................................5

17 U.S.C. § 401(c) .......................................................................................10

17 U.S.C. § 412(2) .........................................................................................8

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA. 90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

ii

17 U.S.C. § 504(c)(2) ......................................................................................... 9

17 USC § 410 ...................................................................................................... 4

37 CFR § 202.1(a) ............................................................................................... 5

37 CFR § 202.1(b) ............................................................................................... 5

California Local Rule 56-1 .................................................................................. 6

California Penal Code § 528.5 ........................................................................... 11

**Treatises**

Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT,
§ 7.16[B][5][B] ................................................................................................ 5

Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT,
§ 14.04[B][3][a] at 14-77 (2012) ...................................................................... 9

Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT,
§ 14.04[B][3][a] at 14-79 (2012) .............................................................. 10, 11

Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT,
§ 14.04[E][1][b] ................................................................................................ 6

**BAUTE CROCHETIERE & GILFORD LLP**
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

# I.   **INTRODUCTION**

Plaintiffs John T. Fodor ("Fodor"), Gus T. Dalis ("Dalis"), and Susan Giarratano Russell ("Russell") (collectively "Plaintiffs") seek to hold the defendants, Lori Vollandt and Timothy Kordic, responsible for the low volume of sales of their book, *Health Instruction in Schools, Planning, Implementing, and Evaluating* (the "Work").  They completed the Work in 2010.  The Work was apparently of so little significance or value that the Plaintiffs did not register a copyright in the Work until 2012, **after** Vollandt and Kordic allegedly distributed copies of the Work without permission.  Notably, when Plaintiffs finally registered the copyright in the Work, they did not disclose that the Work was derived from any prior works, nor does the copyright notice on the Work itself indicate that the Work is derived in any manner from any prior work.  It is undisputed that Defendant Kordic posted materials that he had received from his supervisor, Defendant Vollandt, to an educational listserv, not for profit.  The materials were in PDF format that could be freely forwarded and were not password protected.

Plaintiffs cannot obtain statutory damages for the alleged infringement of the Work itself because they did not bother to register a copyright for approximately two years after they published the Work.  Plaintiffs argue that they are entitled to statutory damages for willful infringement because the Work contains elements derived from prior versions for which copyright registrations were obtained prior to the alleged infringement by the Defendants.  At their deposition, the Plaintiffs were unable to provide any specific element of the Work that derived from earlier publications, stating only that the Work shares a common "rationale" with the earlier publications.

Plaintiffs attempt to confuse the issue by mischaracterizing the Defendants' motion as seeking summary judgment as to infringement of prior works as well as infringement of the Work.  In fact, this motion seeks merely to establish that, as a matter of law, Plaintiffs cannot recover for infringement of the Work.  Only after

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

1 this Motion had been filed and served did the Plaintiffs come up with evidence that

2 the Work is derived in part from prior publications and that Plaintiffs may recover

3 based on infringement of those prior works.

## II.    ARGUMENT

### A.    Plaintiffs Did Not Directly Infringe The Work Or The Third, Fourth Or Sixth Editions

Plaintiffs argue that Defendants concede that they distributed an exact copy of the Work, but in fact, Plaintiffs have failed to explain how the Work is identical to the materials distributed by either Vollandt or Kordic.  Plaintiffs fail to address the gaping hole in their argument, which is that neither Kordic nor Vollandt had access to the Third Edition, Fourth Edition or Sixth Edition.  Plaintiffs attempt to plug the hole by alluding to the **current** availability of the prior editions, but those arguments are unavailing where, as here, the prior editions were not available at the time of the alleged infringement.  Similarly, Plaintiffs' argument that there is a copyright notice on the first page of the Work misses the mark because there is no dispute that the only copyright notice on the face of the Work is for 2010.  There are no notices as to the Third Edition, Fourth Edition or Sixth Edition.  There are no references to those prior editions with the single copyright notice.  , to prove infringement.  Without proof of access to those prior editions, Kordic and Vollandt cannot be liable for infringement unless the materials they distributed are strikingly similar to the prior editions.  The Third Edition is facially distinct from the Work because it contains substantially different text and other elements.  Similarly, the Fourth Edition and the Sixth Edition are equally distinct from the Work as they contain different text and other elements.

Even assuming that Defendants somehow had access to the Third, Fourth, and Sixth Editions, they are not substantially similar to the Work.  Under the

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

1   extrinsic test, the Third, Fourth, and Sixth Editions are different from the Work

2   because they contain different protected elements.  "General plot ideas are not

3   protected by copyright law; they remain forever the common property of artistic

4   mankind."  *Funky Films, Inc. v. Time Warner Entm''t Co., L.P.*, 462 F.3d 1072,

5   1081 (9th Cir. 2006) (citation omitted).  "Copyright law protects an author's

6   expression; facts and ideas within a work are not protected."  *Shaw v. Lindheim*,

7   919 F.2d 1353, 1356 (9th Cir. Cal. 1990)  In evaluating a literary work, the

8   elements analyzed under the extrinsic test include the type of artwork involved, the

9   materials used, the subject matter, and the setting for the subject, plot, themes,

10  dialogue, mood, setting, pace, sequence of events, and characters.  Id. at 1357.

11  Here, the Amended Complaint fails to list any actual concrete elements common to

12  the Third, Fourth or Sixth Editions that appear in the Work.  At their depositions,

13  Plaintiffs explained that the Third, Fourth, and Sixth Editions and the Work share a

14  common rationale and method of organization that was developed for the First

15  Edition.  They failed to identify other protected elements that are subject to

16  copyright protection, such as textual passages.  The textual passages cited by

17  Plaintiffs in Exhibit 7 to Mr. Fodor's Declaration, which are not material facts as

18  they are not cited in the Statement of Undisputed Facts, interpreting the evidence in

19  the light most favorable to Defendants, are not sufficient to satisfy the extrinsic test.

20      Under the intrinsic test, the Third, Fourth, and Sixth Editions are sufficiently

21  distinct that "the ordinary reasonable audience" would not find them to be

22  "substantially similar in the total concept and feel of the works."  *Cavalier v.*

23  *Random House, Inc.,* , 297 F.3d 815, 822 (9th Cir. 2002).  As a result, they are not

24  substantially similar under either the intrinsic test or the extrinsic test.

25      Assuming arguendo that the Third, Fourth, and Sixth Editions are

26  substantially similar to the Work, there is no infringement of the prior works.

27  Plaintiffs conceded at their depositions that the rationale and organization of the

28  Prior Editions are common throughout all versions of the Work, beginning with the

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA  90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

First Edition.  Given that the First, Second, and Fifth Editions are not at issue in this action, Plaintiffs cannot seek to recover for the use of elements created and copyrighted in connection with these works.  As the structural and organizational elements are copyrighted in the First Edition, in which they first appear, they are original to the First Edition (not the Third, Fourth, or Sixth Editions).  It is only the new elements introduced in the Third, Fourth, and Sixth Editions that are protected under their derivative copyrights.  *Russell v. Price*, 612 F.2d 1123, 1128 (9th Cir. 1979) (stating that "a derivative copyright protects only the new material contained in the derivative work, not the matter derived from the underlying work").

**B.     The Third, Fourth, And Sixth Editions Have Not Been Infringed Based Upon Their Incorporation Into The Work**

The copyrights in the Third, Fourth, and Sixth Editions (along with the First, Second, and Fifth editions) are not infringed based upon these Prior Works' incorporation into the Work.  Plaintiffs did not register the Work as derivative. Registration creates a rebuttable presumption of the validity of a copyright.  17 USC § 410 ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate").  The registration of the Work thus creates a presumption that the Work is an original work, independent of the Prior Works.  See *Express, LLC v. Forever 21, Inc*., 2010 U.S. Dist. LEXIS 91705 at *20 (C.D. Cal. Sept. 2, 2010) (noting that failure to identify on copyright registration that material is derived from pre-existing works can be grounds for granting summary judgment against copyright owner).  Plaintiffs cannot have not raised a genuine issue of material fact that rebuts the presumption that the Work is an independent creation, not derived from the Prior Works.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA. 90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

1   The Plaintiffs' explanation of how the Prior Works are incorporated into the

2   Work reveals that the copyrights in the Third, Fourth, and Sixth Editions are not

3   infringed based on any alleged infringement of the Work.  Plaintiffs' deposition

4   testimony demonstrates that they viewed the Work as independent, without any

5   elements of the Prior Works.  The only commonalities the Plaintiffs testified to are

6   the rationale and method of organization.  Those "ideas, plans, methods, systems,

7   or devices, as distinguished from the particular manner in which they are expressed

8   or described in a writing," are not subject to copyright.   37 CFR § 202.1(b).

9   Incorporation of ideas of this nature into a Work is not protected.  *Id.*

10   In addition, Plaintiff Russell testified that a sub-heading was incorporated

11   verbatim into the Work.  Incorporation of headings, as short phrases, are not subject

12   to copyright protection.  37 CFR § 202.1(a).

13   Copyright expression extends to "original works of authorship fixed in any

14   tangible medium of expression, now known or later developed, from which they

15   can be perceived, reproduced, or otherwise communicated."  17 U.S.C. § 102(a)(1).

16   "In no case does copyright protection for an original work of authorship extend to

17   any idea, procedure, process, system, method of operation, concept, principle, or

18   discovery, regardless of the form in which it is described, explained, illustrated, or

19   embodied in such work."  17 U.S.C. § 102(b).  Therefore, incorporation of the

20   "rationale" and "organization" of the Prior Works is insufficient, as a matter of law,

21   to establish infringement of those Prior Works merely by distributing a copy of the

22   Work.  "Rationale" and "organization" cannot be protected under the Copyright

23   Act.  *See also* Melville B. Nimmer & David Nimmer, Nimmer on Copyright

24   ("Nimmer"), § 7.16[B][5][B] (If "the materials copied from the derivative work

25   consist only of the newly added components . . . . registration of the underlying

26   work alone cannot suffice to support a complaint against copying of only those

27   separate elements that went into creation of the derivative work")  Here, Plaintiffs

28   do not allege any copying of specific elements in the Third, Fourth, or Sixth

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

5
**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**
166844.1

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000 Facsimile: (213) 683-1225

Editions, so the prior registration of any of those Prior Works could not support a claim of infringement based on distribution or sales of copies of the Work.

The comparison chart offered as Exhibit 7 to John Fodor's declaration contains alleged comparisons between the Work and the Third, Fourth, and Sixth Editions. The passages, however, are not cited in the Plaintiffs' Separate Statement. As a result, they are not material facts that should be considered in opposition to the Defendants' Motion. See Central District of California Local Rule 56-1 (the Statement of Uncontroverted Facts and Conclusions of Law "shall set forth the material facts as to which the moving party contends there is no genuine dispute.") Furthermore, Plaintiffs failed to mention these alleged comparisons at their depositions. In addition, these alleged comparison passages are insufficient to create substantial similarity. For instance, Plaintiffs assert that an excerpt from the Preface of the Third Edition, Fourth Edition, Sixth Edition, and the Work "provides an accurate representation of the substantial similarities between each Edition." Pltffs' Mot. at 9. Any elements, such as structure or organization, that originated with the First Edition are not infringed. *Russell*, 612 F.2d at 1128. Interpreting the evidence in the light most favorable to Plaintiffs, there is no similarity of expression nor of other protected elements, and elements original to the Third, Fourth, and Sixth Editions are not infringed. Thus, as a matter of law, incorporation of elements of the Third, Fourth, and Sixth Editions does not give rise to infringement of those Prior Works.

Even if there is some sort of infringement of the Third, Fourth, and Sixth Editions for which Plaintiffs can recover statutory damages, they can only recover one award of statutory damages. Nimmer, § 14.04[E][1][b] ("That is, in determining whether more than one "work" has been infringed for the purpose of multiple statutory damages awards, 'all the parts of a compilation or derivative work constitute one work'").

1    Finally, Plaintiffs' reliance on *Feist Publications, Inc. v. Rural Tel. Serv. Co.,*

2    *Inc.*, 499 U.S. 340 (1991) is misplaced.  Unlike *Feist*, the Work is not a factual

3    compilation.  Moreover, Plaintiffs argue that the original rationale, structure or

4    premise for a work, carried through each edition, is protectable.  That argument

5    runs aground on the facts here, where the "original rationale", including

6    organization of individual chapters, selection and arrangement of pre-existing

7    research and outside sources, derives from the **First Edition**, which is not at issue

8    in this case.

9    **C.    Plaintiffs Cannot Meet Their Burden of Proof That Defendants Are**

10   **Liable For Contributory Infringement**

11   Plaintiffs raise no issue of fact that would defeat summary judgment against

12   them on their contributory infringement claim.  The evidence presented by the

13   Plaintiffs (Pltffs' UF 119) does not show any recipient forwarded a copy to any

14   third party.  To the extent that purported distribution to a third party is the basis of

15   Plaintiffs' contributory infringement theory, it fails as a matter of law, because

16   Plaintiffs fail to present any evidence that any of the Defendants was aware of the

17   supposed direct infringement.  See *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp.

18   2d 1119, 1148-1149 (N.D. Cal. 2010) (contributory copyright infringement requires

19   knowledge of infringement by a direct infringer and material contribution to the

20   direct infringement).  Furthermore, Plaintiffs fail to offer any evidence that the copy

21   of the Work that Vollandt sent to Kordic was substantially similar to their

22   copyrighted Work.

23   Moreover, Plaintiffs offer no admissible evidence that Defendant Kordic

24   contributorily infringed based on direct infringement by any recipients of his email.

25   *Id*.  Plaintiffs have introduced no evidence that anyone – other than persons acting

26   with Plaintiffs' permission with regard to the Work (such as the person who

27   allegedly forwarded the Work to Plaintiff Russell) – reproduced or distributed the

28   Work after receiving it from Kordic.  As a result, there is no direct infringer and

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA  90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

1   Plaintiffs' Third and Fourth Claims for contributory infringement fail as a matter of

2   law.  As there is no direct infringement, there is no contributory infringement.

3

4   **D.    Plaintiffs Are Not Entitled To Statutory Damages**

5          Plaintiffs assert in both their opposition to Defendants' motion and in their

6   own motion that they are entitled to statutory damages because the Third Edition,

7   Fourth Edition, and Sixth Edition were registered prior to the alleged infringement.

8   Mot. at 13-14; Opp. at 17-18.  Statutory damages (for either willful or non-willful

9   infringement) and attorney's fees are available only if a copyright plaintiff

10  registered the work with the copyright office prior to the infringement.  17 U.S.C. §

11  412(2) ("no award of statutory damages or of attorney's fees, as provided by

12  sections 504 and 505, shall be made for ... (2) any infringement of copyright

13  commenced after first publication of the work and before the effective date of its

14  registration, unless such registration is made within three months after the first

15  publication of the work.").

16         Plaintiffs created and copyrighted the Work in 2010.  They began distributing

17  the Work in 2011 but it was not registered with the Copyright Office until June 26,

18  2012, **after** the alleged infringing activity of June 12-15, 2012.  As the registration

19  on June 26, 2012 with Registration Number TXu001811639 was more than three

20  months after the first publication of the Work in 2010 and after the alleged

21  infringement, Plaintiffs cannot recover statutory damages or attorney's fees for the

22  alleged infringement of the Work.

23         Similarly, Plaintiffs are not entitled to statutory damages for the infringement

24  of the Prior Works.  While the Third Edition, Fourth Edition, and Sixth Edition may

25  have been copyrighted prior to the alleged infringement of the Work, as explained

26  above, Plaintiffs have not raised a genuine issue of fact as to either their ownership

27  of these Prior Works or the incorporation of protectable elements of the Prior

28  Works into the Work.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA  90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

**E.     Defendants Have Not Committed Willful Infringement**

"Willful" means acting with knowledge that one's conduct constitutes copyright infringement.  17 U.S.C. § 504(c)(2); *Dolman v. Agee*, 157 F.3d 708, 715 (9th Cir. 1998).  See also *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 n.3 (9th Cir. 1990) ("willfully means with knowledge that the defendant's conduct constitutes copyright infringement");  Nimmer § 14.04[B][3][a] at 14-77 (2012) (same).

"To prove willfulness under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights."  *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 944 (9th Cir. 2011), citing, *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005).

In their opposition to Defendants' motion as well as in their own motion for summary judgment, Plaintiffs contend that Defendants willfully infringed their copyright based on the distribution of the Work.  Pltffs Mot. at 15; Opp. at 19-23.  As explained above, Plaintiffs are not entitled to statutory damages for any alleged infringement of the Work because the alleged infringement occurred prior to the registration of the copyright.  Thus, willful infringement, if any, must derive from the alleged infringement of the Third, Fourth, or Sixth Editions.

There is no willful conduct as to the purported Prior Works.  Defendants Kordic and Vollandt were unaware of the existence of the purported Prior Works until Plaintiffs sought leave to file an Amended Complaint.  The notice of copyright in the Work, which Defendants did not see, did not indicate that the copyright in the Work was derivative of other copyrights, nor did it state that any prior editions were copyrighted.  It is undisputed that the only notice on the Work was of the 2010

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

copyright, which was not registered until 2012, several weeks after the alleged infringement. Thus, statutory damages are not available as a matter of law.[1]

Given that Defendants Kordic and Vollandt lacked notice of the copyrights in the Third, Fourth, and Sixth editions, they lacked willful intent to infringe on the Prior Works. In addition, given that the Work was not registered as derivative, Defendants Kordic and Vollandt were not willfully blind to the copyrights in the Third, Fourth, and Sixth Editions. Assuming, arguendo, that Plaintiffs can recover statutory damages based upon the incorporation of the Third, Fourth, and Sixth Editions into the Work, there is no willful conduct.

## 1. <u>Defendant Vollandt Was Unaware Of The Infringement</u>

Defendant Vollandt had no knowledge of Plaintiffs' copyright in the Work prior to the alleged infringement. Plaintiffs did not communicate to Defendant Vollandt that they held a copyright that Defendant Vollandt was allegedly infringing before she transmitted the Work to Defendant Kordic. Plaintiffs did not send a cease and desist letter until after the alleged infringement, nor did they contact Defendant Vollandt through any other means to inform Defendant Vollandt of their copyright in the Work. Plaintiffs offer no other evidence that Defendant Vollandt willfully infringed any copyright owned by the Plaintiffs. See *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1227 (7th Cir. 1991) (willfulness may be inferred from prior notice to the alleged infringer). Willful conduct "classically arises when defendant ignores a warning letter sent by plaintiff's counsel -- provided that the letter is sufficiently specific." Nimmer, § 14.04[B][3][a] at 14-79 (2012). As Plaintiffs sent no cease and desist letter or other communication to Defendant Vollandt reporting the alleged infringement, Defendant Vollandt did not willfully infringe Plaintiffs' copyright.

---

[1] As a result, 17 U.S.C. § 401(c)'s prohibition of a defense of innocent infringement also does not apply.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA. 90017
Telephone: (213) 630-5000   Facsimile: (213) 683-1225

## 2.   Defendant Kordic Was Unaware Of The Infringement

Defendant Kordic similarly had no knowledge of Plaintiffs' copyright in the Work prior to distributing copies of the Work.  Plaintiffs did not communicate to Defendant Kordic that they held a copyright that Defendant Kordic was allegedly infringing before he disseminated the Work.  Plaintiffs did not send a cease and desist letter, nor did they contact Defendant Kordic through any other means to inform Defendant Kordic of their copyright in the Work.  The communication by Bridget Brownell, who is not an author or copyright owner of the Work, is insufficient to constitute a cease and desist letter or notice to a potential infringer.

In addition, there should be no liability for Defendant Kordic's distribution of the Work to Plaintiff Russell.  Plaintiff Russell knowingly used a false identity to induce Defendant Kordic to distribute the Work.  She did so because she thought that revealing her true identity would prevent her from obtaining the work.  This falsehood prevents her from using the email as a basis for liability.  Furthermore, this evidence should be excluded as it was not lawfully obtained due to Plaintiff Russell's misrepresentation of her identity.  *See*, *e.g*., California Penal Code § 528.5 Impersonation through Internet Web site or by other electronic means proscribed.

Defendants Vollandt and Kordic were not aware that their activity constituted copyright infringement.  Plaintiffs did not send a cease and desist letter, nor did they contact Defendant Kordic through any other means to inform Defendant Kordic of their copyright in the Work.  Willful conduct "classically arises when defendant ignores a warning letter sent by plaintiff's counsel -- provided that the letter is sufficiently specific."  Nimmer, § 14.04[B][3][a] at 14-79 (2012).  As no cease and desist letter was sent and no other communication went from Plaintiffs to Defendant Kordic reporting the alleged infringement, Defendant Kordic did not willfully infringe Plaintiffs' copyright.

III.   **CONCLUSION**

For the reasons set forth above, Defendants request that the Court grant their motion for partial summary judgment.

Respectfully submitted,

DATED: January 31, 2014          **BAUTE CROCHETIERE & GILFORD LLP**

BY:  */s/ LAURA E. ROBBINS          .*
             MARK D. BAUTE
             LAURA E. ROBBINS
             Attorneys for Defendants TIMOTHY KORDIC
             AND LORI VOLLANDT

**BAUTE CROCHETIERE & GILFORD LLP**
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Telephone: (213) 630-5000  Facsimile: (213) 683-1225