ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
JESSICA A. WOOD - State Bar No. 269562
jwood@glaserweil.com
GLASER WEIL FINK JACOBS
  HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920

Attorneys for Plaintiffs
*John T. Fodor, Gus T. Dalis and*
*Susan C. Giarratano Russell*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHN T. FODOR, an individual; GUS T. DALIS, an individual; and SUSAN C. GIARRATANO RUSSELL, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> LORI VOLLANDT, an individual; TIMOTHY KORDIC, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO.: CV12-08090 DMG (CWx) <br><br> Hon. Dolly M. Gee <br><br> **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> DATE:     February 28, 2014 <br> TIME:     3:00 p.m. <br> ROOM:   7 <br><br> TRIAL DATE: May 6, 2014 |

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

852196

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................. 1

II.  ARGUMENT ....................................................................................... 2

   A.  Plaintiffs Have Satisfied Their Burden of Proof, and Defendants Have Failed to Satisfy Theirs. ................................................. 2

   B.  Defendants Should be Held Liable for Copyright Infringement Because They Distributed Identical or Substantially Similar Copies of the Books to Over 400 People Without Authorization. ....... 3

      1.  Plaintiffs Own the Copyrights to the Books. ............................. 4

         a.  Plaintiffs Own the Copyrights to the Current Edition ...... 4

         b.  Plaintiffs Own the Copyrights to the Sixth Edition. ........ 5

         c.  Plaintiffs Own the Copyrights to the Third and Fourth Editions. ................................................................. 6

      2.  Defendants Infringed Plaintiffs' Copyrights in the Books. ......... 8

         a.  Defendants Had Access to Plaintiffs' Books. ................. 8

         b.  Defendants Distributed Identical or Substantially Similar Copies of Plaintiffs' Books. ............................... 9

            (i)    Defendants Infringed the Copyrights to the Current Edition. ............................................ 9

            (ii)   The Current Edition is Derivative of the Previous Editions. .......................................... 11

            (iii)  Defendants Infringed the Copyrights to the Previous Editions when they Distributed the Current Edition. .......................................... 13

   C.  Defendants Should be Held Liable for Contributory Copyright Infringement Because They Materially Contributed to the Infringing Conduct of Others. ............................................. 15

   D.  Plaintiffs are Entitled to Statutory Damages. ...................... 17

   E.  Defendants' Infringement was Willful. .............................. 18

      1.  The "Innocent Infringer" Defense is Not Available to Defendants as a Matter of Law. .................................... 18

      2.  Plaintiffs Have Met Their Burden of Proving Willfulness. ....... 18

      3.  Defendants Cannot Meet Their Burden of Showing They Are Not Willful Infringers as a Matter of Law. ................ 20

         a.  Defendants Have Not Met Their Burden of Showing

i

They Had No Knowledge of Plaintiffs' Copyrights. ..... 20

b.   Defendants Cannot Meet Their Burden of Proving
they Had No Reason to Believe Their Acts
Constituted Infringement.................................................22

c.   Defendants Willfully Infringed the Previous Editions...23

III.   CONCLUSION ............................................................................24

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

852196

# TABLE OF AUTHORITIES

Page

# FEDERAL CASES

*A&M Records, Inc. v. Napster, Inc.*,
  239 F.3d 1004 (9th Cir. 2001) ................................................................. 16

*Anderson* v. Liberty Lobby, Inc.,
  477 U.S. 242 (1986) ................................................................................... 3

*Apple Computer, Inc. v. Microsoft Corp.*,
  35 F.3d 1435 (9th Cir. 1994) ................................................... 2, 9, 13, 17

*Asia Entertainment, Inc. v. Nguyen*,
  1996 WL 652767, *5 (C.D. Cal. Jun. 10, 1996) ....................................... 7

*Benay v. Warner Bros. Entm't, Inc.*,
  607 F.3d 620 (9th Cir. 2010) .................................................................. 10

*C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*,
  213 F.3d 474 (9th Cir. 2000) ............................................................... 2, 3

*Cavalier v. Random House, Inc.*,
  297 F.3d 815 (9th Cir. 2002) ............................................................. 9, 10

*Coogan v. Avnet, Inc.*,
  2005 WL 2789311, at *5 (D. Ariz. Oct. 24, 2005).................................. 22

*Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*,
  499 U.S. 340 (1991).................................................................................. 11

*Funky Films, Inc. v. Time Warner Entm't Co.*,
  462 F.3d 1072 (9th Cir. 2006) ................................................................. 4

*Gamma Audio & Video, Inc., v. Ean–Chea*,
  11 F.3d 1106 (1st Cir.1993).................................................................... 17

*Gasaway v. Nw. Mut. Life Ins. Co.*,
  26 F.3d 957 (9th Cir. 1994) ...................................................................... 3

*Greenwich Workshop, Inc. v. Timber Creations, Inc.*,
  932 F. Supp. 1210 (C.D. Cal. 1996) ................................................. 1, 11

*Hearst Corp. v. Stark*,
  639 F. Supp. 970 (N.D. Cal. 1986) ........................................................ 24

*InstantCert.com, LLC v. Advanced Online Learning*, LLC,
  2012 WL 3689498, *3 (D. Nev. Aug. 27, 2012) ...................................... 7

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

852196

*Intel Corp. v. Hartford Accident & Indem. Co.*,
   952 F.2d 1551 (9th Cir.1991) ............................................................................... 3

*Kouf v. Walt Disney Pictures & Television*,
   16 F.3d 1042 (9th Cir. 1994 .............................................................................. 10

*L.A. Printex Indus., Inc. v. Aeropostale, Inc.*,
   676 F.3d 841 (9th Cir. 2012) ............................................................................... 9

*Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*,
   345 F.3d 1140 (9th Cir. 2003) ............................................................................. 4

*Marcus v. Rowley*,
   695 F.2d 1171 (9th Cir. 1983) ........................................................................... 11

*Maverick Recording Co. v. Harper*,
   598 F.3d 193 (5th Cir. 2010) ............................................................................. 18

*Merch. Transaction Sys., Inc. v. Nelcela, Inc.*,
   2009 WL 2355807, at *3 (D. Ariz. July 28, 2009)........................................... 13, 17

*Metcalf v. Bochco*,
   294 F.3d 1069 (9th Cir. 2002) ...................................................................... 11, 12

*Montgomery v. Noga*,
   168 F.3d 1282 (11th Cir.1999) .......................................................................... 13

*Peer Int'l Corp. v. Pausa Records, Inc.*,
   909 F.2d 1332 (9th Cir. 1990) ........................................................................... 19

*Perfect 10, Inc. v. Talisman Commc'ns Inc.*,
   2000 WL 364813, at *4 (C.D. Cal. Mar. 27, 2000)........................................... 1, 19

*Phillips v. Beck*,
   2008 U.S. Dist. LEXIS 29039, at *5 (D. Haw. Apr. 9, 2008)................................ 8

*Range Rd. Music, Inc. v. E. Coast Foods, Inc.*,
   668 F.3d 1148 (9th Cir. 2012) ............................................................................. 4

*Reebok Int'l Ltd. v. Jemmett*,
   1990 WL 261362, at *4 (S.D. Cal. Oct. 4, 1990) .............................................. 19

*Safeair, Inc. v. Copa Airlines*,
   2006 WL 16339, at *4 (W.D. Wash. Jan. 3, 2006) ............................................ 18

*Satava v. Lowry*,
   323 F.3d 805 (9th Cir. 2003). ............................................................................ 11

*Seiler v. Lucasfilm, Ltd.*,
   808 F.2d 1316 (9th Cir. 1987) ............................................................................. 4

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

iv

*Shapiro, Bernstein & Co. v. 4636 S. Vermont Ave., Inc.,*
   367 F.2d 236 (9th Cir. 1966) ...................................................................... 23

*Three Boys Music Corp. v. Bolton,*
   212 F.3d 477 (9th Cir. 2000) ........................................................................ 8

*UMG Recordings, Inc. v. Disco Azteca Distributors, Inc.,*
   446 F. Supp. 2d 1164 (E.D. Cal. 2006) ...................................................... 19

*Universal City Studios v. Sony Corp. of America,*
   659 F.2d 963 (9th Cir.1981 ......................................................................... 24

*Urantia Found. v. Maaherra,*
   114 F.3d 955 (9th Cir. 1997) ........................................................................ 4

*Villiarimo v. Aloha Island Air, Inc.,*
   281 F.3d 1054 (9th Cir. 2002) .................................................................. 2, 3

*Warren v. Fox Family Worldwide, Inc.,*
   328 F.3d 1136 (quoting 17 U.S.C. § 501(b)) ............................................... 7

*Wildlife Express Corp. v. Carol Wright Sales, Inc.,*
   18 F.3d 502 (7th Cir.1994) ......................................................................... 21

## **FEDERAL STATUES**

17 United States Code § 101 .............................................................. 1, 11

17 United States Code § 106 ................................................................... 4

17 United States Code § 401(c) ................................................ 1, 4, 6, 18

17 United States Code § 501 ............................................................. 7, 24

17 United States Code §504(c)(1) ........................................................ 17

## **FEDERAL RULES**

Federal Rules of Civil Procedure § P. 56(a) ......................................... 3

## **OTHER AUTHORITIES**

2 Nimmer on Copyright § 7.16 [B][5][a]-[b] ........................ 2, 13, 15, 16, 17

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

852196

# I.   <u>INTRODUCTION</u>

This is a straightforward case of willful copyright infringement.  Plaintiffs have satisfied their burden of establishing the absence of a genuine issue of material fact as to each essential element of their claims.  Plaintiffs are the authors and owners of the copyrights to the Current Edition and each of the Previous Editions.  *See* Reply to Defendants' Statement of Genuine Issues in Response to Plaintiffs' Separate Statement of Undisputed Facts and Conclusions of Law in Support of Plaintiffs' Motion for Partial Summary Judgment ("UF") 1, 4-6, 8-10.  The Previous Editions are substantially similar to, and in some portions wholly incorporated into, the Current Edition.  UF 1, 4, 8, 12 (Fodor Decl., ¶ 4-7, 10, Ex. 1-4, 7).  As such, the Current Edition is a derivative work of the Previous Editions.  *See* 17 U.S.C. § 101; *see also Greenwich Workshop, Inc. v. Timber Creations, Inc*., 932 F. Supp. 1210, 1214 (C.D. Cal. 1996).

The Current Edition is clearly marked, "Copyright © 2010" and states, "No part of this publication may be reproduced . . . or transmitted in any form or by any means, electronic . . . or otherwise, without the prior written permission of the author."  UF 3; Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Opp.") 23:3-4.  Despite this fact, on June 12, 2012, Defendants distributed the Current Edition to over 400 people without authorization.  UF 18-20, 22-24.  Accordingly, Defendants willfully infringed Plaintiffs' copyrights in the derivative Current Edition and the underlying Previous Editions as a matter of law. *See* 17 U.S.C. § 401(c); see also *Perfect 10, Inc. v. Talisman Commc'ns Inc*., 2000 WL 364813, at *4 (C.D. Cal. Mar. 27, 2000).

In the face of this incontrovertible evidence, Defendants have resorted to mere conclusory allegations and uncorroborated self-serving testimony designed to do one thing – confuse the issues with irrelevant information to create the appearance of a genuine dispute.  But Defendants have failed.  As explained in detail below, Defendants' shotgun arguments are unpersuasive and insufficient to carry their

1

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1   burden of presenting significant probative evidence supporting their defense.  *C.A.R.*

2   *Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir.

3   2000) ("A motion for summary judgment may not be defeated, however, by evidence

4   that is 'merely colorable' or 'is not significantly probative.'"); *Villiarimo v. Aloha*

5   *Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (There is no "'genuine issue'

6   where the only evidence presented is 'uncorroborated and self-serving' testimony.")

7   Accordingly, this Court should hold that Defendants are liable for willful

8   infringement of Plaintiffs' copyrights in the Books.

9      In addition, Defendants' naked assertions that there is no contributory

10  infringement are also completely unsupported by facts or law.  Defendants sole

11  argument that Plaintiffs have failed to show any evidence of direct infringement is

12  plainly contradicted by the record because Kordic himself is a "primary" infringer at

13  Vollandt's control and direction. UF 18-20, 24.  Further, there is evidence in the

14  record showing that at least one recipient of the infringing copy on the LAUSD

15  Listserv forwarded it to a third party without permission from the authors (and likely

16  many more because sales of the e-book completely ceased after Kordic posted it to

17  the LAUSD Listserv). UF 112, 113.  Accordingly, Defendants should be held liable

18  for contributory infringement of the copyrights to the Books.

19     Lastly, because the Previous Editions, which are incorporated into the Current

20  Edition, were registered prior to Defendants' infringement, this Court should also

21  hold that Plaintiffs are entitled to statutory damages as a matter of law.  *See Apple*

22  *Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1447-48 (9th Cir. 1994); *see also* 2

23  Nimmer on Copyright § 7.16 [B][5][a]-[b].

24  **II.    ARGUMENT**

25       **A.    Plaintiffs Have Satisfied Their Burden of Proof, and Defendants**

26              **Have Failed to Satisfy Theirs.**

27     Summary judgment is appropriate when "there is no genuine dispute as to any

28  material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ.

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

P. 56(a).  "[T]he moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000).  "Once the moving party comes forward with sufficient evidence, 'the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense.'" *Id.* (quoting *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir.1991)).

"A motion for summary judgment may not be defeated, however, by evidence that is 'merely colorable' or 'is not significantly probative.'" *Id.* (quoting *Anderson* v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249.  "[A]n adverse party may not rest upon the mere allegations or denials of [its] pleadings." *Gasaway v. Nw. Mut. Life Ins. Co.*, 26 F.3d 957, 959-60 (9th Cir. 1994).  There is no "'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

As set forth in the Motion and below, Plaintiffs have provided sufficient evidence to establish the essential elements of each of their claims.  Defendants, however, have not produced any significant probative evidence in support of their defenses.  Rather, throughout their Opposition, Defendants consistently rely on mere allegations and uncorroborated and self-serving testimony to attempt to confuse the issues.  Accordingly, Defendants have failed to satisfy their burden of providing sufficient evidence for a jury to return a verdict in their favor, and Plaintiffs' Motion should be granted.

**B.**   **Defendants Should be Held Liable for Copyright Infringement Because They Distributed Identical or Substantially Similar Copies of the Books to Over 400 People Without Authorization.**

To establish copyright infringement, a plaintiff "must demonstrate '(1)

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1153-54 (9th Cir. 2012) (quoting *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006). "The word 'copying' is shorthand for the infringing of any of the copyright owner's six exclusive rights, [such as the right (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; or (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending.]" *Id.*; *see also* 17 U.S.C. § 106.

### 1. **Plaintiffs Own the Copyrights to the Books.**

#### a. **Plaintiffs Own the Copyrights to the Current Edition.**

"Section 410(c) makes the copyright certificate prima facie evidence of 'the validity of the copyright and of the facts stated in the certificate.'" *Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316, 1321 (9th Cir. 1987) (quoting 17 U.S.C. § 401(c)). Plaintiffs are the authors and registered owners of the copyrights to the Current Edition, which was registered with the U.S. Copyright Office on June 26, 2012.  UF 1.  Accordingly, Plaintiffs' ownership and the validity of the copyrights to the Current Edition are presumed.

Defendants argue that because Fodor, a non-attorney who registered the Current Edition with the Copyright Office via LegalZoom, did not indicate that the Current Edition was a derivative work, this somehow renders the registration invalid. Opp. 12:3-16.  But Defendants' argument is meritless.  Defendants' sole authority for this proposition is a case from 1980 in the Southern District of New York.  And the Ninth Circuit has repeatedly made clear that "inadvertent mistakes on registration certificates do not invalidate a copy-right and thus do not bar infringement actions, unless . . . the claimant intended to defraud the Copyright Office by making the misstatement." *Urantia Found. v. Maaherra*, 114 F.3d 955, 963 (9th Cir. 1997); *see also Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140 (9th Cir. 2003)

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

852196

(copyright claimant did not intend to defraud the Copyright Office by failing to identify preexisting works incorporated into Victorian Tiffany table lamp).

Defendants have not set forth *any evidence* showing that Plaintiffs intended to defraud the Copyright Office, as there is none.  *See* UF 1.  Rather, Fodor worked with LegalZoom to register the Current Edition in good faith, and any potential mistake was inadvertent.  UF 110.  Accordingly, the registration for the Current Edition is valid and there is no bar to Plaintiffs' infringement suit.

### b.    Plaintiffs Own the Copyrights to the Sixth Edition.

Plaintiffs are also the authors and owners of the copyrights to the Sixth Edition. UF 4.  On June 21, 2002 Kendall/Hunt Publishing Company registered the Sixth Edition with the U.S. Copyright Office.  UF 5.  It then assigned the copyrights to Plaintiffs on October 2, 2007.  UF 6.  Accordingly, Plaintiffs' ownership and the validity of the copyrights to the Sixth Edition are presumed.

Defendants argue that Plaintiffs failed to establish ownership of the copyrights to the Sixth Edition because "the purported assignment is limited and Kendall/Hunt Publishing Company retained rights under it."  Opp. 12:17-24.  But this vague and conclusory allegation is insufficient to create a genuine dispute and is nonetheless incorrect as a matter of law.  The assignment agreement states that Kendall/Hunt Publishing transferred to Plaintiffs the "exclusive copyright, and all interest" in the Sixth Edition.  UF 6.  Kendall/Hunt merely retained a "nonexclusive license" to sell off its remaining inventory, as is typical in the publishing industry.  And Defendants have provided no evidence or legal authority that Kendall/Hunt retained an ownership interest in the Sixth Edition, as there is none.  UF 6.  Accordingly, the assignment validly transferred ownership of the copyrights to Plaintiffs.

Defendants also argue that Plaintiffs failed to establish ownership of the copyrights to the Sixth Edition because the "transfer by written agreement" to Kendall/Hunt, referenced in the copyright registration certificate, was not produced. Opp. 12:24-28.  But Defendants are wrong as a matter of law.  "Section 410(c) makes

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

5

852196

the copyright certificate prima facie evidence of 'the validity of the copyright *and of the facts stated in the certificate*.'" *Seiler*, 808 F.2d at 1321 (quoting 17 U.S.C. § 401(c)) (emphasis added).  That Kendall/Hunt "obtained ownership of the copyrights by written agreement" is a fact stated in the certificate.  It is therefore presumed valid, and Defendants have, once again, provided no evidence to rebut this presumption. Accordingly, as both of Defendants' arguments fail as a matter of law, there is no genuine issue as to Plaintiffs' ownership of the copyrights to the Sixth Edition.

### c.    **Plaintiffs Own the Copyrights to the Third and Fourth Editions.**

Plaintiffs Fodor and Dalis are also the authors and owners or beneficial owners of the copyrights to the Fourth Edition and the Third Edition.  UF 8.  Lea & Febiger publishing company registered the Fourth Edition and the Third Edition with the U.S Copyright Office on July 3, 1989 and March 10, 1981, respectively.  UF 9.  Lea & Febiger later became Williams & Wilkins, which then assigned all copyrights to Fodor and Dalis on December 20, 1999.  UF 10.  Accordingly, Plaintiffs' ownership and the validity of the copyrights to the Fourth Edition and the Third Edition are presumed.

Defendants argue that because Plaintiffs' publisher, Lea & Febiger, registered the copyrights to the Third and Fourth Editions, Plaintiffs "lack personal knowledge of what was deposited with the U.S. Copyright Office along with the application for registration."  Opp. 13:3-14.  But Defendants simply ignore the evidentiary statements in Fodor's Declaration.  Fodor states, "As the senior author of all of the Books, I was principally responsible for dealing with the publishers concerning registration and assignment of the copyrights for the Previous Editions of the Books."  Fodor Decl., ¶ 3.  He further states, based on personal knowledge, that the Third Edition and the Forth Edition were each "submitted to the copyright office with the registration application."  UF 8 (Fodor Decl., ¶ 6-7).  That the original copies of the deposits were unfortunately destroyed through no fault of Plaintiffs does not prevent Plaintiffs from

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1    pursuing their claims.  UF 8 (Van Loon Decl., ¶ 3, Ex. 3); s*ee Seiler*, 808 F.2d at

2    1319; *see also InstantCert.com, LLC v. Advanced Online Learning*, LLC, 2012 WL

3    3689498, *3 (D. Nev. Aug. 27, 2012).  And Defendants' unsubstantiated allegations

4    are insufficient to rebut this evidence or create a genuine issue as a matter of law.  *See*

5    *e.g., Gasaway*, 26 F.3d at 959-60.

6         Defendants also argue that Plaintiffs failed to establish chain of title to the

7    Third and Fourth Editions because the assignment agreement is from "Lippincott

8    Williams & Wilkins," instead of just "Williams & Wilkins."  Opp. 13:15-25.  As an

9    initial matter, this corporate name change was merely the result of a merger between

10   J.B. Lippincott and Williams & Wilkins, so it has no effect on the copyrights owned

11   by the company.  UF 111; *see e.g., Asia Entertainment, Inc. v. Nguyen*, 1996 WL

12   652767, *5 (C.D. Cal. Jun. 10, 1996) (corporation that succeeds to assets of prior

13   entity retains ownership of copyrights).  Regardless, Lippincott Williams & Wilkins

14   registered the assignment with the Copyright Office and received a certificate of

15   recordation.  UF 10 (Fodor Decl., ¶ 9, Ex. 6).  Accordingly, the facts stated in the

16   certificate are presumed valid, and Defendants have not provided any evidence to

17   rebut this presumption.  *See Seiler*, 808 F.2d at 1321.

18        Lastly, even if there were any issues with the chain of title establishing

19   Plaintiffs' ownership of the copyrights to the Third and Fourth Editions, Plaintiffs

20   would still be able to maintain their claims against Defendants because Plaintiffs are

21   the beneficial owners of the copyrights to the Third and Fourth Editions.  "Under the

22   Copyright Act of 1976, "[t]he legal or beneficial owner of an exclusive right under a

23   copyright is entitled . . . to institute an action for any infringement of that particular

24   right committed while he or she is the owner of it.'"  *Warren v. Fox Family*

25   *Worldwide, Inc.*, 328 F.3d 1136, 1140 (quoting 17 U.S.C. § 501(b)).  "A 'beneficial

26   owner' for this purpose would include, for example, an author who had parted with

27   legal title to the copyright in exchange for percentage royalties based on sales or

28   license fees."  *Id.* at 1144.  Accordingly, as the authors of the Third and Fourth

Editions, Plaintiffs' ownership, whether legal or beneficial in nature, has been established.

**2.      Defendants Infringed Plaintiffs' Copyrights in the Books.**

"[P]roof of infringement involves fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'" *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000); *see also Range Rd. Music*, 668 F.3d at 1153-54.

**a.      Defendants Had Access to Plaintiffs' Books.**

Proof of access requires only a "reasonable opportunity" or "reasonable possibility" of viewing or copying the plaintiff's work.  *Three Boys,* 212 F.3d at 482. Reasonable access can be proven by establishing the plaintiff's work has been widely disseminated. *Id.*; *see also Phillips v. Beck*, 2008 U.S. Dist. LEXIS 29039, at *5 (D. Haw. Apr. 9, 2008).

Defendants admit Vollandt emailed a copy of the Current Edition to Kordic and instructed him to distribute it to the LAUSD Listserv mailing list.  UF 18.  Defendants further admit that Kordic emailed a copy of the Current Edition to the LAUSD Listserv mailing list.  UF 19.  Accordingly, Defendants' access to the Current Edition is undisputed.

In addition, there is a reasonable possibility that Defendants viewed the Previous Editions because Defendants are the coordinator and the project advisor for LAUSD's Health Education Programs, and the Previous Editions are a crucial resource on how health instruction is planned in schools.  UF 13-14, 20.  Defendants also had a reasonable opportunity to view the Previous Editions because each Edition has been widely disseminated through major online retailers including Amazon.com, Barnes&Noble.com, and Textbooks.com.  UF 7, 11.

Defendants claim they have never had access to the Previous Editions.  Opp. 14:9-13.  But in support, they cite no evidence and instead rely on "mere allegations" and "uncorroborated and self-serving testimony," which is insufficient to raise a

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

852196

genuine dispute as a matter of law.  *Villiarimo*, 281 F.3d at 1061 (There is no "'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony."); *see also Gasaway*, 26 F.3d at 959-60 ("[A]n adverse party may not rest upon the mere allegations or denials of [its] pleadings.").

Further, as explained in more detail below, the Current Edition is a derivative of the Previous Editions, as the content of the Previous Editions is largely incorporated into the Current Edition and they contain many identical or substantially similar portions.  UF 1, 4, 8, 12 (Fodor Decl., ¶ 4-7, 10, Ex. 1-4, 7).  So because Defendants had access to the Current Edition, they also necessarily had access to the identical and substantially similar portions of the Previous Editions contained therein, which is sufficient to establish an infringement claim.  *See Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1448 (9th Cir. 1994) (finding that Apple could maintain infringement suit based on derivative and underlying work, for copied material that was incorporated from the underlying work, where Apple was author and copyright owner of both works).

Accordingly, whether based on the "wide dissemination" and "reasonable possibility" that Defendants had access to the Previous Editions, or on the Previous Editions' incorporation into the Current Edition, access is nonetheless established.

> **b.** **Defendants Distributed Identical or Substantially Similar Copies of Plaintiffs' Books.**
>
> **(i)** **Defendants Infringed the Copyrights to the Current Edition.**

To determine substantial similarity, courts in this circuit apply a two-part test. *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 848 (9th Cir. 2012).  "The 'extrinsic test' is an 'objective comparison of specific expressive elements'; it focuses on the 'articulable similarities' between the two works."  *Id.* (quoting *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002)).  "The 'intrinsic test' is a subjective comparison that focuses on 'whether the ordinary, reasonable audience'

9

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1   would find the works substantially similar in the total concept and feel of the works."

2   *Id.* (quoting *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir.

3   1994)).  "Under the 'inverse ratio' rule, if a defendant had access to a copyrighted

4   work, the plaintiff may show infringement based on a lesser degree of similarity

5   between the copyrighted work and the allegedly infringing work."  *Benay v. Warner*

6   *Bros. Entm't, Inc.*, 607 F.3d 620, 625 (9th Cir. 2010).

7        Defendants admit that Vollandt emailed a copy of the Current Edition to

8   Kordic and instructed him to distribute it to the LAUSD Listserv mailing list.  UF 18.

9   Defendants also admit that Kordic distributed the Current Edition to the LAUSD

10  Listserv mailing list, which included over 400 email addresses of health instructors

11  and other people related to the health education industry.  UF 19.

12       A cursory examination of the Current Edition distributed by Defendants and the

13  registration deposit for the Current Edition reveals that the two are not merely

14  substantially similar – *they are identical*.  UF 19 (Van Loon Decl., ¶ 12, Ex. 12); UF 1

15  (Fodor Decl., ¶ 4, Ex. 1).  Defendants argue that Plaintiffs "have failed to explain how

16  the two Works are identical."  Opp. 15:12-13.  But there is no other way to explain it

17  – they are identical; they are the same; they are exactly alike.  Defendants also argue

18  that "Plaintiffs have introduced no evidence that Defendant Vollandt distributed a

19  copy of the Work that is identical to the Work."  Opp. 15:14-15.  But Defendants

20  already admitted this fact in response to Plaintiffs' interrogatories and requests for

21  admission, and they did not even dispute it in their response to Plaintiffs' Separate

22  Statement of Undisputed Material Facts.  UF 18.  That Defendants would rely on such

23  frivolous arguments speaks volumes about the merits of their defense.

24       Finally, given that the Current Edition distributed by Defendants is identical to

25  the copyright registration deposit for the Current Edition, there can be no genuine

26  issue as to "whether the ordinary, reasonable audience would find the works

27  substantially similar in the total concept and feel of the works."  And Defendants'

28  argument that "the intrinsic test should only be applied by a jury" is specious and

852196

1    incorrect as a matter of law. *See, e.g., Marcus v. Rowley*, 695 F.2d 1171, 1179 (9th

2    Cir. 1983) (reversing district court's decision, granting summary judgment against

3    defendant school teacher for copyright infringement of educational materials, and

4    remanding case for determination of damages). Accordingly, Defendants infringed

5    the copyrights to the Current Edition.

6                 **(ii)**      **The Current Edition is Derivative of the Previous**

7                           **Editions.**

8        "A work consisting of editorial revisions, annotations, elaborations, or other

9    modifications which, as a whole, represent an original work of authorship, is a

10    'derivative work'. 17 U.S.C. § 101; *see also Greenwich Workshop, Inc. v. Timber*

11    *Creations, Inc*., 932 F. Supp. 1210, 1214 (C.D. Cal. 1996). "A factual compilation is

12    eligible for copyright if it features an original selection or arrangement of facts."

13    *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 350 (1991). "It is

14    true, of course, that a combination of unprotectable elements may qualify for

15    copyright protection." *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003).

16    "[P]rotectable expression includes the specific details of an author's rendering of

17    ideas, or the actual concrete elements that make up the total sequence of events."

18    *Metcalf v. Bochco*, 294 F.3d 1069, 1074 (9th Cir. 2002).

19        Each of the Previous Editions contains the same basic structure and general

20    content as the Current Edition, with some material merely being added, deleted, or

21    revised as new research and information regarding health education evolved over

22    time. UF 12 (Fodor Decl., ¶ 4-7, 10, Ex. 1-4, 7). The similarities in selection,

23    arrangement, and organizational structure of the Previous Editions and the Current

24    Edition are most readily apparent in the "Preface" sections of each work, which are

25    nearly identical. *Id.* In addition, the Current Edition and Previous Editions contain a

26    combination of similar chapter headings, subheadings, and titles. *Id.* The

27    organization within the chapters is also similar between the Current Edition and the

28    Previous Editions. *Id.* Likewise, there is original selection and arrangement of

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

research and outside sources in the Current Edition and the Previous Editions. *Id*. Further, identical or substantially similar graphics, charts, lists, and passages of text are found in the Previous Editions and the Current Edition. *Id*. Accordingly, the Current Edition is a quintessential derivative work of each of the Previous Editions.

Defendants argue that because Fodor, when registering the copyright for the Current Edition, inadvertently omitted that it was a derivative work, "the registration of the [Current Edition] as an original work that is independent of the Prior Works is presumed to be valid." Opp. 17:17-25. But even assuming *arguendo* that a court would apply such a presumption as a result of a *pro se* registrant's minor mistake, Plaintiffs have still provided more than enough evidence to rebut this presumption. UF 12 (Fodor Decl., ¶ 4-7, 10, Ex. 1-4, 7). As explained in detail above, the Current Edition is a quintessential derivative work regardless of any inadvertent omission in the copyright registration.

Defendants also argue that Fodor Declaration Exhibit 7, which provides charts comparing representative excerpts from the Current Edition and the Previous Editions, "cannot be considered in support of the Motion" because the passages are not included in the Separate Statement. Opp. 16:18-22; 19:14-20. But this argument is meritless and completely misunderstands the purpose of Exhibit 7. The passages quoted in Exhibit 7 are not "facts" subject to dispute. They are merely excerpts from other pieces of evidence properly submitted via the Fodor declaration (the Books), designed to aid the Court in its substantial similarity analysis. The actual evidence at issue is the Current Edition unlawfully distributed by Defendants and the copyright registration deposits for the Current Edition and each of the Previous Editions, all of which were referenced in the Separate Statement and properly authenticated and admitted via declaration. *See* UF 1, 4, 8, 12, 19 (Fodor Decl., ¶¶ 4-7, 10, Ex. 1-4, 7; Van Loon Decl., ¶¶ 12, Ex. 12). Accordingly, Defendants' argument is misplaced and the representative excerpts identified for the Court in Exhibit 7 are properly considered.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

852196

As demonstrated above and more fully in Plaintiffs' Motion, the Previous Editions are substantially similar to, and in some portions wholly incorporated into, the Current Edition.  UF 1, 4, 8, 12 (Fodor Decl., ¶ 4-7, 10, Ex. 1-4, 7).  As a result, the Current Edition is derivative of the Previous Editions.

### (iii)   Defendants Infringed the Copyrights to the Previous Editions when they Distributed the Current Edition.

By distributing the Current Edition, Defendants also infringed the copyrights to the Previous Editions as a matter of law.  As Professor Nimmer has explained:

> given that a derivative work by definition consists of matter that would be infringing if it had been derived from the pre-existing work without the copyright proprietor's consent, it follows analytically that the owner of a registered underlying work, in that capacity alone, should be able to maintain such a suit. So long as the infringement relates to material common to both the underlying and derivative work, the copyright owner can simply allege violation of the former.

2 Nimmer on Copyright § 7.16 [B][5][b]; *see also Merch. Transaction Sys., Inc. v. Nelcela, Inc.*, 2009 WL 2355807, at *3 (D. Ariz. July 28, 2009) ("[C]opying an unregistered derivative may give rise to liability based upon copyright registration of the underlying original work contained in the derivative.") (citations omitted); *see also Montgomery v. Noga*, 168 F.3d 1282, 1292 (11th Cir.1999) (where unregistered derivative of plaintiff's copyrighted work incorporated original source code from the registered work, defendants infringed plaintiff's copyright in the original by downloading and incorporating the derivative work).  Courts have found that this is especially true where, as here, Plaintiffs are the authors and owners of valid, subsisting copyrights in the derivative Current Edition and the underlying Previous Editions.  *See Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1448 (9th Cir. 1994) (finding that Apple could maintain infringement suit based on derivative and underlying work, for copied material that was incorporated from the underlying work,

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

13

852196

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1    where Apple was author and copyright owner of both works).

2    As explained above, there are many elements common to the derivative Current

3    Edition and underlying Previous Editions, including the same basic structure,

4    rationale, organization, combination and arrangement of content, and even specific

5    textual passages.  UF 1, 4, 8, 12 (Fodor Decl., ¶ 4-7, 10, Ex. 1-4, 7).  Accordingly,

6    Defendants' distribution of an identical copy of the Current Edition necessarily

7    included protected material from the Previous Editions.  And Defendants therefore

8    infringed Plaintiffs' copyrights in the Previous Editions as a matter of law.

9    Defendants argue, repeatedly, that because Plaintiffs testified during deposition

10   that the "rationale" and "organization" of the Previous Editions are incorporated into

11   the Current Edition, there can be no infringement of the Previous Editions based on

12   Defendants' distribution of the Current Edition because these types of expression are

13   not subject to copyright, and Plaintiffs have "failed to identify other protected

14   elements."  Opp. 16:1-18; 18:4-12; 18: 18-27, 19:1-13.  But Defendants are wrong on

15   both the law and the facts.

16   To begin with, "A factual compilation is eligible for copyright if it features an

17   original selection or arrangement of facts."  *Feist*, 499 U.S. at 350.  So the

18   "organization" (i.e., the original selection and arrangement of the facts) of the

19   Previous Editions is protected as a matter of law.  And "protectable expression

20   includes the specific details of an author's rendering of ideas."  *Metcalf*, 294 F.3d at

21   1074.  So the "rationale" of the Previous Editions, which is laid out in specific detail

22   not only in the Preface, but also throughout each Edition, is also protected.

23   In addition, the mere fact that Plaintiffs, as non-expert deponents, decided to

24   mention the "rationale" and "organization" of the Previous Editions as an example of

25   material that is incorporated into the Current Edition does not bind them to *only* those

26   elements at this stage.  As explained in detail above and also in Plaintiffs' Motion,

27   Plaintiffs have put forth ample evidence of additional protected elements of the

28   Previous Editions that are substantially similar to, if not wholly incorporated into, the

14

852196

1  Current Edition.  UF 1, 4, 8, 12 (Fodor Decl., ¶ 4-7, 10, Ex. 1-4, 7).

2      Further, Defendants' citation to Nimmer for the proposition that Plaintiffs'

3  claims as to the Previous Editions cannot be maintained based on infringement of the

4  Current Edition is inapplicable.  Opp. 19:1-9 (citing 2 Nimmer on Copyright §

5  7.16[B][5][B]).  In the circumstance described there, "the materials copied from the

6  derivative work consist *only* of the newly added components." *Id.* (emphasis added).

7  Here, however, the materials copied by Defendants consist of not only the newly

8  added components, but also the numerous other elements of the Prior Editions

9  identified by Plaintiffs, including the structure, rationale, organization, combination

10  and arrangement of content, and even specific textual passages.  UF 1, 4, 8, 12 (Fodor

11  Decl., ¶ 4-7, 10, Ex. 1-4, 7).

12      Finally, in response to Plaintiffs' detailed chart of representative excerpts

13  demonstrating the substantial similarity of protected portions of the Current Edition

14  and the Previous Editions, Defendants merely claim that "these alleged comparison

15  passages are, when viewed in the light most favorable to Defendants, insufficient to

16  create substantial similarity."  Opp. 19:22-23.  Such conclusory allegations are

17  insufficient to rebut the substantial evidence and analysis provided by Plaintiffs.  *See*

18  *Gasaway*, 26 F.3d at 959-60 ("[A]n adverse party may not rest upon the mere

19  allegations or denials of [its] pleadings."); *see also C.A.R. Transp. Brokerage Co.*,

20  213 F.3d at 480 ("A motion for summary judgment may not be defeated, however, by

21  evidence that is 'merely colorable' or 'is not significantly probative.'").

22      Accordingly, by unlawfully distributing the derivative Current Edition,

23  Defendants also infringed the copyrights to the underlying Previous Editions as a

24  matter of law.  *See, e.g., Apple Computer*, 35 F.3d at 1448.

25      **C.**    **<u>Defendants Should be Held Liable for Contributory Copyright</u>**

26          **<u>Infringement Because They Materially Contributed to the Infringing</u>**

27          **<u>Conduct of Others.</u>**

28  Plaintiffs have met their burden of showing that "[o]ne who, with knowledge of

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

15

852196

the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory infringer.'" *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019 (9th Cir. 2001). Defendants do not dispute that they had knowledge of the infringement or that they materially contributed to the infringement. Opp. 20:14-28. Rather, Defendants sole argument is that Plaintiffs failed to show evidence of direct infringement, which is flatly refuted by the record.

There is ample evidence showing that Kordic is a direct infringer at the control and direction of Vollandt. Defendants admit that Vollandt emailed Kordic a copy of the Current Edition and instructed him to post it to the LAUSD Listserv. UF 18. Kordic then distributed the Current Edition to the LAUSD listserv. UF 19. And Kordic never had permission to copy or distribute the Current Edition to anyone, let alone to over 400 people in the health education industry. UF 24. Accordingly, Kordic is a primary infringer and Vollandt is a contributory infringer.

Likewise, the record demonstrates that at least one recipient of the Current Edition via the LAUSD Listserv distributed it to a third party without permission from the authors. UF 112. Thus, said recipient is a direct infringer. Further, in Kordic's email, he knowingly induced, caused, and materially contributed to further infringement by any of the 400+ recipients by providing it for free to "Health Teachers" as "very crucial to how health instruction is planned in schools" with "great background information" and "key strategies." UF 20. As a result, sales of the electronic copy of the Current Edition came to a complete halt after Kordic distributed the infringing copy, which indicates that the Current Edition has been distributed by additional recipients of Kordic's email. UF 113. Accordingly, Kordic is also a contributory infringer.

Finally, because Defendants distributed identical copies of the derivative Current Edition which incorporates substantially similar portions of the underlying Previous Editions, they are also liable for contributory infringement of the Previous Editions as matter of law. *See* 2 Nimmer on Copyright § 7.16 [B][5][b]; *see also*

16

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

852196

1  *Merch. Transaction Sys.*, 2009 WL 2355807 at *3; *see also Apple Computer*, 35 F.3d

2  at 1448.

3       **D.     Plaintiffs are Entitled to Statutory Damages.**

4       Contrary to Defendants' contentions, Plaintiffs are entitled to attorneys' fees

5  and statutory damages because Defendants copied and distributed the Current Edition,

6  which incorporates substantially similar elements of the Previous Editions, which

7  were timely registered.  *See* 17 U.S.C. §504(c)(1); *see also* 2 Nimmer on Copyright §

8  7.16 [B][5][b].  In the Ninth Circuit, the general rule, that prior registration of the

9  underlying work gives rise to a claim of infringement based on the unauthorized

10 distribution of a derivative work, applies to impute remedies for infringement as well.

11 *See Apple Computer*, 35 F.3d at 1447-48 (citing *Gamma Audio & Video, Inc., v. Ean–*

12 *Chea*, 11 F.3d 1106, 1111-12 (1st Cir.1993) (because derivative works were

13 unregistered, exclusive licensee could recover statutory damages only if defendant's

14 unauthorized rental of derivative works also infringed licensee's rights in underlying

15 works); *see also* 2 Nimmer on Copyright § 7.16 [B][5][a]-[b] (concluding that

16 registration of the underlying work alone satisfies the claims-processing necessary to

17 recover attorneys' fees and statutory damages in suit for unauthorized reproduction of

18 the derivative work).

19      Here, the undisputed facts indicate that Defendants' infringement commenced

20 on June 12, 2012, when they distributed the Current Edition to the LAUSD Listserv

21 mailing list.  UF 18-19.  Accordingly, because each of the Previous Editions were

22 registered prior to the commencement of Defendants' infringement, there is no

23 question that Plaintiffs are entitled to recover statutory damages and attorneys' fees as

24 to the Previous Editions, should they so elect. UF 5, 9, 114.  Further, because

25 Defendants necessarily copied portions of the underlying Previous Editions when they

26 distributed the Current Edition, Plaintiffs are entitled to statutory damages and

27 attorneys' fees, if they so elect.

28

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

17

852196

**E.**     **Defendants' Infringement was Willful.**

    **1.**     **The "Innocent Infringer" Defense is Not Available to Defendants as a Matter of Law.**

Defendants' uncorroborated and self-serving claims that they had no knowledge of Plaintiffs' copyrights are unpersuasive and irrelevant because the work they admittedly copied is clearly marked with a copyright notice – a fact readily conceded by Defendants.  UF 3; Opp. 23:3-4.  When a copyright notice appears on a published work, "no weight shall be given to . . . a defense based on innocent infringement" as a matter of law.  17 U.S.C. § 401(c); *see also Safeair, Inc. v. Copa Airlines*, 2006 WL 16339, at *4 (W.D. Wash. Jan. 3, 2006) ("When a valid notice appears on published copies to which the defendant in an infringement suit had access, then no weight is given to the defendant's interposition of an innocent infringer defense.  As such, this Court finds that Copa's conduct in ignoring the Safeair copyrights was unreasonable and willful.") (citations omitted); *see also Maverick Recording Co. v. Harper*, 598 F.3d 193, 199 (5th Cir. 2010) (When proper notices affixed, "the infringer's knowledge or intent" is irrelevant, and innocent infringement defense is foreclosed "as a matter of law.").

Here, there is no dispute that the Current Edition is clearly marked, "Copyright © 2010" and states, "No part of this publication may be reproduced . . . or transmitted in any form or by any means, electronic . . . or otherwise, without the prior written permission of the author."  UF 3; Opp. 23:3-4.  Further, Defendants do not dispute they had access to the Current Edition, which they admittedly copied and distributed.  UF 18-19, 24.  In addition, Defendants necessarily copied portions of the underlying Previous Editions contained therein.  Therefore, as a matter of law, Defendants cannot assert a defense of "innocent" infringement.

    **2.**     **Plaintiffs Have Met Their Burden of Proving Willfulness.**

A plaintiff sustains its burden of proving willfulness "by showing [the] defendant knew or should have known it infringed [the plaintiff's] copyrights....

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

18

852196

1  Willful does not mean malicious, rather, it means with knowledge, whether actual or

2  constructive." *UMG Recordings, Inc. v. Disco Azteca Distributors, Inc*., 446 F. Supp.

3  2d 1164, 1173-74 (E.D. Cal. 2006) (citations omitted). Alternatively, willfulness is

4  shown where "the defendant recklessly disregarded the possibility that its conduct

5  represented infringement." *Id.* (citations omitted). "Willful blindness is knowledge,

6  in copyright law ... as it is in the law generally.... [A] deliberate effort to avoid guilty

7  knowledge is all the law requires to establish a guilty state of mind." *Id.* (citations

8  omitted). Where the relevant facts are admitted or otherwise undisputed, willfulness

9  can be appropriately resolved on summary judgment. *See Peer Int'l Corp. v. Pausa*

10  *Records, Inc*., 909 F.2d 1332, 1335-1336 (9th Cir. 1990).

11      As Defendants concede, the Current Edition contains a copyright notice. UF 3;

12  Opp. 23:3-4. It is clearly marked, "Copyright © 2010" and states, "No part of this

13  publication may be reproduced . . . or transmitted in any form or by any means,

14  electronic . . . or otherwise, without the prior written permission of the author." UF 3.

15  The Previous Editions also contain copyright notices. UF 11, 7, 3. This alone is

16  sufficient to support a finding of willfulness. *Perfect 10, Inc. v. Talisman Commc'ns*

17  *Inc*., 2000 WL 364813, at *4 (C.D. Cal. Mar. 27, 2000) ("Because of the clear

18  copyright notice in Perfect 10® Magazine…it is clear that Talisman must have known

19  that it was infringing Perfect 10's copyrights when it posted the photographs on the

20  Internet."). Defendants' unsubstantiated claims that they did not see the notice are

21  not a valid defense. Opp. 23:18-19, 24:6-7; *See Reebok Int'l Ltd. v. Jemmett*, 1990

22  WL 261362, at *4 (S.D. Cal. Oct. 4, 1990) (similarly obvious copyright notice

23  rendered defendant's contentions that he was unaware of the copyright

24  unconvincing).

25      In addition, LAUSD has issued numerous guidelines on copyright law and

26  expressly prohibits the unauthorized copying or distribution of copyrighted materials.

27  UF 15. And Defendant Vollandt is even a registered copyright owner herself. UF 26.

28  As a coordinator and a project advisor for the LAUSD Health Education Programs,

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

19

852196

Defendants were certainly aware of the protections afforded by the Copyright Act and the prohibition of mass distribution of copyrighted educational materials like the Current Edition.

Despite this fact, Defendants distributed the Current Edition to the LAUSD Listserv mailing list, which included over 400 email addresses of health instructors and other people related to the health education industry.  UF 18-19.  And as if that were not enough, even after one of the recipients of Defendants' email expressly informed them that "the authors have given no copyright release for LAUSD or anyone else to circulate the book in this manner," Defendants still distributed at least one more copy to someone else just a few days later.  UF 23.  Defendants' reckless disregard for Plaintiffs' rights is a textbook example of willful infringement.  Accordingly, Plaintiffs have satisfied their initial burden of proving willful infringement as a matter of law.

### 3. <u>Defendants Cannot Meet Their Burden of Showing They Are Not Willful Infringers as a Matter of Law.</u>

"To refute evidence of willful infringement, [a defendant] must not only establish its good faith belief in the innocence of its conduct, it must also show that it was reasonable in holding such a belief."  *Peer Int'l,* 909 F.2d at 1336.  In particular, Defendants have the burden under section 504(c)(2) of proving that they had no knowledge and no reason to believe that their acts constituted infringement.  *See Reebok*, 1990 WL 261362 at *4.  Defendants cannot meet their burden here.

#### a. <u>Defendants Have Not Met Their Burden of Showing They Had No Knowledge of Plaintiffs' Copyrights.</u>

Defendants cannot reasonably claim they did not see the copyright notice.  As the record shows, from a casual glance at the Current Edition, anyone would notice Plaintiffs' copyright notation featured *in bold text on page one* (where copyright notices are commonly found in books), constituting *the first line of text* in the entire work.  UF 3 (Fodor Decl., ¶ 4, Ex. 1).  Defendants admit they skimmed they work and

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

20

852196

recognized one of the authors.  Opp. 6:15-16, 7:20-21.  And the email sent by Defendant Kordic to the LAUSD Listserv contains a detailed description that "[i]t has some great background information, but also explains some key strategies and how to use them most effectively," which precludes a finding that Defendants' failed to look at the Current Edition closely enough to have seen the copyright notice.  UF 20. Further, Defendants reproduced the entire work, and the infringing copies distributed by Defendants *also contain Plaintiffs' copyright notice*.  UF 19 (Van Loon Decl., ¶ 12, Ex. 12).  Thus, Defendants were aware of, or recklessly disregarded, Plaintiffs' copyright notice.

In addition, as Defendants concede, evidence that notice had been accorded to Kordic before the specific acts found to have constituted infringement occurred is perhaps the most persuasive evidence of willfulness.  Opp. 23:24-25; *Safeair*, 2006 WL 16339, at *3 (citing *Wildlife Express Corp. v. Carol Wright Sales, Inc*., 18 F.3d 502, 511 (7th Cir.1994)).  Here, after one of the recipients of Defendants' email expressly informed Kordic that "the authors have given no copyright release for LAUSD or anyone else to circulate the book in this manner," Kordic simply ignored this warning, failed to perform even the most basic inquiry, and distributed another infringing copy to Dr. Russell a few days later.  UF 21-23.  Further, Defendants have provided no relevant authority for their one-liner position that Plaintiffs are somehow estopped from using this email as a basis for liability because Dr. Russell signed her email, Gail Tonkiss.  Opp. 24:17-18.  To the contrary, as the record demonstrates, the "From" line of Russell's email clearly shows it was sent from "Susan Russell", and the "To" line of Kordic's response email also lists "Susan Russell."  UF 117.  So even if Defendants' Penal Code reference were somehow relevant, it would still be inapplicable.

Lastly, Defendants claim that willfulness cannot be shown because Plaintiffs did not send a cease and desist letter prior to Defendants' infringement.  Opp. 23:21-25, 24:24-27.  But Defendants' are incorrect as a matter of law.  As explained above,

21

there is no question that Defendants had actual notice of Plaintiffs' copyrights based on the copyright notice on the Current Edition, and Plaintiffs are not required to send any further notice. *See Perfect 10, Inc.*, 2000 WL 364813 at *4. Accordingly, Defendants have failed to satisfy their burden of showing they had no knowledge of Plaintiffs' copyrights.

> **b.** **Defendants Cannot Meet Their Burden of Proving they Had No Reason to Believe Their Acts Constituted Infringement.**

None of the myriad irrelevant and unsubstantiated assertions found primarily in the "facts" section of Defendants' brief support a finding that Defendants' allegedly mistaken belief that the Current Edition was a "freely distributable" publication was reasonable. *See* Opp. 7; *see Coogan v. Avnet, Inc.*, 2005 WL 2789311, at *5 (D. Ariz. Oct. 24, 2005) (Infringement was willful because "even assuming that Defendant's mistaken belief as to the terms of the license was held in good faith, it was not reasonable.").

For example, Defendants cannot reasonably support their purported belief that the Current Edition was a "free educational pamphlet" based on its appearance, since it is a 254 page book and the subject line of the email sent out by Defendant Kordic to the LAUSD Listserv is "BOOK INFORMATION: Health Instruction in Schools." UF 20.

Further, Defendants have zero support for their naked assertion that they thought they had permission to distribute the Current Edition because it was distributed as an e-book and was not password protected. Opp. 7:5-7. "Password protection" is not a requirement for copyright protection and the lack thereof does not give Defendants permission to distribute the Books.

Moreover, Vollandt's feigned "uncertainty" as to how she received the Current Edition is hardly believable. Opp. 6:2-3. And Defendants' "suspicions" that they received a copy from Ric Loya are unsubstantiated and, in any event, irrelevant,

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP

because that would still not give Defendants authorization to copy and distribute it to anyone, let alone over 400 people.  *Id.*  Further, Defendants' claims that they thought they had permission to disseminate the Current Edition because one of the authors worked for the Los Angeles County Office of Education over a decade earlier are nonsensical.  Opp. 6:18-19.  Likewise, that Kordic and Dalis are both affiliated with the American Cancer Society does not, in any way at all, give Defendants permission to distribute the work. Opp. 7:23-25.

Further, Kordic did not act reasonably in "assuming it is legit" after being questioned about the copyright status of the Current Edition.  UF 21; *see Shapiro, Bernstein & Co. v. 4636 S. Vermont Ave., Inc.*, 367 F.2d 236, 238 (9th Cir. 1966) ("Although knowledge of lack of authorization is not required for a violation of the copyright law, appellee's president testified that he did not check the collection to see if there was a  copyright notice or publisher named (which there was not), did not ask Alan if he had authority to publish and sell the songs, and merely 'assumed' that Alan had authority.").

Defendants behavior is further unreasonable in light of their positions as administrators for LAUSD.  Defendants were certainly aware of the protections afforded by the Copyright Act and the prohibition of mass distribution of copyrighted educational materials like the Current Edition because LAUSD has issued numerous guidelines on copyright law and expressly prohibits the unauthorized copying or distribution of copyrighted materials on its network.  UF 15.  Defendant Vollandt is even a registered copyright holder herself.  UF 26.  Thus, Defendants' assertions are objectively unreasonable and insufficient to satisfy their burden of proving they had no reason to believe their acts constituted infringement as a matter of law.

c.     **Defendants Willfully Infringed the Previous Editions.**

Defendants' claims that they did not willfully infringe the Previous Editions because they lacked notice of the copyrights in the Previous Editions or notice that the Current Edition was a derivative are unsupported by facts and fail as a matter of law.

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

23

The Ninth Circuit has explained that it is not necessary that an infringer have actual knowledge that his conduct constitutes a copyright infringement. *Hearst Corp. v. Stark*, 639 F. Supp. 970, 979-80 (N.D. Cal. 1986). "It is only necessary that a copyright defendant have knowledge of the infringing *activity*." *Id;* (citing *Universal City Studios v. Sony Corp. of America*, 659 F.2d 963, 975 (9th Cir.1981)) (emphasis in original).

As explained above, Defendants intentionally copied and distributed the Current Edition which includes protectable elements from the underlying Previous Editions. Further, the Current Edition contains a copyright notice which put Defendants on notice that the contents therein were protected by copyright. Accordingly, Defendants had knowledge of their infringing activity as a matter of law.

## III.   <u>CONCLUSION</u>

For all the foregoing reasons, and the reasons stated in Plaintiffs' Motion, Plaintiffs respectfully requests that this Court grant partial summary judgment as to Defendants' liability for Copyright Infringement and Contributory Copyright Infringement under 17 U.S.C. § 501, *et seq.* Plaintiffs further request this Court to hold that Plaintiffs are entitled to recover statutory damages, should they so elect, and that Defendants' infringement was willful.

DATED:  January 31, 2014                    Respectfully submitted,

                                            GLASER WEIL FINK JACOBS
                                              HOWARD AVCHEN & SHAPIRO LLP


                                            By: */s/ Erica J. Van Loon*
                                            ERICA J. VAN LOON
                                            JESSICA A. WOOD
                                              Attorneys for Plaintiffs
                                              *John T. Fodor, Gus T. Dalis and*
                                              *Susan C. Giarratano Russell*

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

852196